1    Nathan J. Arnold, WSBA No. 45356
     Arnold & Jacobowitz PLLC
2    2701 First Avenue, Suite 200
     Seattle, WA 98121
3    (206) 799-4221
     nathan@CAJlawyers.com
4
     Simon Peter Serrano, WSBA No. 54769
5    Silent Majority Foundation
     5426 N. Rd. 68, Ste. D, Box 105
6    Pasco, WA 99301
     (530) 906-9666
7    pete@silentmajorityfoundation.org

8

9

10                **UNITED STATES DISTRICT COURT**
                  **EASTERN DISTRICT OF WASHINGTON**
11

12   Hanford Security Police Officers        )
     DAVID G. DONOVAN and                     )    **CASE NO. 4:21-cv-5148**
13   CHRISTOPHER J. HALL, United              )
     States Department of Energy employee     )    **COMPLAINT FOR**
14                                            )    **INJUNCTIVE AND**
     STEPHEN C. PERSONS, Safety Bases         )    **DECLARATORY RELIEF**
15   Compliance Officer THOMAS R.             )    **AND DAMAGES**
     ARDAMICA, *et al.*                       )
16                          Plaintiffs,       )
                                              )
17                                            )
     v.                                       )    **JURY DEMANDED**
18                                            )
19   BRIAN VANCE as Manager of the            )
     UNITED STATES DEPARTMENT                 )
20   OF ENERGY Hanford Site, VALERIE          )
     MCCAIN, as Vit Plant Project             )
21   Director, BECHTEL, SCOTT SAX as          )
     President and Project Manager of         )
22   CENTRAL PLATEAU CLEANUP                  )
     COMPANY, ROBERT WILKINSON                )
23   as President and Program Manager of      )
24   HANFORD MISSION INTEGRATED               )
25

COMPLAINT - 1

1    SOLUTIONS, LLC., DON HARDY as    )
     Manager of HANFORD    )
2    LABORATORIES MANAGEMENT    )
     AND INTEGRATION 222-S    )
3    LABORATORY MANAGER, HIRAM    )
     SETH WHITMER as President and    )
4    Program Manager, HPM    )
     CORPORATION, STEVEN ASHBY    )
5    as Laboratory Director, PACIFIC    )
     NORTHWEST NATIONAL    )
6    LABORATORY, JOHN    )
     ESCHENBERG as President and Chief    )
7    Executive Officer of WASHINGTON    )
     RIVER PROTECTION SOLUTIONS,    )
8    JOSEPH R. BIDEN, President of the    )
     United States of America.    )
9                          Defendants.    )
                                         )
10                                       )
     _____    )
11

12

13                    **INTRODUCTION**

14

15        1. Plaintiffs, workers at the Hanford Site (collectively "Employees") come to this

16   Court seeking relief regarding their imminent and wrongful termination.

17        2. Defendants are on notice that the Hanford Site will have insufficient workers,

18
     including Hanford Guards and other employees required to maintain a minimum safe
19
     ("min safe") work environment at the Hanford Site as of November 29, 2021, absent a
20
     change in position.
21

22        3. The Employees come to this Court seeking emergency relief, challenging

23
     Executive Order 14042 and Executive Order 14043 (the "Executive Orders") each on
24
     its face and as applied.
25

COMPLAINT - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4. The Employees further challenge the application of the Executive Orders by specific employers to each Plaintiff's individual situation.

## VENUE AND JURISDICTION

5. This Court has jurisdiction pursuant to 28 USC §§ 1331 & 1343.

6. Venue is proper in this Court where the Defendants reside in and/or act in their official capacities in the Eastern District of Washington pursuant to 28 USC § 1391. Each factor is located within this District as the United States Department of Energy Hanford Site is located in the Eastern District.

## PARTIES

*Defendants*

7. Defendant Brian Vance is the Manager of the United States Department of Energy ("DOE") Hanford Site ("Hanford Site").

8. Defendant Valerie McCain is the Vit Plant Project Director for Bechtel. Bechtel is a DOE prime contractor performing work at the Hanford Site.

9. Defendant Scott Sax is the President and Project Manager of Central Plateau Cleanup Company ("CPCCo"). CPCCo is a DOE prime contractor performing work at the Hanford Site.

10. Defendant Robert Wilkinson is the President and Program Manager of Hanford Mission Integrated Solutions, LLC. ("HMIS"). HMIS is a DOE prime contractor performing work at the Hanford Site.

COMPLAINT - 3

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

11. Defendant Don Hardy is the 222-S Laboratory Manager for Hanford Laboratories Management and Integration ("HLMI"). HLMI is a DOE prime contractor performing work at the Hanford Site.

12. Defendant Hiram Seth Whitmer is the President and Program Manager, HPM Corporation ("HPMC"). HPMC is a DOE prime contractor performing work at the Hanford Site.

13. Defendant Steven Ashby is the Laboratory Director, Pacific Northwest National Laboratory ("PNNL"). PNNL is managed and operated by Battelle Memorial Institute a prime DOE contractor.

14. Defendant John Eschenberg is the President and Chief Executive Officer of Washington River Protection Solutions ("WRPS"). WRPS is a DOE prime contractor performing work at the Hanford Site.

15. Defendant Joseph R. Biden is the President of the United States who issued Executive Orders 14042 and 14043.

*Plaintiffs*

16. David G. Donovan is a security police officer and a K9 handler for Hanford Patrol with HMIS and is the president of the Hanford Guards Union; he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

17. Christopher J. Hall is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no

COMPLAINT - 4

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation. Mr. Hall has natural immunity as he has contracted COVID-19.

18. Stephen C. Persons is an accountant with DOE, he has submitted a religious exemption, accepted by DOE, but has been provided no accommodation.

19. Thomas R. Ardamica is a safety bases compliance officer for WRPS, he submitted a medical exemption and a religious exemption. Mr. Ardamica's medical exemption was denied, but his religious exemption was accommodated, allowing him to work from home but subjecting Mr. Ardamica to weekly COVID-19 testing measures, masking restrictions while outside his dedicated telework location; these requirements exceed the exemption provided in the OSHA standards.

20. Jeff Ahlers is a Transportation for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has received no accommodation. Mr. Ahlers has a positive COVID-19 antibody test and is willing to adhere to social distance and mask-wearing requirements.

21. Cody Almquist is a senior health physics/radiological controls technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo but has received no accommodation.

22. Douglas Anderson is employed with Bechtel (WTCC), he has submitted a religious exemption, accepted by Bechtel, but has received no accommodation.

23. Cyrus Anderson is a systems engineer for WRPS, he has submitted a religious exemption, accepted by WRPS, but has received no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

24. Kevin Arena is a security police officer I for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

25. Miguel Arredondo is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

26. Don Baker is a senior radiological control technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

27. Daynna Coffey Ardamica is an administrator level II manager for WRPS, she submitted a religious exemption, which WRPS approved and included continued teleworking (which she has done successfully for 20 months), but required weekly COVID-19 testing at her personal time and expense, which fails to recognize the OSHA exemption for teleworkers.

28. Kora Bales is a security police officer with HMIS.

29. Tain Ballantyne is a security police officer III for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

30. Daniel Beam is a security police officer with HMIS.

31. Jess Bean is a worker at the Hanford Site and a laborer for the Local 348 at American Electric, has submitted a religious exemption but has been provided no accommodation.

32. Jared Betker is a security police officer III for HMIS, he has submitted a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

religious exemption, accepted by HMIS, but has been provided no accommodation.

33. William Bingham is a senior project manager for WRPS he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

34. Luis Blanco is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

35. Erik Bombard is a security police officer II/tactical response team member for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

36. James Booth is an engineering supervisor for Bechtel, he has submitted a religious exemption, accepted by the city, and has been provided a temporary teleworking accommodation through February 7, 2022.

37. Stephanie Boschert is a health physicist for WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

38. Bryan Brophy is a nuclear chemical operator for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation. Mr. Brophy tested positive for COVID-19 antibodies on August 27, 2021.

