1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   Hanford Security Police Officers
    DAVID G. DONOVAN and
8   CHRISTOPHER J. HALL, United          NO. 4:21-CV-5148-TOR
    States Department of Energy
9   employee STEPHEN C. PERSONS,         ORDER DENYING PLAINTIFFS'
    Safety Bases Compliance Officer      MOTION FOR DECLARATORY
10  THOMAS R. ARDAMICA, et al.,          RELIEF, TEMPORARY
                                         RESTRAINING ORDER, AND A
11                    Plaintiffs,        PRELIMINARY INJUNCTION

12        v.

13  BRIAN VANCE as Manager of the
    UNITED STATES DEPARTMENT
14  OF ENERGY Hanford Site,
    VALERIE MCCAIN as Vit Plant
15  Project Director, SCOTT SAX
    BECHTEL as President and Project
16  Manager of CENTRAL PLATEAU
    CLEANUP COMPANY, ROBERT
17  WILKINSON as President and
    Program Manager of HANFORD
18  MISSION INTEGRATED
    SOLUTIONS, LLC, DON HARDY
19  as Manager of HANFORD
    LABORATORIES MANAGEMENT
20  AND INTEGRATION 222-S
    LABORATORY MANAGER,

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 1

1  HIRAM SETH WHITMER as
   President and Program Manager,
2  HPM CORPORATION, STEVEN
   ASHBY as Laboratory Director,
3  PACIFIC NORTHWEST
   NATIONAL LABORATORY, JOHN
4  ESCHENBERG as President and
   Chief Executive Officer of
5  WASHINGTON RIVER
   PROTECTION SOLUTIONS,
6  JOSEPH R. BIDEN, President of the
   United States of America,
7
                        Defendants.
8

9       BEFORE THE COURT is Plaintiffs' Motion for Declaratory Relief,

10 Temporary Restraining Order, and a Preliminary Injunction (ECF No. 11).  This

11 matter was submitted for consideration with telephonic oral argument on

12 December 17, 2021.  Nathan J. Arnold and Simon Peter Seranno appeared on

13 behalf of Plaintiffs.  Molly M.S. Smith and John T. Drake appeared on behalf of

14 Federal Defendants.  Mark N. Bartlett and Kevin C. Baumgardner appeared on

15 behalf of Contractor Defendants.  The Court has reviewed the record and files

16 herein, considered the parties' oral arguments, and is fully informed.  For the

17 reasons discussed below, Plaintiffs' Motion for Declaratory Relief, Temporary

18 Restraining Order, and a Preliminary Injunction (ECF No. 11) is **DENIED**.

19

20

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 2

## PROCEDURAL BACKGROUND

This matter relates to President Biden's Executive Orders issued on September 9, 2021. As an initial matter, the Court notes the present motion and the operative Complaint are riddled with procedural and substantive deficiencies, which is curious given Plaintiffs' counsels' recent experience in this Court. In October 2021, one of Plaintiffs' counsels, Nathan J. Arnold, filed a similar action and motion with the Court, challenging the Washington State vaccine mandates. *See Bacon et al. v. Woodard et al.*, 2:21-CV-0296-TOR, ECF Nos. 1, 2. The Court issued a detailed Order denying the motion on November 8, 2021, ten days before the present action was filed, outlining the legal and factual deficiencies in Mr. Arnold's motion. *Bacon*, 2:21-CV-0296-TOR, ECF No. 63. Oddly, Mr. Arnold and his co-counsel, Simon Peter Serrano, have now filed a nearly identical motion in this matter but have failed to correct any of the legal and factual inadequacies that proved fatal to the motion in *Bacon*. *Compare* ECF No. 11 *with Bacon*, 2:21-CV-0296-TOR, ECF No. 2. When asked by the Court during oral argument whether Mr. Serrano had read the Order from *Bacon*, Mr. Serrano acknowledged he had "looked at it," but it is clear from the present briefing that he did not look at it closely enough.

