1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  John T. Drake
4  Molly M.S. Smith
   Assistant United States Attorneys
5  Post Office Box 1494
6  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
7

8

9              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
10

11 Hanford Security Police Officers
   DAVID G. DONOVAN and               No. 4:21-CV-05148-TOR
12 CHRISTOPHER J. HALL, United
13 States Department of Energy employee
   STEPHEN C. PERSONS, Safety Bases    **FEDERAL DEFENDANTS'**
14 Compliance Officer THOMAS R.        **MOTION TO DISMISS**
   ARDAMICA, *et al.*,
15                                     03/11/2022
                          Plaintiff,   Without Oral Argument
16         v.

17
   BRIAN VANCE as Manager of the
18 UNITED STATES DEPARTMENT
   OF ENERGY Hanford Site, VALERIE
19 MCCAIN, as Vit Plant Project
   Director, BECHTEL, SCOTT SAX as
20 President and Project Manager of
   CENTRAL PLATEAU CLEANUP
21 COMPANY, ROBERT WILKINSON
22 as President and Program Manager of
   HANFORD MISSION INTEGRATED
23 SOLUTIONS, LLC., DON HARDY as
   Manager of HANFORD
24 LABORATORIES MANAGEMENT
   AND INTEGRATION 222-S
25 LABORATORY MANAGER, HIRAM
26 SETH WHITMER as President and
   Program Manager, HPM
27 CORPORATION, STEVEN ASHBY
   as Laboratory Director, PACIFIC
28

FEDERAL DEFENDANTS' MOTION TO DISMISS - i

NORTHWEST NATIONAL
LABORATORY, JOHN
ESCHENBERG as President and Chief
Executive Officer of WASHINGTON
RIVER PROTECTION SOLUTIONS,
JOSEPH R. BIDEN, President of the
United States of America,

Defendants.

## TABLE OF CONTENTS

I.        Introduction .................................................................................... 1

II.       Motion to Dismiss Standard ......................................................... 2

III.      Argument ........................................................................................ 3

        A. Brian Vance should be dismissed as a defendant because Plaintiffs fail to
           state any claim against him. ................................................................ 3

        B. The Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs do not
           have standing. ....................................................................................... 4

            i. Plaintiffs who have not applied for any exception face self-inflicted injuries
               that cannot support standing. ........................................................... 5

            ii. Plaintiffs who have already been vaccinated or who have been provided
                accommodations do not face an injury that gives them standing. ............... 6

            iii. Plaintiffs who have not alleged their exception status have not met their
                 burden of establishing jurisdiction. .................................................. 7

            iv. Plaintiffs who have not yet had their accommodation requests determined
                raise unripe claims. ...................................................................... 9

        C. Federal Defendants are not subject to ADA employment discrimination
           liability (Count 3) as a matter of law. ................................................ 11

        D. Plaintiffs' wrongful termination claim (Count 4) is premature, improperly
           pled, and barred by sovereign immunity. ........................................... 12

        E. Plaintiffs' state law claims (Counts 5 and 6) are insufficiently pled and barred
           by sovereign immunity. ..................................................................... 13

        F. The President has not violated the Procurement Act (Count 8) and is
           statutorily not subject to the Office of Federal Procurement Policy Act
           (Count 9). ........................................................................................ 15

        G. Plaintiffs' constitutional structural claims (Counts 10–13, 17) are
           insufficiently pled. .......................................................................... 16

        H. Plaintiffs' APA claims (Counts 14–16) fail for lack of a proper defendant. . 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.    Plaintiffs fail to adequately plead their equal protection challenge (Count 2)...............................................................................................................18

J.    The vaccination mandates do not violate Plaintiffs' substantive due process rights (Count 7)............................................................................................18

K.    Plaintiffs' free exercise claim is unripe and insufficiently pled (Count 1). ...19

**IV.    Conclusion .................................................................................................20**

Defendants Joseph R. Biden and Brian Vance, through counsel, respectfully move to dismiss Plaintiffs' Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and to dismiss Federal Defendants as parties to this suit.