39. Luke Bultena is a security police officer III for HMIS, he has not submitted an exemption request.

40. I. C. is a security police officer II for HMIS, and has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

41. George Case is an operations specialist for Amentum (WRPS) and submitted a medical exemption, which was accepted by Amentum (WRPS), but has been provided no accommodation.

42. Rene Catlow is a risk management manager at CPCCo who initially sought a medical exemption, but her provider would not affirm, so she submitted a religious exemption, which was accepted by CPCCo, but she has been provided no accommodation. Ms. Catlow offered that she could telework full-time and complete weekly COVID-19 testing, and CPCCo denied the request.

43. Benjamin Chavez is a planning and scheduling manager for TerraGraphics, he has submitted a religious and a medical exemption, accepted by TerraGraphics, but has been provided no accommodation. Mr. Chavez has natural immunity as he had a severe battle with COVID-19 between August 2021 and November 2021.

44. Nick Chacon is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

45. Mary Christianson is a senior engineer for Bechtel, she has submitted a religious exemption, accepted by Bechtel, she has teleworked since March 2020, and her accommodation is continued telework with mandatory COVID-19 testing until February 2021, exceeding the OSHA standards.

46. Justin Clancy is a nuclear chemical officer with WRPS who had a severe adverse reaction to prior vaccines and submitted a medical exemption and has been

COMPLAINT - 8

advised by his doctor to not take the second shot, he has been provided no accommodation.

47. Todd Clark is a sheet metal worker for HMIS, he has sought a religious accommodation and offered to pay for testing, but he has been provided no accommodation.

48. Margaret Clark is a project support specialist for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

49. Becky Colborn works for HMIS and submitted religious exemption accepted by HMIS but has been provided no accommodation.

50. David Cole is a senior work planner for WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

51. Mary Cole is an operations support specialist for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

52. Dodd Coutts is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

53. James Cuevas is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

54. DawnLeigh Curtis is a nuclear chemical operator for WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation. Ms. Curtis can provide proof of a positive COVID-19 antibody test.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

55. Kelly Custer is a senior internal auditor for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

56. D. N. is a firefighter captain/EMT with HMIS; he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

57. Jeffrey Daniels is a project controls officer with the United States Department of Energy ("DOE"), he has submitted a religious exemption, accepted by DOE, but has been provided no accommodation.

58. Jamie Davies works for PNNL as a dosimetry technician; she has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation.

59. Scott Dawson is an industrial hygiene technician with WRPS; he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

60. Briana DeLine is a security police officer I with HMIS, she received both COVID-19 shots in April 2021, and has submitted an exemption request from future booster shots. HMIS informed Ms. DeLine that no prospective exemptions would be offered at this time.

61. Darryn DeLine is an industrial hygiene technician for WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

62. Drew Diedrich is an industrial hygiene technician for WRPS, he has

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

63. John Doell is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

64. Jake Domit is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

65. Steve Donaldson is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted, and HMIS provided accommodations, including COVID-19 testing and mask-wearing, but those accommodations have since been rescinded, and Mr. Donaldson is left with the option of receiving the COVID-19 vaccination or termination.

66. Kathryn Draper is an environmental specialist for WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation. Ms. Draper tested positive for COVID-19 on August 2, 2021.

67. Mike Eddy is an IT specialist with DOE, he has submitted a religious exemption, accepted by DOE, but has been provided no accommodation.

68. Alexandria Edwards is an insulator with CPCCo she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

69. Mary Ruth Edwards is an operations support specialist with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no

COMPLAINT - 11

accommodation.

70. Luke Ellis is a pipefitter with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

71. Jesse Elvik is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

72. Zachery Eslick is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

73. Eric Espinoza is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

74. Cheryl Evosevich is an emergency preparedness coordinator for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

75. Adam Faries is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

76. Marcus Faries is a mechanical engineer with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

77. Robyn Faris is an officer manager with Columbia Energy, she has submitted a religious exemption, accepted by Columbia Energy but has been provided no accommodation.

78. Thomas Farris a security police officer I with HMIS, he has submitted a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

religious exemption, accepted by HMIS, but has been provided no accommodation.

79. Jennifer Fish is a shift operations manager, building emergency director, and fieldwork supervisor for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

80. Randy Fox is a stationary operating engineer with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

81. Michael Frazier is a property specialist with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

82. Sharon Freeland is an admin IV training scheduler with Veolia, a subcontractor to CPCCo, she has submitted a religious and a medical exemption, accepted by Veolia, but has been provided no accommodation.

83. Dorothy Frenzel is a health physics technician for WRPS and has been provided no accommodation.

84. Paul Frenzel is a health physics technician for HMIS and has been provided no accommodation.

85. Daniel Gabbard is a security police officer for HMIS and has been provided no accommodation.

86. Jennifer Gardner works for HMIS, she has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

87. James Gagnon is an industrial property management specialist for DOE, he

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

has submitted a religious exemption, accepted by DOE, but has been provided no accommodation.

88. Efren Garcia is a security police officer II with HMIS and is vaccinated, but opposes requirements for a booster shot.

89. Eric Garcia is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

90. Jaime Garcia is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

91. John Garfield works for WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

92. Matthew Garlick is an engineer at WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

93. Chris George is a security police officer with HMIS.

94. Ben Giese is an instrument technician with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

95. Don Giese is an instrument technician with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Giese will be forced to retire early if COVID-19 vaccination remains a requirement to retain his employment.

96. Brandon Gimlin is a radiological control technician for WRPS, he has

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

97. Crystal Girardot is an engineer that works for WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

98. Levi Glatt is a security police officer III with HMIS, he received the first vaccination and objects to further vaccinations and has been provided no accommodation.

99. Heather Goldie is a director of workforce engagement and legacy benefits for HMIS, she submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

100. Michael Gomez is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

101. Enrique Gonzales is a headquarter captain and has submitted a religious exemption but has been provided no accommodation.

102. Christopher Goodsel is a health physics technician with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation. He has natural immunity as provide from a positive antibody test; Mr. Goodsel also offered to pay for testing on his own to retain his employment, and his employer rejected this offer.

103. Michelle Gradin is a janitor for HMIS, she has submitted a religious

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption, accepted by HMIS, but has been provided no accommodation.

104. Delmer Graham is a security police officer with HMIS.

105. Matthew Gray is a shift supervisor with the Hanford Patrol of HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

106. Jerry Gridley is an operations specialist with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

107. Jose Gutierrez is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

108. Joseph Hade is a senior health physics/ radiological control technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

109. Levi Hamby is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

110. Eric Hanson works for WRPS, he has submitted a religious exemption, accepted by WRPS, and has received a conditional, temporary (60-day) accommodation that includes teleworking.

111. Cameron Hardy works as a public affairs specialist for DOE, he has submitted a religious exemption, accepted by DOE, but has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

112. Douglas Hart is an instrumentation specialist with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Hart has a positive COVID-19 antibody test.

113. Marguerite Hart is a contracts technician with HPMC; she has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

114. Nicole Hart is a contracts specialist II with PNNL; she has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation.

115. Tim Hart is a security police officer I with HMIS; he received the first COVID-19 vaccination and refuses to obtain a second vaccination. Mr. Hart also has natural antibodies.

116. Victor Hart is a senior labor relations specialist with HMIS; he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

117. Chamise Hartman is a pipefitter for WRPS she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

118. Pamela Hartsock is a technical writer/editor with CPCCo; she has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

119. Joshua Hatch is a firefighter/EMT with HMIS and was provided the accommodation of weekly testing at his own time and expense.

120. Ron Havens is a truck driver with HMIS, he has submitted a religious

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption, accepted by HMIS, but has been provided no accommodation.

121. Kory Hebdon is a security police officer with HMIS.

122. Larry Herbert is an electrical planner with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

123. Katie Henderson is a contracting professional with PNNL she has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation despite having teleworked since March 2019 and being willing to provide a negative COVID-19 test prior to entering the workplace.

124. Joshua Herrick is a safety representative with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation. Mr. Herrick has natural immunity from having had COVID-19 and has tested positive for COVID-19 antibodies.

125. Lee Holmes is a maintenance specialist with Amentum he has submitted a religious exemption, accepted by Amentum, but has been provided no accommodation.