Next, the Court notes Plaintiffs' Complaint is improperly captioned pursuant to Rule 10(a); Plaintiffs may not generally refer to the parties using "et al." until all

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY INJUNCTION ~ 3

1    parties have been named in the pleadings.  Fed. R. Civ. P. 10(a).  Additionally,

2    while Plaintiffs name nine defendants from whom Plaintiffs seek relief, seven of

3    those defendants ("Contractor Defendants") are improper defendants for the type

4    of claims raised in this action.  Those individuals, named in their official

5    capacities, are private employees of private companies, which did not, and could

6    not, promulgate the challenged Executive Orders.  Moreover, those seven private

7    individuals do not employ Plaintiffs; Plaintiffs are employed by private companies,

8    which are not named as defendants.  In any event, private employers cannot be

9    liable for constitutional violations.  At oral argument, the Court indicated the seven

10    private defendants were subject to dismissal but would wait for briefing on the

11    issue before making a ruling.

12        Plaintiffs also identify Brian Vance and President Biden, both acting in their

13    official capacities, as defendants ("Federal Defendants").  However, Plaintiffs do

14    not state a claim for relief against Defendant Vance.  Consequently, the only

15    defendant from whom Plaintiffs may seek relief is President Biden, and even then,

16    Plaintiffs may only seek injunctive relief against the Executive Orders, not

17    President Biden himself.  *Rosebud Sioux Tribe v. Trump*, 428 F. Supp. 3d 282, 291

18    (D. Mont. 2019) (citing *Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992)

19    (plurality)).

20        In any event, Plaintiffs' attempts at injunctive relief fall woefully short, just

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 4

as they did in Mr. Arnold's prior case before this Court.  *See Bacon*, 2:21-CV-0296-TOR, ECF No. 63.  Because the claims raised in the present motion are nearly identical to those raised in *Bacon*, for judicial economy, the Court will incorporate by reference its reasoning from *Bacon* in this Order.  Finally, the Court indicated at oral argument it would entertain motions for Rule 11 sanctions due to the egregious deficiencies in this matter.

## FACTS

There are 292 purported Plaintiffs in this action, all but seven of whom are employed by several private companies holding contracts with the federal government to carry out various duties related to the Hanford nuclear site in Richland, Washington.  ECF Nos. 41 at 7; 44 at 3.  The remaining seven Plaintiffs are employed by the Department of Energy ("DOE"), and also work at the Hanford site.  ECF No. 41 at 9.  Plaintiffs oppose the vaccination requirements being imposed by their employers pursuant to Executive Orders 14042 and 14043 ("Executive Orders").

The Executive Orders were issued on September 9, 2021.  ECF No. 41 at 6.  Executive Order 14043 requires all federal employees to be fully vaccinated; the Safer Federal Workforce Task Force (the "Task Force") issued guidance clarifying the deadline for federal employees to be fully vaccinated was November 22, 2021, unless they obtained an exemption.  *Id*.  Executive Order 14042 essentially

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY INJUNCTION ~ 5

requires employers who contract with the federal government to ensure their employees are fully vaccinated. ECF No. 44 at 8–9. This is achieved by requiring federal departments and agencies to introduce new contractual clauses that require covered contractors and subcontractors to comply with the guidance provided by the Task Force. *Id*. The Task Force issued guidance on September 24, 2021 stating that covered contractor employees who did not receive an exemption needed to be fully vaccinated by December 8, 2021. *Id*. at 9. The deadline for compliance is now January 18, 2022. *Id*. at 10.

Pursuant to Executive Order 14042, DOE modified its contracts, including the contracts held by the private entities that employ Plaintiffs. *Id.* at 12–18. Those private entities then adopted processes through which employees could seek vaccination exemptions and accommodations. *Id*. Some Plaintiffs have completed the process, some are still going through the process, and others have not applied at all. ECF Nos. 1 at 4–41, ¶¶ 16–308; 41 at 9; 44 at 12–18.

Plaintiffs filed the present motion on November 19, 2021, seeking injunctive relief. ECF No. 11. Contractor Defendants and Federal Defendants (collectively, "Defendants") oppose the motion, primarily because Plaintiffs' claims are not yet ripe. ECF Nos. 41 at 8; 44 at 27.

//

//

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY INJUNCTION ~ 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## DISCUSSION

## I.    Judicial Notice

In support of their opposition to Plaintiffs' motion, Contractor Defendants request this Court take judicial notice of several public records relating to the challenged Executive Orders.  ECF No. 54.  A district court may take judicial of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  To that end, courts may take judicial notice of court filings and other matters of public record, including government documents available from reliable sources on the internet.  *Cross Culture Christian Ctr. v. Newsom*, 445 F. Supp. 3d 758, 764 (E.D. Cal. 2020) (internal quotations and citations omitted).