## I.    Introduction

The ongoing COVID-19 pandemic poses a serious threat to public health and the economy.  The illness and mortality caused by COVID-19 have led to serious disruptions for organizations, employees, and contractors across the United States, and the federal government is no exception.  Accordingly, on September 9, 2021, the President issued two Executive Orders aimed at preventing disruptions in the provision of government services by federal employees and contractors by combatting the spread of COVID-19.  *See* Requiring Coronavirus Disease 2019 Vaccination for Federal Employees, Exec. Order No. 14043, 86 Fed. Reg. 50,989, (Sept. 9, 2021) ("Employee Order"); Ensuring Adequate COVID Safety Protocols for Federal Contractors, Exec. Order No. 14,042, 86 Fed. Reg. 50,985 (Sept. 9, 2021) ("Contractor Order").

Plaintiffs are a group of nearly 300 individual employees who are allegedly subject to the Executive Orders' vaccination requirements due to their employment with the Department of Energy ("DOE") or a covered contractor at the DOE Hanford Site in Richland, Washington.  Plaintiffs oppose COVID-19 vaccination for a variety of personal, medical, and religious reasons.  Plaintiffs seek to enjoin enforcement of

the Executive Orders and money damages in the event they face adverse employment actions. Even accepting Plaintiffs' factual allegations as true at this stage in the proceedings, Plaintiffs' claims against Federal Defendants should be dismissed, as all causes of action asserted against Federal Defendants are either nonjusticiable or fail to state a claim.

## II.    Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is addressed to the court's subject matter jurisdiction. Questions of justiciability are "inherently jurisdictional." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 981 (9th Cir. 2007). A court may not hear claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion may be classified as either facial, in which case the court's inquiry is limited to the allegations in the complaint, or factual, in which case the court may consider extrinsic evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The party asserting jurisdiction bears the burden of proof on the issue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is addressed to the sufficiency of the pleading of claims in the complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To proceed past the

pleading stage, the plaintiff's factual allegations, accepted as true, must state a claim

that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible when the plaintiff pleads facts that allow the court to "draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).  While detailed factual recitations are not required,

the plaintiff must come forward with more than "unadorned, the-defendant-

unlawfully-harmed-me" allegations.  *Id.*  Formulaic recitations of the elements of a

claim, supported by mere labels and conclusions, are not sufficient.  *Twombly*, 550

U.S. at 555.

## III.   Argument

### A.   Brian Vance should be dismissed as a defendant because Plaintiffs fail to state any claim against him.

As the Court previously recognized, Plaintiffs fail to state any claim against

Defendant Brian Vance.  ECF No. 58 at 4.  Plaintiffs' Complaint makes no allegation

against Defendant Vance other than to identify him as the Manager of the United

States DOE Hanford Site.  ECF No. 1 at ¶ 7.  In failing to make any other factual

allegation regarding Defendant Vance, Plaintiffs fail to offer more than insufficient

"unadorned, the-defendant-unlawfully-harmed-me" allegations.  *Iqbal*, 556 U.S. at

678.  The Court should dismiss all claims asserted against Defendant Vance.

1

2

**B.** <u>The Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs do not have standing.</u>

Although this case involves challenges being raised by 292 individuals,

Plaintiffs are generally divisible into two categories:  federal government employees,

and employees of federal contractors and subcontractors.  The types of claims they

assert are also generally divisible into two categories:  facial challenges to the legality

of the two Executive Orders themselves, and as-applied challenges to the manner in

which Plaintiffs' employers have implemented the relevant vaccination mandates.

While Federal Defendants are the subject of the as-applied challenges asserted only by

the seven Federal Employee Plaintiffs, Federal Defendants are the subject of the facial

challenges raised by all Plaintiffs.  Accordingly, Federal Defendants have an interest

in challenging the standing of all Plaintiffs.