126. Joy Houchin is employed with PNNL, she has submitted a medical exemption as she has a history of adverse vaccine reactions. Ms. Houchin's request was accepted by PNNL, and it remains under review.

127. Marvin Huck is a teamster/driver with HMIS he has submitted a religious and a medical exemption, accepted by HMIS, but has been provided no accommodation. Mr. Huck has a positive COVID-19 antibody test from November 3, 2021.

COMPLAINT - 18

128. Adam Huckleberry is a training specialist (instructor) at the Hanford Patrol Training Facility with HMIS he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Huckleberry has a positive natural immunity as demonstrated by a positive COVID-19 antibody test and is willing to pay for COVID-19 testing and wear a mask while on the worksite, and will telework, as needed. HMIS denied Mr. Huckleberry's proposed accommodations.

129. Robin Hudson is a senior health physics technician with HLMI, she has submitted a religious and a medical exemption, accepted by HLMI. She was offered a 60-day accommodation of weekly COVID-19 testing and mask usage.

130. James Ireland is a teamster with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

131. Daniel Irish is a security police officer III and a sniper with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

132. J. I. is a firefighter, he has submitted a religious exemption, accepted by his employer and received an accommodation of mask-wearing and weekly testing, and the accommodation was subsequently revoked. J. has had and recovered from, COVID-19.

133. Eric Ison is an engineering manager with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation. Mr. Ison has a positive COVID-19 antibody test.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

134. Rodger Iverson is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

135. Miguel Iztas is a security police officer for HMIS.

136. Bryce Jackson is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Jackson has a positive COVID-19 antibody test.

137. Joel Jackson is a journeyman radiological technician for Bechtel, he has submitted a religious exemption, accepted by Bechtel, but has been provided no accommodation.

138. Kenneth Jarman is a data scientist for PNNL, he has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation as his request remains pending.

139. Raymond Jeffers is a fire protection coordinator with Bechtel, he has submitted a religious exemption, accepted by Bechtel, but has been provided no accommodation.

140. Gardiner Jeffrey is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

141. Johnathan Johns is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

142. Kami Johns is a shift operations manager with CPCCo, she has submitted a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

religious exemption, accepted by CPCCo, but has been provided no accommodation.

143. Timothy Johns is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

144. Bonnie Johnson is a senior financial professional with WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

145. Christopher Johnson is decommissioning and deactivation technician with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

146. James Jones is an electrical engineer, he has submitted a religious exemption, but has been provided no accommodation. Mr. Jones had a positive COVID-19 test on August 2, 2021.

147. Faith Kaanapu is a Bechtel employee, she has submitted a religious exemption, accepted by Bechtel, and was offered a temporary accommodation requiring weekly negative COVID-19 test results, which she opposes, until February 2022.

148. Mark Kamberg is an environmental scientist with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

149. Frank Kearny is a pipefitter with PNNL, he has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation.

150. Brian Keelean is a radiological control technician for HMIS, he has

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

151. Keith Keller is a project controls engineer, earned value management system for WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

152. Mahlon Kerwick is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

153. Ronald Knight is an instrument technician with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

154. Mark Knight is Teamster with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

155. Karl Kohne is a lead crane operator with CPCCo, he has submitted a medical exemption, accepted by CPCCo, but has been provided no accommodation.

156. Kerry Kost is employed with WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

157. Patrick Krzan is a canine handler with the Hanford Patrol, for HMIS, he is vaccinated and opposes booster shots and is seeking accommodation from booster shots with HMIS.

158. Dustin Lamm is a security police officer II with HMIS, he has not submitted a religious exemption, and opposes the mandatory vaccination.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

159. Ryan Lansing is a security police officer IIIC with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

160. Gil Leal is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

161. Sharon Leinen is an operations support specialist with HMIS, she has submitted a religious exemption, accepted by HMIS, has received a temporary, 60-day accommodation.

162. Brianna Leitz is a senior health physics technician with WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

163. Justin Lettau is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

164. Carl Lindstrom is employed with Bechtel (WTCC), he has submitted a religious exemption, accepted by Bechtel, but has been provided no accommodation.

165. Bradley Loosveldt is a work control planner with TerraGraphics, he has submitted a religious exemption, accepted by TerraGraphics, but has been provided no accommodation.

166. Corey Low is employed with DOE, he has submitted a religious exemption, accepted by DOE, is awaiting a determination from DOE, and has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

167. Oscar Lucatero is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

168. Phillip Love is a security police officer with HMIS.

169. Gale Lyon is an operations specialist with CPCCo, he has submitted a religious exemption, accepted by CPCCo, the accommodation provided to Mr. Lyon is temporary (up to 60 days) and consists of weekly testing at his own expense.

170. Ismael Magallanes is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Magallanes tested positive for COVID-19 in December 2020.

171. Matthew Malin is a mechanical work planner with Amentum, he has submitted a religious exemption, accepted by Amentum, but has been provided no accommodation.

172. Jairo Martin is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

173. David Martinez is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Martinez has positive COVID-19 antibodies.

174. Byron Massie is employed with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

175. James Matte is an industrial hygienist with HMIS, he has submitted a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

religious exemption, accepted by HMIS, but has been provided no accommodation.

176. Trent Maxwell is a security police officer with HMIS.

177. Sam McCarley is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

178. Joe Meier is a journeyman carpenter with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Meier has tested positive for COVID-19 antibodies.

179. Norma Mendoza works for WRPS, she has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

180. Cory Meyer is an electrician with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

181. Kyle Meyer is a radiological control first line supervisor with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

182. Kevin Milford is a maintenance specialist, IV with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

183. Darren Miller is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

184. Benjamin Minter is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

185. Jeremy Miranda is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

186. Derik Moe is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

187. Trent Mooney is a health physicist with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

188. Ryan Moore is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

189. Joelle Moss is a hazardous materials specialist with WRPS, she has submitted a religious exemption and has a predisposition to blood clots, accepted by WRPS, and has been provided temporary accommodation.

190. Ryleigh Morrison is a health physics technician with CPCCo, she he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation. She has had COVID-19.

191. Daniel Morrow is an electrical fieldwork supervisor with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

192. Allen Morris is employed with Bechtel (WTCC), he has submitted a religious exemption, accepted by WTCC, but has been provided no accommodation.

193. Jennifer Mullen-Morris is a radiological control technician/health physics

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

technician with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

194. Patrick Murphy is a security police officer I with HMIS who has been provided no accommodation.

195. Paul Naef is employed by Northwest Power, a sub-contractor to Bechtel, he has submitted a religious exemption, accepted by Northwest Power, but has been provided no accommodation.

196. Celeste Nelson is a firefighter/EMT with HMIS, she has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

197. Johnny Neer is a nuclear operator with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

198. Tobin Neyens is a security police officer, K-9 with HMIS.

199. Marco Nicacio is employed with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

200. Matt Nichol is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

201. Jeffery Nielson is a central shift manager with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

202. Ivan Nunez is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

203. Juan Nunez is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

204. Kelly O'Brien is an executive assistant with CPCCo, she has submitted a religious exemption, accepted by CPCCo; she was offered accommodation, and accepted most of the conditions, excepting weekly testing, which exceed current OSHA standards.

205. Angela Ojeda is the office manager of Ojeda Business Ventures ("OBV"), a construction sub-contractor to CPCCo, HMIS, and WRPS seeking to apply COVID-19 antibodies or natural immunity to its workforce. CPCCo has threatened termination of OBV contract if OBV fails to implement a COVID-19 vaccine mandate. 78% of OBV's workforce has tested positive for COVID-19 antibodies, either through natural immunity or vaccination.

206. Luis Ojeda is the office manager of Ojeda Business Ventures, a construction sub-contractor to CPCCo, HMIS, and WRPS seeking to apply COVID-19 antibodies or natural immunity to its workforce. CPCCo has threatened termination of OBV contract if OBV fails to implement a COVID-19 vaccine mandate.

207. William Olson is a facility manager at the 242A site with WRPS, he has submitted a medical exemption, accepted by WRPS, and was provided a temporary (60 day) exemption, and is seeking a permanent exemption.