The documents submitted by Contractor Defendants are government notices and records that are publicly accessible from reliable sources on the internet and are not reasonably subject dispute.  The Court finds the documents are properly subject to judicial notice.

## II.    Legal Standard—Temporary Restraining Order

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a temporary restraining order (TRO) to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A).  The analysis for granting a temporary restraining

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 7

order is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest.  *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).  Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is

1  a likelihood of irreparable injury and that the injunction is in the public interest."

2  (internal quotation marks and citation omitted)).

3  ### A.  Likelihood of Success on the Merits

4        Plaintiffs' Complaint alleges the vaccination requirements imposed by the

5  Executive Orders violate state and federal law.  ECF No. 1.  As an initial matter,

6  while this Court may exercise supplemental jurisdiction over state law claims

7  pursuant to 28 U.S.C. § 1367, the decision is discretionary.  *Acri v. Varian Assocs.,*

8  *Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir.

9  1997), *as amended*, (Oct. 1, 1997).  In the interests of judicial economy,

10  convenience, fairness, and comity, the Court declines supplemental jurisdiction

11  over Plaintiffs' state law claims and will address only the challenges to federal law.

12        Plaintiffs' Complaint raises 17 causes of action, but the present motion

13  raises only nine.  Thus, the Court's Order will be limited only to the issues

14  currently raised.  The Court also notes that Plaintiffs attempt to raise an additional

15  cause of action in the present motion that is not pleaded in the Complaint,

16  specifically the Washington State theory of economic battery.  ECF No. 11 at 17–

17  19.  That cause of action will not be addressed as it is insufficiently pleaded.  *Pac.*

18  *Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

19       As a final matter, throughout the present motion, Plaintiffs rely heavily on

20  the holding and analysis in *BST Holdings, L.L.C. v. Occupational Safety and*

1    *Health Administration, United States Dep't of Lab.*, 17 F.4th 604 (5th Cir. 2021).

2    That case is not binding on this Court, nor is it persuasive or even instructive

3    because it involved a challenge to the statute implementing the emergency

4    temporary standard ("ETS") issued by the Occupational Safety and Health

5    Administration ("OSHA").  *See id.*  Challenges to administrative actions and

6    decisions are subject to wholly different legal standards than the challenges raised

7    here.  Plaintiffs' arguments that the holding and reasoning from *BST Holdings,*

8    *L.L.C.* should apply here are misplaced.

9        To obtain injunctive relief, Plaintiffs must show that there are "serious

10   questions going to the merits" of their claims, and that they are likely to succeed on

11   the merits.  *Cottrell*, 632 F.3d at 1131; *Farris*, 677 F.3d at 865.

12       *1. Ripeness*

13       Defendants argue Plaintiffs' claims are not yet ripe for judicial adjudication.

14   ECF Nos. 41 at 9; 44 at 27.  Plaintiffs' allegations generally hinge on their belief

15   that they will be terminated from employment should they fail to comply with the

16   vaccination requirements implemented by their employers pursuant to the

17   Executive Orders.  ECF No. 1 at 42–44, ¶¶ 313–323.  Because the time to comply

18   with the Executive Orders has been extended, Plaintiffs are not currently subject to

19   any enforcement action that may arise from non-compliance; thus, Plaintiffs raise a

20   pre-enforcement challenge.

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 10

1    The doctrine of ripeness is a threshold issue that is designed to "prevent the

2   courts, through avoidance of premature adjudication, from entangling themselves

3   in abstract disagreements. " *Thomas v. Anchorage Equal Rights Comm'n*, 220

4   F.3d 1134, 1138 (9th Cir. 2000) (citation omitted).  The doctrine is grounded in

5   both "Article III limitations on judicial power" (the Constitutional component) and

6   "prudential reasons for refusing to exercise jurisdiction" (the prudential

7   component).  *Id*. (citation omitted).

8        a. <u>Constitutional Component</u>

9        Ripeness overlaps with the injury-in-fact requirement for standing and is

10  essentially a temporal inquiry.  *Id*. at 1139.  Like the injury-in-fact requirement,

11  ripeness requires issues that are "definite and concrete, not hypothetical or

12  abstract."  *Id*. (citation omitted).  In the pre-enforcement context, while a plaintiff

13  need not wait until "the consummation of threatened injury to obtain preventative

14  relief," the plaintiff must still face a "*genuine* threat of *imminent* prosecution."