Article III courts are courts of limited jurisdiction, and questions of

justiciability are "inherently jurisdictional."  *See Corrie*, 503 F.3d at 981.  Challenges

to standing are properly asserted in a Rule 12(b)(1) motion.  *Chandler v. State Farm*

*Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The "irreducible

constitutional minimum of standing" requires that the Plaintiff suffer an "injury in

fact" that is "concrete and particularized" and "actual or imminent," that there is a

"causal connection between the injury and the conduct complained of," and that it is

"likely" that the injury is redressable by a favorable decision.  *Lujan*, 504 U.S. at 560–

61 (citations omitted).

Plaintiffs' alleged injuries in this case are based on their supposed forced choice between receiving an unwanted vaccine or risking their continued employment. They explicitly identify their "imminent and wrongful termination" as the harm they face. ECF No. 1 at ¶ 1. But accepting as true at this stage of the proceedings that Plaintiffs have good-faith medical or religious objections to vaccination, Plaintiffs are able to pursue an exception and accommodations from the vaccine mandates. Based on the allegations raised in the Complaint, Plaintiffs have generally pursued that option as follows: (1) some have not applied for an exception to the vaccination requirement; (2) some are already vaccinated or have been granted an accommodation; (3) some have not alleged the status of any request for an exception; and (4) some have sought an exception but have not yet had accommodations determined. For slightly different reasons, each of these plaintiff categories lack standing to pursue their claims.

> i. *Plaintiffs who have not applied for any exception face self-inflicted injuries that cannot support standing.*

Three Plaintiffs in this case affirmatively pled that they have not applied for an exception to their employers' implementation of the vaccine mandates. ECF No. 1 at ¶¶ 39, 158, 208. These Plaintiffs lack standing because their injuries are self-imposed.

In order to meet the causation requirement of the standing test, a plaintiff's injury must be "fairly traceable to the challenged action." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves," as such harms are not fairly traceable to the

defendant's conduct.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).  The Executive Orders challenged here implement vaccination requirements, but they allow for exceptions as required by law.  Plaintiffs have the ability to seek exceptions from the requirement by seeking accommodations from their employers.  But the three Plaintiffs who have declined to pursue exceptions are not facing potential termination because the vaccine mandates unduly burden their legal rights; rather, they are facing potential termination because they have declined to pursue the exception and accommodation process available to them.  That injury is not traceable to Federal Defendants.  Because these three Plaintiffs' claimed injuries are self-inflicted, they are insufficient to support standing to sue Federal Defendants, and these Plaintiffs should be dismissed from this case.

> ## ii.  *Plaintiffs who have already been vaccinated or who have been provided accommodations do not face an injury that gives them standing.*

The Plaintiffs in this case who are already vaccinated, and those who have received accommodations from their employers, do not have standing in this case because they are fully compliant with the vaccination mandates and do not face the injuries alleged in the complaint.

The "injury in fact" component of standing "requires that the party seeking review be himself among the injured."  *Lujan*, 504 U.S. at 563 (citation omitted).  Of the 292 Plaintiffs in this case, 25 have alleged either that they are already fully vaccinated or that they have been granted some form of accommodation by their

FEDERAL DEFENDANTS' MOTION TO DISMISS - 6

employer.  ECF No. 1 at ¶¶ 19, 27, 36, 45, 60, 88, 110, 119, 129, 147, 157, 161, 169, 189, 204, 207, 212, 247, 251, 252, 255, 271, 282, 292, 294.  Additionally, two HMIS employees alleged that their requested accommodations were either rescinded or denied.  ECF No. 1 at ¶¶ 65, 128.  However, according to the Declaration of Holly Johnson submitted in support of the Contractor Defendants' opposition to Plaintiffs' TRO motion, all HMIS employees who requested an exception have since been offered an accommodation of masking and regular COVID-19 testing as an alternative to vaccination.[1]  ECF No. 49 at 6, ¶ 18.  Together, these 27 Plaintiffs are compliant with the vaccination mandates, either by becoming fully vaccinated or by obtaining a legal exception from the policy.  They therefore do not face termination from their employment based on the challenged vaccination mandates.  Thus, these Plaintiffs do not face the injury they allege to support their standing to sue in this case, and their claims should be dismissed.