208. Mark Oslin is a security police officer with HMIS, he has not submitted an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption and has been offered no accommodations.

209. William Owen is a contractor to DOE with AttainX, he has submitted a religious exemption, accepted by DOE, but has been provided no accommodation.

210. Patrick Paeschke is a journeyman electrician with PNNL, he has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation.

211. Stuart Palmer is a security police officer with HMIS.

212. Nicholas Parker is a project controls associate with CPCCo, he has submitted a religious exemption, accepted by CPCCo, and was provided a 60-day accommodation that requires weekly COVID-19 testing at his expense and on his own time.

213. Jeff Parrish is a journeyman insulator for CPCCo, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Parrish is aware of other CPCCo personnel working in similar physical circumstances who have received accommodations.

214. Kevin Patterson is a nuclear chemical operator for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

215. Brandon Patton is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

216. Zachary Pike is a decommissioning and deactivation technician with CPCCo, he has submitted religious exemption, accepted by CPCCo, but has been

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

provided no accommodation.

217. Brian Pisca is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

218. Jesse Potter is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

219. Kelly Poynor is a security police officer II with HMIS who has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

220. Bryan Raeder is a senior radiological control technician/health physics technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

221. Agapito Ramos is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

222. Kevin Reberger is a work control planner with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

223. Howard Reed is a fire protection engineer with Bechtel, he has submitted a religious exemption, accepted by Bechtel, but has been provided no accommodation.

224. Matthew Reed is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

225. Robert Reynolds is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

226. Ryan Richardson is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

227. Ryder Richardson is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

228. Greg Richter is a security police officer III with HMIS, he has submitted an exemption from the COVID-19 vaccine, but he has been provided no accommodation.

229. Ryan Rickenbach is a design servics manager with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

230. Ramon Riojas is a maintenance electrician with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation. Mr. Riojas has a positive COVID-19 antibody test.

231. Martin Rios Magana is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

232. Michael Riplinger is employed with Bechtel (WTCC), he has submitted a religious exemption, accepted by Bechtel, but has been provided no accommodation. He has two positive COVID-19 antibody tests.

233. Ernesto Rivas is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

234. June Robinson is a senior industrial hygienist with PNNL.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

235. Staci Rockey is an office administrator with Amentum, LLC, she has submitted a religious exemption, accepted by Amentum, but has been provided no accommodation.

236. Gregory Rodenburg, II is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

237. Manuel Rodriguez is a security police officer with HMIS, he has received the first COVID-19 vaccine, but desires not to obtain the second vaccine as an infringement of his bodily autonomy.

238. Jaime Rodriguez is a security police officer II with HMIS, has submitted an exemption request, which was accepted by HMIS, but has been provided no accommodation.

239. Lori Rogers is a health physics technician with WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

240. Ryan Rosenthal is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

241. Leisha Rowe is a radiological control manager, she has submitted a religious exemption, accepted by her employer, but has been provided no accommodation.

242. Mischelle Russell is a senior radiological technician with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

243. Jamison Saddler is a security patrol officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

244. Kyle Saltz is security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

245. William Samson is a chemical operator with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

246. Oscar Sanchez is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

247. Matthew Sanders is a quality assurance engineer with HMIS, he has submitted a religious exemption, accepted by HMIS, and has been provided accommodation of weekly testing and work from home in a different job position.

248. Joel Savage is a paramedic/firefighter with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Savage has a positive COVID-19 antibody test and is willing to adhere to social distance and mask-wearing requirements as an accommodation.

249. Rick Schieffer is a radiation protection supervisor with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

250. Jacob Schmid is a firefighter/EMT with HMIS, he has submitted a religious

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption, accepted by HMIS, but has been provided no accommodation.

251. Jessica Schuette is a project specialist/buyer technical representative with WRPS, she has submitted a religious exemption, accepted by WRPS, was initially provided no accommodation, but has recently received a temporary teleworking accommodation.

252. John Schuette is an engineering manager with Bechtel (WTCC project), he has submitted a religious exemption, accepted by Bechtel, and has been provided a temporary accommodation of teleworking until February 2022.

253. Devin Shelby is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

254. Jeff Short is a firefighter with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. Short has a positive COVID-19 antibody test and is willing to adhere to wearing a mask and weekly testing.

255. Steve Short is an engineering supervisor with Bechtel, he has submitted a religious exemption, accepted by Bechtel, and has been provided temporary accommodation teleworking until February 2022.

256. Thomas Sichler is a health physicist with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation. Mr. Sichler declared that he is aware of CPCCo accommodating similarly situated

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

individuals.

257. Gidget Silvers is a health physics technician lead with WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

258. Stephen Simmons is a preventative maintenance planner with Bechtel.

259. Andrea Sims is a clerk, III with WRPS, she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation. Ms. Sims has a positive COVID-19 antibody test and is willing to adhere to social distancing, wearing a mask, and regular testing.

260. Daniel Sims is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

261. Edward Sinclair is employed as safety and health programs specialist with WRP.

262. John Sisemore is a sheet metal worker with Bechtel (WTCC project), he has submitted a religious exemption, accepted by Bechtel, but has been provided no accommodation. Mr. Sisemore has a positive COVID-19 antibody test and is willing to wear a mask and test weekly.

263. Cathy Slape is employed with HMIS and has health issues, she he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

264. Gabe Slape is employed with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

265. Derek Small is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

266. Gregory Smith is a teamster/truck driver for WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

267. Shad Smith is a steamfitter with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

268. Stephen Smith is an electrical engineer with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

269. William Smoot is a health physicist with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

270. Todd Sommerville is a maintenance material specialist with WRPS, he has submitted a religious exemption, accepted by WRPS, but he has been provided no accommodation.

271. Krisheena Stajduhar is a procurement specialist with WRPS, she has submitted a religious exemption, accepted by WRPS, and has been provided teleworking accommodations that require weekly COVID-19 testing, which exceed the OSHA standards.

272. Damon Stanley is a carpenter for CPCCo, he has submitted a religious

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

exemption, accepted by CPCCo, but has been provided no accommodation.

2

273. Kirsten Stanley is a stock and tool crib attendant for CPCCo, she has

3

submitted a religious exemption, accepted by CPCCo, but has been provided no

4

accommodation.

5

6

274. David Storaci is an operations specialist III with Amentum, he has submitted

7

a religious exemption, accepted by Amentum, but has been provided no

8

accommodation.

9

275. Joseph Stowman is a custodian with HMIS, he has submitted a religious

10

exemption, accepted by HMIS, but has been provided no accommodation.

11

12

276. William Sullivan is employed with WRPS, he has submitted a religious

13

exemption, accepted by HMIS, but has been provided no accommodation. Mr. Sullivan

14

also has health issues, including cysts on his kidneys.

15

16

277. Carl Sutherland is a security patrol officer II with HMIS, he has submitted

17

a religious exemption, accepted by HMIS, but has been provided no accommodation.

18

19

278. April Swofford is a parts manager with Veolia a subcontractor to CPCCo,

20

she has submitted a religious exemption, accepted by Veolia, but has been provided no

21

accommodation at CPCCo direction.

22

23

279. Roger W. Szelmeczka is an environmental specialist with WRPS seeking a

24

religious accommodation, accepted by WRPS, but has been provided no

25

accommodation.

COMPLAINT - 37

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

280. Linda Thomas is a chemist with PNNL, she is seeking a religious and a medical accommodation, accepted by PNNL, but she has been provided no accommodation.

281. James Thorne is a work control planner with WRPS seeking a religious accommodation, accepted by WRPS, but he has been provided no accommodation.

282. Andrew Tucker is a firefighter/EMT with HMIS, he received the COVID-19 vaccine in August and September of 2021, and he did not apply for an exemption.

283. Daniel Turlington is an environmental compliance officer with CPCCo, seeking a religious accommodation, but he has been provided no accommodation.

284. Amanda Tyler is a civil engineer with WRPS she has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

285. Aric Tyler is a mechanical engineer with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

286. Eva Upchruch is a supply chain administrator with CPCCo he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

287. Brandt Urwin is a fieldwork supervisor seeking a religious accommodation.

288. Jeff VanDerPol is a nuclear safety specialist with DOE, he has submitted a religious accommodation, accepted by DOE, but has been provided no accommodation.