15  *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (citation omitted)

16  (emphasis in original).  To determine whether a threat of prosecution is imminent,

17  courts consider: "(1) whether the plaintiff has articulated a concrete plan to violate

18  the law in question; (2) whether the prosecuting authorities have communicated a

19  specific warning or threat to initiate proceedings; and (3) the history of past

20  prosecution or enforcement under the challenged statute."  *Id*.  Injuries or harms

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 11

1    that are too speculative are insufficient to support jurisdiction.  *Thomas*, 220 F.3d

2    at 1139.

3          Plaintiffs here have failed to articulate any facts from which the Court can

4    infer an imminent threat of harm or adverse enforcement action.  As to Plaintiffs'

5    plans for future noncompliance, only a handful of Plaintiffs explicitly state their

6    precise vaccination status.  *See, e.g.*, ECF No. 1 at 10, ¶ 60, at 14, ¶ 88, at 22, ¶

7    157.  The remaining Plaintiffs do not indicate whether they have received any

8    vaccine doses or whether they plan to in the future.  *Id.* at 4–41, ¶¶ 16–308.  Next,

9    many Plaintiffs are in various stages of the exemption and accommodations

10   process; some have completed the process, some have applications that are still

11   pending, and others have not even applied.  *See, e.g.*, ECF Nos. 1 at 6, ¶¶ 28, 30;

12   41 at 9; 45 at 4, ¶ 13; 46 at 11, ¶¶ 35–36; 49 at 6–7, ¶ 20.  Those who have not

13   applied do not indicate whether they plan to apply in the future.  Thus, Plaintiffs

14   have failed to articulate a clear plan to violate the vaccination requirement.

15         Regarding a specific warning or threat to initiate enforcement proceedings,

16   Plaintiffs do not allege they have received any communication that employment

17   termination is imminent.  Conversely, several Contractor Defendants have

18   affirmatively stated that Plaintiffs do not face imminent adverse employment

19   action.  ECF Nos. 45 at 5, ¶ 16; 46 at 11, ¶ 34; 53 at 4–5, ¶ 11.  Similarly,

20   Defendant DOE has affirmatively stated that the seven Plaintiffs it employs do not

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 12

1   face imminent adverse employment action.  ECF No. 42 at 6, ¶ 11.  Other

2   Contractor Defendants continue to review and revise the availability of

3   accommodations but have not indicated they plan to initiate adverse employment

4   action.  *See, e.g.*, ECF Nos. 48 at 4, ¶¶ 15–16; 52 at 4, ¶¶ 11–12.

5          Finally, because the vaccine mandates under the Executive Orders are new

6   and not yet enforceable, there can be no history or evidence of past enforcements

7   that would imply Defendants plan to take immediate adverse action against

8   Plaintiffs once the mandates are enforceable.

9          Plaintiffs' beliefs that they face imminent termination if they fail to comply

10  with the vaccine requirements are unfounded and insufficient to demonstrate a

11  genuine threat of imminent harm.  Therefore, Plaintiffs have failed to allege a

12  claim that is ripe for adjudication under the constitutional component.

13                     b.  Prudential Component

14         Plaintiffs' claims are unripe for prudential reasons as well.  Whether a case

15  is ripe for judicial adjudication under the prudential component is guided by two

16  overarching considerations: "the fitness of the issues for judicial decision and the

17  hardship to the parties of withholding court consideration."  *Thomas*, 220 F.3d at

18  1141.

19         Here, the time for compliance with the vaccination requirements has not yet

20  arrived.  If Plaintiffs decide to obtain vaccines in the interim, or they are approved

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 13

1    for exemptions, their issues may not ever require judicial review.  *See Am.*

2    *Petroleum Inst. v. E.P.A.*, 683 F.3d 382, 387 (D.C. Cir. 2012).  It is simply too

3    early to know with any degree of certainty whether Plaintiffs' fears of termination

4    will come into fruition.  Additionally, postponing review of Plaintiffs' claims will

5    not impose an undue hardship to the parties.  Plaintiffs have failed to demonstrate

6    they face any imminent threat of harm and delaying review will allow more time

7    for Plaintiffs to complete the exemption and accommodation process.  Delay will

8    also provide Defendants the opportunity to review and reevaluate exemption

9    applications already filed.