> iii.  *Plaintiffs who have not alleged their exception status have not met their burden of establishing jurisdiction.*

Some Plaintiffs have not alleged any information about whether they have sought exception requests, and therefore have not sufficiently pled information to establish that they have standing to sue.  "The party invoking federal jurisdiction bears the burden of establishing standing."  *Clapper*, 568 U.S. at 411–12 (citation and

---

[1] The Court may consider this declaration without converting the present motion into a summary judgment motion.  *Safe Air*, 373 F.3d at 1039.

FEDERAL DEFENDANTS' MOTION TO DISMISS - 7

quotation marks omitted).  Since standing is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Seventeen Plaintiffs here have alleged their job titles, but have alleged no information about their vaccination status, the nature of their objection, or whether they have pursued an exception from the vaccination requirement.  ECF No. 1 at ¶¶ 28, 30, 83–85, 93, 104, 121, 135, 168, 176, 194, 198, 211, 234, 258, 261.  Three Plaintiffs have alleged that they received their first vaccine dose and do not wish to receive further doses, but they do not allege whether they have pursued an exception from the full vaccination requirement.  *Id.* at ¶¶ 98, 115, 237.  Two other Plaintiffs are employed by a sub-contractor of several of the contractor employers involved in this case, but they similarly do not indicate whether they have pursued individual exceptions from the vaccination requirement.  *Id.* at ¶¶ 205, 206.

These allegations are insufficient to meet Plaintiffs' burden of establishing they have standing.  If any of these Plaintiffs did not apply for an exception from the vaccination requirement, they fall into the first category of plaintiffs whose injuries are self-inflicted and not traceable to the challenged Executive Orders.  If any of these Plaintiffs are granted accommodations, they will be compliant with the vaccination requirement and will fall into the second category of plaintiffs who do not face any imminent injury in fact.  Without alleging more information, it is impossible to tell

1  whether these Plaintiffs have standing.  They therefore fail to meet their burden of

2  establishing standing at this stage in the proceedings, and their claims should be

3  dismissed.[2]

4

5              *iv.  Plaintiffs who have not yet had their accommodation requests*
                   *determined raise unripe claims.*
6
          The remainder of the individually named Plaintiffs allege that they have not yet
7
8  been granted accommodations, generally following the pattern pleading that the

9  Plaintiff has "submitted a religious and/or medical exemption, "accepted by" the

10  employer, "but has been provided no accommodation."  The Court should dismiss

11
   these claims as unripe.
12
          The ripeness doctrine guards against "premature adjudication" of abstract
13
14  disagreements and theoretical harms.  *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538

15  U.S. 803, 807–08 (2003) (citation omitted).  Ripeness contains both a constitutional

16  and a prudential component.  *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014).  The

17
   constitutional component derives from Article III, which limits the jurisdiction of
18
19  federal courts to deciding actual cases or controversies.  *Id.*  A case is not

20

21  _____

22  [2] Additionally, one Plaintiff fails to allege either his identity or his employer, so it is

23  impossible to determine from the pleadings whether this Plaintiff is even subject to

24
   either Executive Order, much less whether he has pursued or been granted an
25
26  accommodation.  ECF No. 1 at ¶ 132.  This Plaintiff's claims should also be

27  dismissed.

28

"constitutionally" ripe when the plaintiff's entitlement to relief depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (per curiam) (citation omitted). The prudential component of the ripeness inquiry focuses on whether the issues in the case are "fit for review" on the record presented. *Nat'l Park Hosp. Ass'n*, 538 U.S. at 812. The key consideration is whether "further factual development would significantly advance [the Court's] ability to deal with the legal issues presented." *Id.* (quotation and citation omitted); *see also In re Coleman*, 560 F.3d 1000, 1009 (9th Cir. 2009) (prudential considerations allow courts to "delay consideration of the issue until the pertinent facts have been well-developed in cases where further factual development would aid the court's consideration").