289. Angela Villareal is an operations support specialist with HMIS, she has submitted a religious exemption, accepted by HMIS, but has been provided

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

290. Aaron Webber is a security police officer III with HMIS, has sought the accommodation to maintain the status quo with mask-wearing and social distancing, and has had no accommodation.

291. Ryan Weideman is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

292. Shari Weisberg is a project controls specialist with Corporate Allocation Service/Katami Government Services, she has submitted a religious exemption, accepted by Katami, and was granted the accommodation to complete weekly or bi-weekly testing.

293. Shawn D. Welker is a captain with Hanford Patrol, whose employer is HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no religious accommodation.

294. Hans Wellenbrock is a communications specialist with CPCCo he has submitted a religious exemption, accepted by CPCCo. He was granted a temporary accommodation for 60 days (February 2022), which requires weekly COVID-19 testing, exceeding the OSHA standards.

295. Trent Wellner is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

296. Tobin Wells is a senior radiology technician seeking religious accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

297. Kristina Whalen is an operation support specialist with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

298. Daniel Wharton is an is an electrician with PNNL, he has submitted a religious exemption, accepted by PNNL, but has been provided no accommodation.

299. Nathaniel Wick is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

300. Wendy Wilde is a work control PM planner with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

301. Keaton Williams is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation.

302. Logan Williams is an industrial hygiene technician for WRPS, he has submitted a religious and medical exemption as he was hospitalized from COVID-19 in September 2021, remains on oxygen, and is still recovering from COVID-19. On October 15, 2021, Mr. Williams' doctor provided a note, stating that he is a "poor candidate" for the COVID-19 vaccine. His exemption was accepted by WRPS, but Mr. Williams has been provided no accommodation.

303. Brian Williamson is a Health Physicist with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

304. Nathaniel Wilson is a project engineer with WRPS, he has submitted a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

religious exemption, accepted by HMIS, but has been provided no accommodation.

305. Robert Wood is project manager with WRPS, he has submitted a religious exemption, accepted by WRPS, but has been provided no accommodation.

306. Paul Wulff is a janitor at the Hanford Site he has submitted a religious exemption, accepted by employer, but has been provided no accommodation. Mr. Wulff has a positive COVID-19 antibody test.

307. Tim York is an electrician with HMIS, he has submitted a religious exemption, accepted by HMIS, but has been provided no accommodation. Mr. York has a positive COVID-19 antibody test.

308. Robert Zane is an industrial hygienist with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but has been provided no accommodation.

## FACTS

309. On September 9, 2021, President Joseph R. Biden issued Executive Order 14042 requiring vaccination of all employees of federal contractors.

310. On September 9, 2021, President Joseph R. Biden issued Executive Order 14043 requiring vaccination of all federal employees.

311. On November 5, 2021, the Occupational Safety and Health Administration promulgated an Emergency Temporary Standard, published at 29 CFR 1910, Subpart U (the "ETS").

312. The ETS is significantly less restrictive than the Executive Orders as it

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

provides exceptions to the vaccination requirements for remote and outdoor and also allows for unvaccinated employees to mask and test. The Executive Orders allow for no such exemptions.

313. The DOE and its several contractors, Bechtel, Battelle Memorial Institute's Pacific Northwest National Laboratory, Hanford Mission Integrated Solutions, LLC, Hanford Laboratories Management, HPM Corporation, and Washington River Protection Solutions, refuse to provide religious or medical accommodations in many cases, and in the few cases where such accommodations are offered, they are transitory in nature. These requests arbitrarily demand that Plaintiffs and other staff of these entities become vaccinated by December 8, 2021, or by some other arbitrary date.

314. While accepting every single exemption as sincere, Defendant entities have accommodated very few, if any, exemption seeking personnel.

315. Some similarly situated personnel employed by other DOE contractors performing work at the Hanford Site are receiving religious and medical exemptions to the same vaccination requirement. Likewise, other similarly situated personnel within the community (local police and firefighting personnel) are not subjected to a COVID-19 vaccination requirement.

316. Defendants' decisions are arbitrary and capricious where some DOE Hanford contractors are not subject to the same requirements.

317. Defendants' decisions are arbitrary and capricious where they fail to account

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

for natural immunity.

318. Despite months of contact tracing, as evidenced by a November 5, 2021 response to a FOIA request, the CDC possesses no record of individuals with natural immunity becoming reinfected and infecting another individual.

319. Defendants' decisions will unnecessarily endanger the lives of the citizens of Benton County and surrounding areas as the Hanford Guard Unit will be significantly understaffed, resulting in limited protection of the Hanford Site and the general public.

320. Defendants' actions are further demonstrated to be arbitrary, capricious, and intended to be discriminatory against protected classes, where the mandate applies to individuals who telework or work entirely outdoors.

321. Defendants' decisions are arbitrary and capricious where some Plaintiffs could be accommodated by utilizing PPE and testing, in accordance with OSHA regulations, and Defendants still refuse to accommodate the individual.

322. In addition to risking public safety, wrongful termination of these individuals could expose the United States and its contractors to millions of dollars in liability for lost wages and pensions, along with other damages, including loss of benefits.

323. On September 30, 2021, DOE's Head of Contracting Activity for the Office of Environmental Management, Angela Whatmore issued a Memorandum, which monetarily incentivized DOE contractors to vaccinate their workforce as much as

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

possible. The Memorandum:

a. Directed DOE "Contracting Officers to execute unilateral modifications to the Performance Evaluation Measurement Plans and Award Fee Plans by October 8, 2021;"

b. Authorized Contracting Officers to "indicate to the contractor that they may propose a 50/50 fee sharing option of $1000 per worker for this metric;"

c. Allowed these incentives to "be added to the safety and health subjective criteria, or as a stand-alone metric;" and

d. Provided that the "Contractor Performance Assessment Reporting System (CPARS) shall accurately reflect the contractor's performance in FY21 and FY22 regarding safety and health of its workforce as it relates to proactive initiatives to stop the spread of COVID-19, including promoting vaccination of the workforce."

## FIRST CAUSE OF ACTION

### Free Exercise of Religion

324. Plaintiffs incorporate each of the Complaint allegations stated above herein.

325. Plaintiffs with sincere religious beliefs, which prohibit their taking the vaccination, have had those beliefs accepted as sincere by their respective employers.

326. Individuals determining COVID-19 exemption requests are effectively religious gerrymandering by refusing to accommodate the overwhelming majority of religious objectors.

327. Each employer could accomplish its same purported compelling purpose by

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

merely following the OSHA standards set forth in the Motion attached hereto (Page 2), by requiring testing for COVID-19 and mask-wearing for individuals working indoors.

328. Defendants could also take temperatures and continue to social distance.

329. As indicated above, some of the Plaintiffs have had COVID and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by the Defendants doing <u>nothing</u> and still achieve their purported compelling purpose of protecting against the spread of COVID-19.

## SECOND CAUSE OF ACTION

### Equal Protection

330. Plaintiffs incorporate each of the Complaint allegations stated above herein.

331. The equal protection clause of the Fourteenth Amendment to the U.S. Constitution requires the government to treat an individual in the same manner as others in similar conditions and circumstances.

332. The Fourteenth Amendment further recognizes and guarantees fundamental rights and liberty interests of personal autonomy and bodily integrity.

333. Some DOE Hanford contractors are allowing accommodations.

334. The Executive Orders are significantly more restrictive than the ETS.

335. As indicated above, some of the Plaintiffs have had COVID and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by Defendants doing <u>nothing</u> and still achieving their purported

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    compelling purpose.

2    336. Plaintiffs are entitled to equal protection under the law; they are not

3    receiving it.

4

5                        **THIRD CAUSE OF ACTION**

6              **Violation of the Americans with Disabilities Act**

7    337. Plaintiffs incorporate each of the Complaint allegations stated above herein.

8    338. Some Plaintiffs have medical conditions that prohibit them from receiving

9
10   the COVID-19 vaccine.