10           The Court finds Plaintiffs' claims are unripe for judicial review because

11   Plaintiffs' fears may never come into fruition, and because delaying review will

12   not unduly burden the parties.

13           Next, the Court need not reach the substance of Plaintiffs' claims; however,

14   given Mr. Arnold's and Mr. Serrano's bewildering attempt to relitigate nearly

15   identical claims that the Court has previously struck down, the Court will briefly

16   address the current legal and factual deficiencies for clarity.

17           2.   *Commerce Clause, Non-Delegation Clause, Separation of Powers*
               *Clause, Tenth Amendment*
18

19           Plaintiffs argue the Executive Orders "likely" exceed the federal

20   government's constitutional authority under the Commerce Clause, "run afoul" of

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 14

the doctrines of non-delegation and separation of powers, and violate the Tenth Amendment.  ECF No. 11 at 11.  Aside from a single case citation broadly discussing the principles of federalism, Plaintiffs do not provide any legal or factual analysis for these issues nor do Plaintiffs explain how these legal theories relate to their circumstances.  Therefore, Plaintiffs have failed to demonstrate there are serious questions going to the merits of these claims or that are they likely to succeed on the merits of the claims.

### 3.  Procurement Act

Plaintiffs seem to allege Executive Order 14042 violates the Procurement Act, 40 U.S.C. § 121(a).  *Id.*  Federal Defendants argue Executive Order 14042 is a valid exercise of the President's authority to direct federal contracting.

The purpose of the Procurement Act is "to provide the Federal Government with an economical and efficient system" for "procuring and supplying property and nonpersonal services."  40 U.S.C. § 101.  Under the Act, the President "may prescribe policies and directives . . . necessary to carry out" the provisions of the Act, so long as the policies are consistent with the Act.  40 U.S.C. §121(a).  Courts have interpreted this to mean the executive order must have a "sufficiently close nexus to the values of providing the government an economical and efficient system for procurement and supply."  *UAW-Lab. Emp. & Training Corp. v. Chao*, 325 F.3d 360, 366 (D.C. Cir. 2003) (citation and internal quotation omitted).

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY INJUNCTION ~ 15

However, courts have also recognized the "necessary flexibility and broad-ranging authority" granted to the President under the Act, and courts will find a nexus even where the connection seems attenuated or where arguments claiming the opposite effect may be advanced.  *Id.*

Executive Order 14042 easily satisfies the nexus requirement.  The express language of the Order states that it promotes federal government economy and efficiency by ensuring federal contractors implement adequate COVID-19 safeguards to protect their workers, which helps reduce the spread of COVID-19, thereby decreasing worker absences, reducing labor costs, and improving work efficiency at federal contractor worksites.  ECF No. 41 at 22.  The Taskforce explained these goals are achieved by increasing vaccination among federal contractors.  *Id.*

Federal Defendants submitted ample evidence demonstrating how the Hanford site benefits from these goals and purposes.  See ECF No. 44 at 24. Plaintiffs, on the other hand, have not advanced any arguments that would undermine the President's broad authority under the Act to issue the Executive Orders nor have they presented any salient arguments that would overcome the lenient standard by which courts judge the nexus requirement.

Plaintiffs have failed to demonstrate they are likely to succeed on the merits of their Procurement Act claim or that there are serious questions going to the

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY INJUNCTION ~ 16

1    merits of that claim.

2        *4.  Free Exercise of Religion*

3        Similar to the free exercise claim alleged in *Bacon*, it is unclear from

4    Plaintiffs' briefing what argument they are attempting to advance.  ECF No. 11 at

5    12–15; *see Bacon*, 2:21-CV-0296-TOR, ECF No. 63 at 10.  However, the

6    Complaint appears to raise both facial and as-applied challenges to the Executive

7    Orders.  ECF No. 1 at 2, ¶ 3.

8        To avoid First Amendment violations under the Free Exercise Clause, a law

9    must be facially neutral and generally applicable.  *Church of the Lukumi Babalu*

10   *Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).  Laws that satisfy these

11   requirements need not be justified by a compelling governmental interest.  *Id.*  This

12   is true even where the laws have an incidentally burdening effect on religious

13   practice.  *Id.*  However, laws that are not facially neutral and generally applicable

14   must be justified by a compelling governmental interest and must be narrowly

15   tailored to advance that interest.  *Id.*

16       Facial challenges are more difficult to prove than as-applied challenges.

17   *Young v. Hawaii*, 992 F.3d 765, 779 (9th Cir. 2021).  "To succeed on a facial

18   challenge, the challenger must establish that no set of circumstances exists under

19   which the regulation would be valid."  *Doe v. Zucker*, 496 F. Supp. 3d 744, 754

20   (N.D.N.Y. 2020) (internal brackets omitted).  Judicial review of facial challenges

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 17

is limited to the text of the law or regulation itself.  *Young*, 992 F.3d at 779.