As the Court previously recognized at the TRO stage, Plaintiffs' misleading pleading language reveals that their claims are unripe. ECF No. 58 at 12–14. Plaintiffs do not allege that their requested accommodations have been denied, and therefore they do not face their alleged "imminent and wrongful termination" from employment with DOE or a Hanford contractor. ECF No. 1 at ¶ 1. As the declarations submitted in opposition to Plaintiffs' TRO motion establish, many Plaintiffs' accommodations requests are still pending review, including all of the requests submitted by the Federal Employee Plaintiffs. ECF No. 58 at 12–13; *see, e.g.*, ECF No. 42 at ¶ 11. These Plaintiffs do not face termination while their requests

1  are pending, and their requested accommodations may eventually be granted.[3]  As

2  both a constitutional and prudential matter, Plaintiffs have failed to allege claims that

3  are ripe for review.  The Court should dismiss these claims for lack of standing.

4

5        C.  Federal Defendants are not subject to ADA employment discrimination
              liability (Count 3) as a matter of law.

6        Plaintiffs' third cause of action asserts a claim for failure to provide reasonable

7  accommodations as required by the ADA.  ECF No. 1 at ¶¶ 337–45.  Although this

8  case involves 292 individual Plaintiffs asserting 17 causes of action against eight

9

10  different employers and the President of the United States, the Complaint does not

11  bother to delineate which Plaintiffs assert which claims against which Defendants.

12  Federal Defendants are left to assume that all claims are being asserted against them in

13  some capacity.

14

15        To the extent Plaintiffs have alleged their ADA claim against Federal

16  Defendants, Plaintiffs fail to state a claim.  If Plaintiffs' claim is construed as a facial

17

18  challenge to the two Executive Orders, this claim fails because both Executive Orders

19  provide for vaccination exceptions as required by law.  86 Fed. Reg. 50,989; 86 Fed.

20  Reg. 50,985.  And if Plaintiffs' claim is construed as an as-applied challenge brought

21

22  against Federal Defendants by the Federal Employee Plaintiffs, they still fail to state a

23

24

25  [3] Indeed, the declarations submitted in support of the Contractor Defendants' TRO

26  response indicate that this is now the case for many Plaintiffs.  *See* ECF No. 44 at 11–

27  19.

28

claim.  The ADA does not apply to the federal government as an employer.

*Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999).  Moreover,

the Federal Employee Plaintiffs do not allege that they have a disability or medical

condition that prevents them from becoming vaccinated.  ECF No. 1 at ¶¶ 18, 57, 67,

87, 111, 166, 288.  Plaintiffs have therefore failed to allege that the Federal Employee

Plaintiffs are among the "[s]ome Plaintiffs [who] have medical conditions that

prohibit them from receiving the COVID-19 vaccine."  ECF No. 1 at ¶ 338.  The

Court should dismiss this claim against Federal Defendants.

        D.  <u>Plaintiffs' wrongful termination claim (Count 4) is premature, improperly pled, and barred by sovereign immunity.</u>

Count 4 of the Complaint asserts a claim for wrongful termination in violation

of Title VII of the Civil Rights Act and the Washington Law Against Discrimination

("WLAD").  ECF No. 1 at ¶ 347.  Because Plaintiffs fail to articulate which Plaintiffs

assert this claim against which Defendants, Federal Defendants are left to assume this

count is asserted against them by the seven Federal Employee Plaintiffs.  The Court

should dismiss this claim for several reasons.

First, and fatally, the Complaint does not allege that any of the Federal

Employee Plaintiffs have been terminated.  Plaintiffs cannot state a facially plausible

claim for wrongful termination of any kind if they have not yet been terminated.  *See*

*Twombly*, 550 U.S. at 570.

Second, to the extent Federal Employee Plaintiffs assert a Title VII claim, the Court lacks jurisdiction over this claim because Plaintiffs have failed to name a federal department head as a proper defendant or exhaust their administrative remedies prior to bringing a Title VII claim against the federal government. *See Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989) (failure to file Title VII suit against proper defendant within the 30-day time limit from receipt of notice of final EEOC action is a jurisdictional defect).