11   339. Mr. Clancy's medical professional provided a letter that stated he should be

12
     exempted from the COVID-19 vaccination due to prior adverse reactions to
13

14   vaccinations.

15   340. Mr. Clancy's history of adverse vaccine reactions make it medically

16   unreasonable, and possibility fatal, for him to take the vaccine.

17
18   341. Mr. Clancy's medical history constitutes a disability under the ADA.

19   342. Mr. Clancy is being terminated despite his known disability, which could be

20   accommodated without undue hardship if his employer exempted him from the

21   COVID-19 vaccination and provided alternative accommodations.

22
23   343. Mr. Clancy is entitled to a reasonable accommodation under the ADA.

24   344. Likewise, Mr. Logan Williams, who remains on oxygen from a recent battle

25   with COVID-19, has a note from his doctor stating that Mr. Williams is a candidate for

COMPLAINT - 46

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

a COVID-19 vaccination exemption. Mr. Williams' employer has failed to respect his doctor's professional opinion and maintains the mandate that Mr. Williams become vaccinated against COVID-19.

345. Several other Plaintiffs are in a similar situation, where a Plaintiff's own medical professional has advised against the COVID-19 vaccine due to an individual's health condition and/or historical adverse reactions to vaccinations.

## FOURTH CAUSE OF ACTION

### Wrongful Termination

346. Plaintiffs incorporate each of the Complaint allegations stated above herein.

347. Absent declaratory and injunctive relief, the Plaintiffs will be wrongfully terminated in violation of Title VII of the Civil Rights Act and Washington Law Against Discrimination. Absent declaratory or injunctive relief, Plaintiffs will each, individually, have been damaged in an amount to be determined at trial

## FIFTH CAUSE OF ACTION

### Breach of Contract

348. Plaintiffs incorporate each of the Complaint allegations stated above herein.

349. There exists a binding contract relationship between each Plaintiff his or her individual employer.

350. Each Plaintiff has an independent property right in their pension.

351. Defendants have made it clear they intend to breach each Plaintiffs' contract

COMPLAINT - 47

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

with the respective Defendant.

352. Defendants' actions violate the Contracts Clause of the Constitution of the United States of America.

353. Absent declaratory or injunctive relief, Plaintiffs will each, individually, have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Intentional or Negligent Infliction of Emotional Distress

354. Plaintiffs incorporate each of the Complaint allegations stated above herein.

355. Defendants engaged in extreme and outrageous conduct toward Plaintiffs.

356. The complained of conduct was intentional and/or reckless.

357. The complained of conduct actually resulted in severe emotional distress to Plaintiffs.

358.  Absent declaratory or injunctive relief, Plaintiffs will each, individually, have been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### Infringement of Privacy Rights

359. Plaintiffs incorporate each of the Complaint allegations stated above herein.

360. Plaintiffs have a privacy right in their religious practice.

361. Plaintiffs have a privacy right in their bodily integrity.

362. Both rights have been violated in the way that Plaintiffs' sincere beliefs and

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1  medical concerns have been challenged and disparaged by Defendants.

2  **EIGHTH CAUSE OF ACTION**

3  **Violation of the Procurement Act (40 U.S.C. §§ 101 and 121)**

4
5  363. Plaintiffs incorporate each of the Complaint allegations stated above herein.

6  364. The purpose of the Procurement Act is to provide the Federal Government

7  with an "economical and efficient system" for, among other things, procuring and

8  supplying property and nonpersonal services. 40 U.S.C. § 101. The Executive Orders,

9
10  however, will actually and materially undermine the efficient and economical delivery

11  of property and services by disrupting the continuity of the contractor workforce.

12  365. The purpose of the Procurement Act is *not* to impose a sweeping vaccination

13
14  mandate on broad swaths of the American people or to use the federal procurement

15  system as a proxy for implementing a nationwide public health mandate.

16  366. The Procurement Act empowers the President to "prescribe policies and

17  directives that [he] considers necessary to carry out [the Procurement Act.]" 4

18
19  U.S.C. § 121(a). Those policies "*must* be consistent with" the Procurement Act's

20  purpose, i.e., promoting economy and efficiency in federal contracting. *Id*. § 121(a)

21  (emphasis added).
22
23  367. The President has failed to demonstrate a "nexus" between the Executive

24  Orders and the Procurement Act's purpose of promoting an "economical and efficient

25  system" for federal contracting. 40 U.S.C. § 101; *see Am. Fed'n of Lab. & Cong. of*

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

*Indus. Organizations v. Kahn*, 618 F.2d 784, 793 (D.C. Cir. 1979) (explaining that the Procurement Act is violated when the President does not demonstrate a "nexus" between executive action and the Procurement Act's policy). The Procurement Act's text obligates the President to exercise his statutory authority "consistently with [the Act's] structure and purposes." *Id*.

368. Instead, the Executive Orders exceed the President's Procurement Act authority by directing the Task Force, without a demonstrable nexus to the Procurement Act's purpose, to prescribe a sweeping public health scheme.

369. Here, the text of the Procurement Act clearly demonstrates that Congress has not authorized the Executive Orders, and thus, the Executive Orders violate the Procurement Act.

370. Further, before the executive branch may regulate a major policy question of "great and economic and political significance"—such as mandating vaccination for every employee of every federal contractor in the country—Congress must "speak clearly" to assign the authority to implement such a policy. *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2489 (2021) (citing *Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 324 (2014)).

371. When the federal government intrudes on a traditional state function, it must clearly articulate the scope of the intrusion and the rationale behind its unprecedented

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

action, which it has not done here. *Gregory v. Ashcroft*, 501 U.S. 452, 463–64(1991).

372. The Executive Orders implicate critical issues of federalism as public health and the regulation of inoculation regimes are traditional state functions.

373. Because the statutory language that the President relies on to issue The Executive Orders do not contain a clear statement affirmatively sanctioning the broad scope of the Executive Orders, they violate the Procurement Act.

374. Therefore, under both the plain text of the Procurement Act and the clear statement principle, it is unlawful, and thus the Executive Orders are unenforceable.

## NINTH CAUSE OF ACTION

### Violation of Federal Procurement Policy (41 U.S.C. § 1707(a))

375. Plaintiffs incorporate each of the Complaint allegations stated above herein.

376. Pursuant to 41 U.S.C. § 1707(a)(1), a procurement policy may not take effect until 60 days after it is published for public comment in the Federal Register if it relates to the expenditure of appropriated funds; and has a significant effect beyond the internal operating procedures of the issuing agency; or has a significant cost or administrative impact on contractors or offerors.

377. The Executive Orders will require contractors to develop, implement, and monitor a host of new policies and procedures impacting, for some contractors, their entire workforce. In order to fully comply with the Executive Orders, contractors will

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

have to fire any covered employee who refuses to be vaccinated and has not asserted an exemption.

378. Federal agencies will have to budget for and expend appropriated funds to administratively implement the Executive Orders and, thereafter, compensate contractors for their increased cost of compliance in violation of § 1707(a). Likewise, DOE will incur additional costs associated with its vaccination incentivization program.

379. Because the Executive Orders requires vaccination of hundreds of thousands, if not millions, of Americans, it certainly has "a significant effect beyond internal operating procedures" in violation of § 1707(a).

380. The Executive Orders also have a significant cost or administrative impact on current contractors, future contractors, and offerors in violation of § 1707(a).

381. Despite being required to be published for public comment in the Federal Register, President Biden failed to publish the Task Force Guidance containing the Contractor Mandate in the Federal Register as required by 41 U.S.C. § 1707(a)(1).

382. Moreover, President Biden failed to provide the required 60-day comment period before the Task Force Guidance and Executive Orders became effective.

383. Further, the requirements of 41 U.S.C. § 1707(a) were never waived with regard to the Executive Orders.

384. Accordingly, President Biden failed to comply with 41 U.S.C. § 1707(a)

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1  when issuing the OMB Determination and the Task Force Guidance, making the

2  Executive Orders invalid as a matter of law.

### TENTH CAUSE OF ACTION

**Nondelegation Claim (Article I, Section 1 of the United States Constitution)**

385. Plaintiffs incorporate each of the Complaint allegations stated above herein.

386. Pursuant to Article I, Section 1 of the United States Constitution, Congress is vested with all legislative powers.

387. "Congress is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested." *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529–30 (1935).