Challenges to general applicability will succeed if the record before the court

"compels the conclusion" that suppression of religion or religious practice is the

object of the law at issue.  *Church of the Lukumi Babalu Aye, Inc.*, 508 U.S. at 534.

Here, Plaintiffs' free exercise challenge to the Executive Orders fails for the

same reasons the plaintiffs in *Bacon* failed: the Executive Orders are facially

neutral and as applied.  *Bacon*, 2:21-CV-0296-TOR, ECF No. 63 at 10–13.  On

their faces, neither identifies or singles out any religion or religious practice, and

they are generally applicable because they apply with equal force to all federal

government employees and contractors, regardless of their religious affiliation—or

lack thereof.  Moreover, Plaintiffs have not alleged sufficient facts demonstrating

their sincerely held religious views have been affected by the Executive Orders.

Consequently, Plaintiffs have failed to demonstrate they are likely to succeed on

the merits of their free exercise claim or that there are serious questions going to

the merits of the claim.

    5. *Title VII; Americans with Disabilities Act (ADA)*

As the Court previously explained in *Bacon*, Plaintiffs' claims cannot

proceed in district court because they have failed to exhaust their administrative

remedies.  *Bacon*, 2:21-CV-0296-TOR, ECF No. 63 at 8–10.  Mere attempts at

exhaustion are insufficient.  Therefore, Plaintiffs cannot demonstrate a likelihood

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 18

1   of success on the merits or that there are serious questions going to the merits of

2   those claims.

3           **B.   Irreparable Harm**

4           Similar to *Bacon*, it is once again difficult to decipher the irreparable harm

5   Plaintiffs allege they will suffer.  ECF No. 11 at 7.  The heading to this section of

6   Plaintiffs' brief seems to imply a loss of "free exercise and medical freedom," but

7   the analysis focuses almost entirely on a loss of employment.  ECF No. 11 at 7.  In

8   any event, the Court finds Plaintiffs have failed to demonstrate they will suffer

9   irreparable harm for the same reasons discussed in *Bacon*.  *Bacon*, 2:21-CV-0296-

10  TOR, ECF No. 63 at 14–16.

11          **C.   Balancing of Equities and Public Interest**

12          Plaintiffs imply that a failure to enjoin the Executive Orders will expose the

13  Hanford site to a "national security risk or environmental catastrophe."  ECF No.

14  11 at 8.  Plaintiffs grossly overstate the possibility of a safety or security threat to

15  the Hanford site, as they have provided no facts or evidence to support their

16  assertion.  Conversely, Defendant DOE confirmed there are sufficient Hanford

17  Patrol Security Police Officers who have attested to being fully vaccinated and

18  who will continue protecting the national security assets at the Hanford site.  ECF

19  No. 43 at 3, ¶ 8.  Moreover, Defendant DOE has a contingency plan in place that

20  will ensure the Hanford site remains protected even if all current fully vaccinated

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 19

officers become unavailable for service. *Id*. at ¶ 9. Plaintiffs' unsubstantiated allegations are insufficient to show the public interest would best be served by an injunction. *See also Bacon*, 2:21-CV-0296-TOR, ECF No. 63 at 17.

Plaintiffs do not address the balancing of equities. Nonetheless, the balance of equities tips heavily in Defendants' favor. Plaintiffs' Complaint and present motion are replete with procedural, factual, and legal deficiencies that cannot support the extraordinary remedy of injunctive relief. Thus, the balance of equities tips in favor of Defendants and the public interest would not be served by enjoining the Executive Orders.

## CONCLUSION

The Court finds that Plaintiffs have failed to satisfy either the *Winter* test or the *Cottrell* sliding scale test. Plaintiffs are not entitled to the relief they seek.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Declaratory Relief, Temporary Restraining Order, and a Preliminary Injunction (ECF No. 11) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 17, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND A PRELIMINARY
INJUNCTION ~ 20