Finally, to the extent Federal Employee Plaintiffs assert a claim for violation of WLAD against Federal Defendants, that claim is barred by sovereign immunity. Federal Defendants are sued here in their official capacities, and therefore cannot be liable under state law unless Congress has waived the United States' sovereign immunity. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008). Congress has not waived the United States' sovereign immunity for WLAD claims, so Plaintiffs' WLAD claim against Federal Defendants is barred. The Court should dismiss this claim against Federal Defendants.

E. <u>Plaintiffs' state law claims (Counts 5 and 6) are insufficiently pled and barred by sovereign immunity.</u>

Plaintiffs assert state law claims for breach of contract and intentional or negligent infliction of emotional distress. ECF No. 1 at ¶¶ 346–53. Plaintiffs' conclusory assertions in support of these claims fail to meet Rule 12's plausible pleading standard. *Twombly*, 550 U.S. at 570.

On their breach of contract claim, Plaintiffs allege "[t]here exists a binding contract relationship between each Plaintiff and his or her employer" and "Defendants have made it clear they intend to breach each Plaintiffs' contract with the respective Defendant."  ECF No. 1 at ¶¶ 349, 351.  As this claim relates to Federal Defendants, Federal Employee Plaintiffs do not identify any specifics about what "binding contract relationship" exists between them and Federal Defendants, nor do they identify what contract term is about to be breached.[4]  Moreover, Plaintiffs' language here exposes the ripeness issue that permeates this case—an allegation that Defendants supposedly "intend to breach" a contract is not an allegation that Defendants *have* breached a contract.  Plaintiffs fail to sufficiently allege a breach of contract claim.

Likewise, Plaintiffs' claim for intentional or negligent infliction of emotional distress asserts only that "Defendants engaged in extreme and outrageous conduct toward Plaintiffs" and that Plaintiffs have been injured.  ECF No. 1 at ¶¶ 354–58.  In a 67-page Complaint by 292 Plaintiffs against multiple defendants, Plaintiffs have pleaded no specific factual allegations in support of this claim.  Plaintiffs' conclusory recitation of the elements of an IIED/NIED claim amount to nothing more than

---

[4] Similarly, Plaintiffs' vague pleading prevents Federal Defendants from understanding how they might plausibly be liable for violating the Contracts Clause of the Constitution, as alleged at ECF No. 1 at ¶ 352.

"unadorned, the-defendant-unlawfully-harmed-me" allegations that fail to state a claim. *Iqbal*, 556 U.S. at 678.

And again, as to both Counts 5 and 6, Plaintiffs' state law claims against Federal Defendants are barred by sovereign immunity. *Ibrahim*, 538 F.3d at 1258. To the extent that Plaintiffs wish to assert a tort claim for money damages against the United States, they must name a proper defendant and first exhaust administrative remedies pursuant to the Federal Tort Claims Act. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). The Court should dismiss Counts 5 and 6 of the Complaint against Federal Defendants.

F.  <u>The President has not violated the Procurement Act (Count 8) and is statutorily not subject to the Office of Federal Procurement Policy Act (Count 9).</u>

The Contractor Order is a valid exercise of the President's authority to direct federal contracting. Federal Defendants reincorporate their arguments about the Procurement Act from their TRO opposition brief. ECF No. 41 at 20–24. And as this Court has already recognized, the Contractor Order "easily satisfies the nexus requirement" of the Procurement Act. ECF No. 58 at 16. The Contractor Order is concerned with protecting the federal government's financial and operational interests as a contracting party. Ensuring that its contractors do not suffer major disruptions from COVID-19 accomplishes just that. Plaintiffs' claims to the contrary should be dismissed.

Plaintiffs' claims for violation of federal procurement policy also fail. Plaintiffs seek to hold the President liable for failing to comply with the notice and comment provisions of the Office of Federal Procurement Policy ("OFPP") Act. ECF No. 1 at ¶¶ 381–84 (citing 41 U.S.C. § 1707(a)(1)). But this provision only applies to "executive agencies," which does not include the President or the White House in its statutory definition. 41 U.S.C. § 133. Because the President is not bound by the OFPP Act's notice and comment procedures, this claim should be dismissed.