388. The executive branch can only exercise its own discrete powers reserved by Article II of the United States Constitution and such power that Congress clearly authorizes through statutory command.

389. Congress gives such authorization when it articulates an intelligible principle to guide the Executive that not only sanctions but also defines and cabins the delegated legislative power.

390. Under the nondelegation doctrine, Congress cannot simply offer a general policy that is untethered to a delegation of legislative power. For a delegation to be proper, Congress must articulate a clear principle or directive of its congressional will

COMPLAINT - 53

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

within the legislative act. *See J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928). The principle must be binding, and the delegate must be "directed to conform" to it. *Id.*

391. The nondelegation doctrine preserves and protects important tenets of our democracy, including individual liberties and states' rights.

392. The President's direct delegation of authority to the OMB Director and the Task Force gives OMB unconstitutional and unconstrained rulemaking authority without a statutory directive.

393. Separately, the President's indirect delegation to the federal agencies of broad authority and discretion to enforce the already unconstitutional Contractor Mandate is unsupported by an explicit statutory directive within the Procurement Act or any other federal law.

394. Thus, the President's actions lack the requisite congressional direction in two regards:

a. First, Congress did not articulate clear or sufficient instructions in the Procurement Act directing the President to implement this public health policy scheme by executive order.

b. Second, even if Congress did clearly authorize a national vaccination schedule for federal contractors, it did not give sufficiently clear instructions to permit

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

the President to delegate legislative judgment to the Task Force or the OMB Director.

395. The Executive Order's reliance on the precatory statement of purpose in the Procurement Act is not a clear directive, and neither the President nor the federal agencies can rely on it to impose an intrusive and sweeping vaccine mandate.

396. Further, any delegation sanctioning broad and intrusive executive action cannot be sustained without clear and meaningful legislative guidance, especially given the important separation of powers and federalism concerns implicated. Under the nondelegation doctrine, the Executive Orders are unconstitutional because Congress did not articulate a clear principle by a legislative act that directs the Executive to take sweeping action that infringes on state and individual rights.

397. Here, the Executive Orders cut deeply into the state's sphere of power without articulating the underlying reasons or providing a justification beyond a superficial, unsupported, and pretextual reference to efficiency and economy in federal contracts.

398. Without *explicit* congressional authorization, the President's delegation of power in the Executive Orders through the OMB Determination, the Task Force, and the various executive agencies acting to implement the Executive Orders cannot survive constitutional scrutiny.

COMPLAINT - 55

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

**ELEVENTH CAUSE OF ACTION**

**Violation of Separation of Powers and Federalism (Article I, Section 8 and**

**Amendment X to the United States Constitution)**

399. Plaintiffs incorporate each of the Complaint allegations stated above herein.

400. To the extent President Biden argue that the Executive Orders are authorized, such authorization would violate the Constitution's nondelegation principles.

401. The Executive Orders exceed congressional authority.

402. Pursuant to Article I, Section 8 of the United States Constitution, Congress has authority "to make all Laws which shall be necessary and proper for carrying into Execution" its general powers ("the Necessary and Proper Clause"). The Necessary and Proper Clause does not "license the exercise of any 'great substantive and independent power[s]' beyond those specifically enumerated." *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. 519, 559 (2012) (citation omitted).

403. Pursuant to the Tenth Amendment of the United States Constitution, "the powers not delegated by the Constitution to the United States, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

404. Nothing in the Constitution authorizes the federal agencies of the executive branch to impose the Executive Orders on states because requiring vaccinations for state

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

employees is an exercise of the police power left to the states under the Tenth Amendment.

405. The Constitution does not empower Congress to require anyone who transacts business with the federal government to get vaccinated. It is not a "proper" exercise of Congress's authority to mandate that every employee who touches a federal contract or comes in contact with another employee who touches such a contract, has to be vaccinated because the action here falls outside the scope of an Article I enumerated power.

406. President Biden, through the Executive Order, has exercised power that Congress does not possess under the Constitution and, therefore, cannot delegate to other branches of the federal government.

407. If Congress intended the Procurement Act to authorize what the President claims, the Act exceeds Congress's authority, and thus President Biden must be enjoined from taking any action under the Act.

## TWELFTH CAUSE OF ACTION

### Violation of the 10th Amendment of the United States Constitution

408. Plaintiffs incorporate each of the Complaint allegations stated above herein.

409. Pursuant to the Tenth Amendment of the United States Constitution, "the powers not delegated by the Constitution to the United States, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

X. President Biden, through the Executive Order, has exercised power far beyond authority delegated to the federal government by Constitutional mandate or congressional action.

410. Neither Article II of the U.S. Constitution nor any act of Congress authorizes the federal agencies of the executive branch to implement the Executive Order, which traditionally falls under the police power left to the states under the Tenth Amendment.

411. The Tenth Amendment explicitly preserves the "residuary and inviolable sovereignty," of the states. *Printz v. United States*, 521 U.S. 898, 918–19 (1997) (quoting The Federalist No. 39, at 245 (J. Madison)).

412. By interfering with the traditional balance of power between the states and the federal government and by acting pursuant to ultra vires federal action, President Biden violated this "inviolable sovereignty," and thus, the Tenth Amendment.

413. Therefore, the Executive Orders were adopted pursuant to an unconstitutional exercise of authority by President Biden and must be invalidated.

## THIRTEENTH CAUSE OF ACTION

### Unconstitutional Exercise of the Spending Clause (Under Article I, Section 8, Clause 1 of the United States Constitution)

414. Plaintiffs incorporate each of the Complaint allegations stated above herein.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

415. The challenged actions are unconstitutional conditions on the states' receipt of federal funds. Article I, Section 8, Clause 1 of the United States Constitution gives Congress the power to "lay and collect Taxes, Duties, Imposts, and Excises, to pay the Debts and provide for the common Defense and the general Welfare of the United States." While "Congress may attach appropriate conditions to . . . spending programs to preserve its control over the use of federal funds," it cannot wield federal funding to unreasonably constrain state autonomy. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 579 (2012). "[I]n some circumstances the financial inducement offered by Congress might be so coercive as to pass the point at which 'pressure turns into compulsion.'" *South Dakota v. Dole*, 483 U.S. 203, 211 (1987).

416. Federal contracts are an exercise of the Spending Clause, yet the challenged actions ask The Employees to agree to a coercive contract term.

417. The federal contracts at issue here account for considerable portions of The Employees' budgets for essential research, education, and other necessary programs. The pressure on The Employees to comply with the Executive Orders rise to the level of coercion. The challenged actions are invalid for that reason alone.

## FOURTEENTH CAUSE OF ACTION

## Violation of the APA (Under 5 U.S.C. § 706)

418. Plaintiffs incorporate each of the Complaint allegations stated above herein.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5

419. Pursuant to 5 U.S.C. § 553, agencies must publish "a notice of proposed rulemaking in the Federal Register before promulgating a rule that has legal force." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S.Ct. 2367, 2384 (2020); 5 U.S.C. § 553(b).

6
7
8
9

420. Pursuant to 48 C.F.R. 1.501, "significant revisions" to the FAR must be made through notice-and-comment procedures. DOD, NASA, and the General Services Administration must jointly conduct the notice-and-comment process. *Id.*

10
11
12
13

421. Instead of amending the FAR to implement this significant revision, the FAR Council issued a purported "class deviation" without engaging in the notice-and-comment process. *See* 5 U.S.C. § 553.

14
15

422. Proper "class deviations" must fit within one of the discrete definitions set forth in 48 C.F.R 1.401.

16

423. Here, however, the FAR Deviation Clause fits none of the definitions.

17
18
19
20
21
22

424. Instead, the FAR Deviation Clause is in the nature of a rule within the meaning of the APA because it is "an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).

23
24

425. The FAR Council violated the APA by failing to comply with the notice-and-comment requirements for rulemaking.

25

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

426. Good cause, assuming it exists in relation to the President's Executive Order, does not excuse the FAR Council's failure to comply with the notice-and-comment process. See 5 U.S.C. § 553(b)(3)(B).