G. Plaintiffs' constitutional structural claims (Counts 10–13, 17) are insufficiently pled.

Plaintiffs raise a series of constitutional structural arguments seeking to invalidate the Executive Orders as generally violating principles of federalism and separation of powers. Plaintiffs' pleading of these claims is difficult to discern at best. While Plaintiffs have recited a series of constitutional terms of art, their pleadings jumble multiple distinct constitutional principles in such an incomprehensible way that none of their claims are plausible on their face. *Twombly*, 550 U.S. at 570.

As an example, Count 17 of the Complaint purports to raise a Commerce Clause challenge to the Executive Orders. But the substance of Count 17 is devoted to arguments about federalism and the anticommandeering principle. ECF No. 1 at ¶¶ 446–48. Count 11 of the Complaint purports to claim that the Executive Orders violate separation of powers and federalism principles, but the substance of Count 11 is devoted to arguing that the Procurement Act is an *ultra vires* exercise of Congress'

enumerated powers under Article I, Section 8 of the Constitution.  ECF No. 1 at

¶¶ 399–407.  Count 12 of the Complaint purports to assert that the Executive Orders

violate federalism principles by intruding on states' police powers, but it is unclear

how this cause of action is different from the federalism claims that are also asserted

in Count 11 and argued in support of Count 17.  *Compare* ECF No. 1 at ¶¶ 410–12

*with* ¶ 448.  While Plaintiffs have recited constitutional law buzzwords, their

pleadings are incomprehensible.[5]  The Court should dismiss these constitutional

claims for failure to state a claim.

### H. Plaintiffs' APA claims (Counts 14–16) fail for lack of a proper defendant.

Plaintiffs raise three claims that the Federal Acquisition Regulatory Council's

class deviation, the OMB Determination, and the Executive Orders themselves all

violate the APA.  ECF No. 1 at ¶¶ 418–45.  The only federal defendant relevant to an

APA claim here is President Biden.  But the President cannot be sued under the APA.

---

[5] To be sure, the Supreme Court recently considered two separate consolidated cases

that raised constitutional and statutory challenges to two different federal COVID-19

vaccination policies.  *Nat'l Fed'n of Ind. Bus. v. Dept. of Lab.*, 595 U.S. ___ (2022);

*Biden v. Missouri*, 595 U.S. ___ (2022).  But Federal Defendants are unable to discern

their applicability to this case based on the current muddled state of Plaintiffs'

pleadings.

*Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992).  Because Plaintiffs' APA claims fail to name a proper defendant, they should be dismissed for failure to state a claim.

## I.    Plaintiffs fail to adequately plead their equal protection challenge (Count 2).

Plaintiffs apparently assert that their equal protection rights are being violated on the basis of their status as having "natural immunity" against COVID-19.  ECF No. 1 at ¶ 335.  Aside from the basic problem that only a handful of Plaintiffs have alleged their "natural immunity" status, Plaintiffs fail to articulate an equal protection claim.  "Natural immunity" is not a suspect class, so Plaintiffs' equal protection claim is subject to rational basis review.  *See Tandon v. Newsom*, 992 F.3d 916, 930 (9th Cir. 2021).  And Plaintiffs wholly fail to plead what about the vaccination mandates fails rational basis review by not being "rationally related to a legitimate goal."  *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1193 (9th Cir. 2013).  Plaintiffs' equal protection claim should be dismissed for failure to state a claim.