## FIFTEENTH CAUSE OF ACTION

### Violation of the APA (Under 5 U.S.C. § 706)

427. Plaintiffs incorporate each of the Complaint allegations stated above herein.

428. Under the APA, a court must "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory . . . authority, or limitations, or short of statutory right." *See* 5 U.S.C. § 706(2)(A), (C).

429. The OMB Determination adopting the Task Force guidance is contrary to law for at least four reasons.

430. First, the OMB Determination violates 41 U.S.C. § 1303(a) because it is a government-wide procurement regulation, which only the FAR Council may issue.

431. EO 14042 apparently seeks to circumvent § 1303 by delegating the President's Procurement Act power to the OMB Director.

432. That attempt is unlawful because the President has no authority to issue regulations under § 1303—only the FAR Council may issue government-wide procurement regulations. *See* Centralizing Border Control Policy Under the Supervision of the Attorney General, 26 Op. OLC 22, 23 (2002) ("Congress may prescribe that a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    particular executive function may be performed only by a designated official within the

2    Executive Branch, and not by the President.").

3    433. Second, and relatedly, the OMB rule is contrary to law because the

4    Procurement Act does not grant the President the power to issue orders with the force

5    or effect of law. Congress authorized the President to "prescribe policies and directives

6

7    that the President considers necessary to carry out." 40 U.S.C. § 121(a).

8    434. "[P]olicies and directives" describe the President's power to direct the

9    exercise of procurement authority throughout the government. It does not authorize the

10   President to issue regulations himself.

11

12   435. Congress knows how to confer that power, as it authorized the GSA

13   Administrator, in the same section of the statute, to "prescribe regulations." *Id.*

14   §121(c); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) ("[W]hen

15   the legislature uses certain language in one part of the statute and different language in

16

17   another, the court assumes different meanings were intended.").

18

19   436. Congress has given the President the power to "prescribe regulations" in

20   other contexts, typically in the realm of foreign affairs and national defense. See, e.g.,

21   18 U.S.C. § 3496 ("The President is authorized to prescribe regulations governing the

22   manner of executing and returning commissions by consular officers."); 32 U.S.C. §

23

24   110 ("The President shall prescribe regulations, and issue orders, necessary to organize,

25

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

discipline, and govern the National Guard.").

437. Third, even if the Procurement Act authorized the President to issue orders with the force or effect of law, it would not authorize approval of the Task Force guidance. The President appears to assume that the Procurement Act's prefatory statement of purpose authorizes him to issue any order that he believes promotes "an economical and efficient" procurement system. 40 U.S.C. § 101. In doing so, the President mistakenly construes the prefatory purpose statement for a grant of authority. D.C. v. Heller, 554 U.S. 570, 578 (2008) ("[A]part from [a] clarifying function, a prefatory clause does not limit or expand the scope of the operative clause.").

438. Even if the Procurement Act did authorize the President to issue binding procurement orders solely because they may promote economy and efficiency, the OMB Determination does not adequately do so. Providing the federal government with an "economical and efficient system for" procurement is not a broad enough delegation to impose a national-scale vaccine mandate that Congress has not separately authorized.

439. Further, the Executive Orders are divorced from the practical needs of procurement. In order to maintain a steady and predictable flow of goods and services— and the advancement of science and technology through research and development— the federal procurement system requires a stable and reliable workforce to timely perform work required under tens of thousands of federal contracts and funding agreements. The Executive Orders disrupt the stability and reliability of the contractor

ARNOLD & JACOBOWITZ PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
113 East Woodin Avenue, Suite 200
Chelan, WA 98816 (this address does not accept service of process)

workforce by forcing contractors to potentially fire unvaccinated and non-exempt covered employees, many of whom are highly skilled and essential to the work.

440. Because the OMB Determination violates § 1303(a), seeks to exercise a delegated power the President does not possess, and relies on a misreading of the Procurement Act, it is contrary to law.

## SIXTEENTH CAUSE OF ACTION

## Violation of the APA (5 U.S.C. § 706)

441. Plaintiffs incorporate each of the Complaint allegations stated above herein.

442. Pursuant to the Administrative Procedure Act, agency action that is "arbitrary [or] capricious" is unlawful and must be set as aside by a court of competent jurisdiction. 5 U.S.C. § 706(2)(A).

443. Pursuant to 48 C.F.R. 1.402 "[u]nless precluded by law, executive order, or regulation, deviations from the FAR may be granted [] when necessary to meet the specific needs and requirements of each agency."

444. The Executive Orders are being implemented with no express findings, no explanation, and no consideration of the distinct and diverse universe of federal agencies.

445. The Executive Orders impose universal and uniform requirements without regard to the particularized needs and circumstances of each federal agency and are therefore arbitrary and capricious in violation of the APA.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### SEVENTEENTH CAUSE OF ACTION

### Commerce Clause (Article 1, Section 8, Clause 3 of the US Constitution)

446. Plaintiffs incorporate each of the Complaint allegations stated above herein.

447. The Executive Orders likely exceed the federal government's authority under the Commerce Clause as each Order regulates noneconomic inactivity that falls squarely within the States' police power as a person's choice to remain unvaccinated and forgo regular testing is noneconomic inactivity. *NFIB v. Sebelius*, 567 U.S. 519, 522 (2012) (Roberts, C.J., concurring); *see also id.* at 652–53 (Scalia, J., dissenting). Mandating that a person receive a vaccine or undergo testing falls squarely within the States' police power. *Zucht v. King*, 260 U.S. 174, 176 (1922) (noting that precedent had long "settled that it is within the police power of a state to provide for compulsory vaccination"); *Jacobson v. Massachusetts*, 197 U.S. 11, 25–26 (1905) (similar).

448. The Executive Orders, commandeer U.S. employers to compel millions of employees to receive a COVID-19 vaccine or face termination. While the Commerce Clause power is expansive, it does not grant Congress the power to regulate noneconomic inactivity traditionally within the States' police power. *See Sebelius*, 567 U.S. at 554 (Roberts, C.J., concurring) ("People, for reasons of their own, often fail to do things that would be good for them or good for society. Those failures—joined with the similar failures of others—can readily have a substantial effect on interstate commerce. Under the Government's logic, that authorizes Congress to use its

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

commerce power to compel citizens to act as the Government would have them act. That is not the country the Framers of our Constitution envisioned."); *see also Bond v. United States*, 572 U.S. 844, 854 (2014) ("The States have broad authority to enact legislation for the public good—what we have often called a 'police power.' . . . The Federal Government, by contrast, has no such authority. . ." (Citations omitted)). Indeed, the courts "*always* have rejected readings of the Commerce Clause . . . that would permit Congress to exercise a police power." *United States v. Lopez*, 514 U.S. 549, 584 (1995) (Thomas, J., concurring). In sum, the Executive Orders far exceed current constitutional authority.

## RELIEF REQUESTED

A. A Declaration that Executive Order 14042 and Executive Order 14043 are unconstitutional for each Order's infringement upon the Free Exercise of Religion.

B. A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction restraining Defendants from taking adverse employment action against the Employees.

C. Attorney fees as authorized by statute.

D. Absent declaratory or injunctive relief, judgment in favor of each Plaintiff against his or her specific employer for wrongful termination and breach of contract, liability and damages to be determined by a jury of twelve.

E. Any other remedy deemed reasonable by this Court.

COMPLAINT - 66

1

**DATED** this 16th day of November 2021.

2

**ARNOLD & JACOBOWITZ PLLC**

3

/s/ Nathan J. Arnold

4

Nathan J. Arnold, WSBA No. 45356

5

2701 First Ave., Ste. 200
Seattle, WA 98121

6

(206) 799-4221
Nathan@CAJLawyers.com

7

8

**SILENT MAJORITY FOUNDATION**

9

/s/ Simon P. Serrano

10

Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation

11

5426 N. Rd. 68, Ste. D, Box 105

12

Pasco, WA 99301
(530)906-9666

13

pete@silentmajorityfoundation.org

14

*Counsel for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 67