## J.    The vaccination mandates do not violate Plaintiffs' substantive due process rights (Count 7).

Plaintiffs' substantive due process claim is foreclosed by clearly established law.  As the Supreme Court explained in addressing another vaccine mandate over 115 years ago, "the liberty secured by the Constitution of the United States to every person within its jurisdiction does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint."  *Jacobson v. Massachusetts*, 197 U.S. 11, 26 (1905).  The Court continued, "[r]eal liberty for all

could not exist under the operation of a principle which recognizes the right of each individual person to use his own, whether in respect of his person or his property, regardless of the injury that may be done to others." *Id.*

Courts today continue to rely on *Jacobson* to find that vaccination requirements such as those at issue here do not burden any "fundamental right ingrained in the American legal tradition." *Klaassen v. Tr. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021). As the cases cited in Federal Defendants' TRO opposition brief demonstrate, Plaintiffs do not have a fundamental liberty interest in avoiding vaccination, their claims should be evaluated under rational basis review, and numerous courts, including this Court, have recognized that stemming the spread of COVID-19 is a legitimate state interest. *See* ECF No. 41 at 28–30.

Plaintiffs' Complaint does not discuss any of this relevant legal framework. Instead, Plaintiffs appeal broadly to their interests in privacy and bodily autonomy, without citation to law. ECF No. 1 at ¶¶ 359–62. These "unadorned, the-defendant-unlawfully-harmed-me" allegations are insufficient to meet Plaintiffs' pleading burden. *Iqbal*, 556 U.S. at 678. The Court should dismiss Plaintiffs' substantive due process claims for failure to state a claim.

K. Plaintiffs' free exercise claim is unripe and insufficiently pled (Count 1).

The Executive Orders do not violate Plaintiffs' free exercise rights. To the extent Plaintiffs intended to assert a facial First Amendment challenge to the Executive Orders, such claim would fail on its face because the vaccination mandates

each provide for exceptions "as required by law." 86 Fed. Reg. at 50,990; 86 Fed.

Reg. at 50,985. And to the extent the Federal Employee Plaintiffs assert an as-applied

challenge to the vaccination mandate against Federal Defendants, their claims are

unripe and insufficiently pled. First, as discussed *supra*, no Federal Employee

Plaintiff has alleged that their request for religious accommodations has been denied.

The Federal Employee Plaintiffs' claims are speculative at this point and are therefore

unripe for review. Second, even if the Federal Employee Plaintiffs had ripe claims,

those Plaintiffs have failed to allege any information about the nature of their religious

beliefs or practices, their job duties, or their accommodation requests. To proceed

past the pleading stage, the plaintiff's factual allegations, accepted as true, must state a

claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. Here, Plaintiffs have

made no factual allegations that can be evaluated under the relevant legal framework.

The Court should dismiss these claims for failure to state a claim.

## IV. Conclusion

For the reasons set forth above, Federal Defendants respectfully request that

Plaintiff's claims against Federal Defendants all be dismissed either for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or for failure to state a claim

pursuant to Fed. R. Civ. P. 12(b)(6), and that Federal Defendants be dismissed as

parties to this suit.

DATED this 18th day of January 2022.

*Vanessa R. Waldref*
United States Attorney

*s/Molly M.S. Smith*
John T. Drake
Molly M.S. Smith
Assistant United States Attorneys
*Attorneys for Federal Defendants*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on January 18, 2022, I caused to be delivered via the

3

method listed below the document to which this Certificate of Service is attached

4

5

(plus any exhibits and/or attachments) to the following:

6

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Nathan J. Arnold<br>Arnold & Jacobowitz PLLC<br>2701 First Avenue, Suite 200<br>Seattle, WA 98121<br>nathan@CAJlawyers.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| Simon Peter Serrano<br>Silent Majority Foundation<br>5426 N. Rd. 68, Ste. D, Box 105<br>Pasco, WA 99301<br>pete@silentmajorityfoundation.org | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| Mark N. Bartlett<br>Arthur A. Simpson<br>Sarah Cox<br>Davis Wright Tremaine LLP<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104-1610<br>markbartlett@dwt.com<br>arthursimpson@dwt.com<br>sarahcox@dwt.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| Kevin C. Baumgardner<br>Corr Cronin LLP<br>1001 Fourth Ave., Suite 3900<br>Seattle, WA 98154<br>kbaumgardner@corrcronin.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*s/Molly M.S. Smith*
Molly M.S. Smith

28

FEDERAL DEFENDANTS' MOTION TO DISMISS - 22