1
2
3
4
5
6
7
8
9

Nathan J. Arnold, WSBA No. 45356
Arnold & Jacobowitz PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 799-4221
nathan@CAJlawyers.com

Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation
5426 N. Rd. 68, Ste. D, Box 105
Pasco, WA 99301
(530) 906-9666
pete@silentmajorityfoundation.org

10
11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

12
13
14
15
16
17
18
19
20
21
22
23
24
25

DAVID G. DONOVAN, CHRISTOPHER
J. HALL, STEPHEN C. PERSONS,
THOMAS R. ARDAMICA, TERRI
ADAMS, JEFF AHLERS, CODY
ALMQUIST, DOUGLAS ANDERSON,
CYRUS ANDERSON, JARYD JOSEPH
ANDERSON, KEVIN ARENA, MIGUEL
ARREDONDO, DON BAKER,
DAYNNA COFFEY ARDAMICA,
KORA BALES, TAIN BALLANTYNE,
DANIEL BEAM, JESS BEAN, JARED
BETKER, WILLIAM BINGHAM, LUIS
BLANCO, LESLIE BLANK, ERIK
BOMBARD, JAMES BOOTH,
STEPHANIE BOSCHERT, SHANNA
BRITTAIN, NATHANIEL BROOK, JEF
BROOKS, BRYAN BROPHY, LUKE
BULTENA, I.C., GEORGE CASE,
REENE CATLOW, BENJAMIN
CHAVEZ, NICK CHACON, MARY
CTHERINE CHRISTIANSON, JAMES T.
CLARK, JUSTIN CLANCY, TODD
JACOB CLARK, MARGARET CLARK,
BECKY COLBORN, DAVID COLE,
MARY COLE, DODD COUTTS, JAMES
CUEVAS, DAWNLEIGH CURTIS,
KELLY CUSTER, D.N., LANE DAHL,
JEFFREY DANIELS, JAMIE DAVIES,
SCOTT DAWSON, MARY DAY,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO. 4:21-cv-5148-TOR**

**FIRST AMENDED
COMPLAINT FOR
INJUNCTIVE AND
DECLARATORY RELIEF
AND DAMAGES**

**JURY DEMANDED**

COMPLAINT - 1

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

BRIANNA DELINE, DARRYN DELINE,
DARRYN DELINE, JAMES DEWEY,
DREW DIEDRICH, GREGG
DILLINGHAM, TODD DIRKS, JOHN
DOELL, JAKE DOMIT, STEVE
DONALDSON, KATHRYN DRAPER,
ERIC DYSLAND, MIKE EDDY,
ALEXANDRIA EDWARDS, MARY
RUTH EDWARDS, LUKE ELLIS, JESSE
ELVIK, ZACHERY ESLICK, ERIC
ESPINOZA, CHERYL EVOSEVICH,
ADAM FARIES, MARCUS FARIES,
ROBYN FARIS, THOMAS FARRIS,
JENNIFER FISH, JOHN FLANAGAN,
RANDY FOX, ALEJANDRO
FRAGOZO, MICHAEL FRAZIER,
SHARON FREELAND, DOROTHY
FRENZEL, PAUL FRENZEL, DANIEL
GABBARD, JENNIFER GARDINER,
JAMES GAGNON, EFREN GARCIA,
ERIC GARCIA, JAIME GARCIA, JOHN
GARFIELD, MATTHEW GARLICK,
CHRIS GEORGE, BEN GIESE, DON
GIESE, BRANDON GIMLIN, CRYSTAL
GIRARDOT, LEVI GLATT, HEATHER
GOLDIE, MICHAEL GOMEZ,
ENRIQUE GONZALES, CHRISTOPHER
GOODSEL, MICHELLE GRADIN,
DELMER GRAHAM, MATTHEW
GRAY, JERRY  GRIDLEY, JOSE
GUTIERREZ, JOSEPH HADE, LEVI
HAMBY, ERIC HANSEN, CAMERON
HARDY, DOUGLAS HART,
MARGUERITE HART, NICOLE HART,
TIM HART, VICTOR HART, CHAMISE
HARTMAN, PAMELA HARTSOCK,
JOSHUA HATCH, RON HAVENS,
KORY HEBDON, LARRY HEBERT,
KATIE HENDERSON, JOSHUA
HEDRICK, LEE HOLMES, JOY
HOUCHIN, MARVIN HUCK, ADAM
HUCKLEBERRY, ROBIN HUDSON,
JAMES IRELAND, DANIEL IRISH, J.I.,
ERIC ISON, ROGER IVERSON,
MIGUEL IZTAS, BRYCE JACKSON,
JOEL JACKSON, RAYMOND JEFFERS,
GARDINER JEFFREY, JOHNATHAN
JOHNS, KAMI JOHNS, TIMOTHY
JOHNS, BONNIE JOHNSON,
CHRISTOPHER JOHNSON, JAMES
JONES, ERIKA JORDAN, FAITH
KAANAPU, MARK KAMBERG,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT - 2

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

FRANK KEARNEY, BRIAN KEELEAN, )
KEITH KELLER, MAHLON KERWICK, )
RONALD KNIGHT, MARK KNIGHT, )
KARL KOHNE, KERRY KOST, )
THOMAS KRASNER, PATRICK )
KRZAN, DUSTIN LAMM, RYAN )
LANSING, GIL LEAL, SHARON )
LEINEN, BRIANNA LEITZ, JUSTIN )
LETTAU, CARL LINDSTROM, )
BRADLEY LOOSVELDT, COREY )
LOW, OSCAR LUCATERO, PHILLIP )
LOVE, GALE LYON, ISMAEL )
MAGALLANES, MATTHEW MALIN, )
JAOIRO MARTIN, DAVID MARTINEZ, )
BYRON MASSIE, JAMES MATTE, )
TRENT MAXWELL, SAM MCCARLEY, )
JOE MEIER, NORMA MENDOZA, )
CORY MEYER, KEVIN MILFORD, )
DARREN MILLER, BENJAMIN )
MINTER, JEREMY MIRANDA, DERIK )
MOE, TRENT MOONEY, RYAN )
MOORE, JOELLE MOSS, RYLEIGH )
MORRISON, DANIEL MORROW, )
ALLEN MORRIS, JENNIFER MULLEN- )
MORRIS, PATRICK MURPHY, PAUL )
NAEF, CELESTE NELSON, JOHNNY )
NEER, TOBIN NEYENS, MARCO )
NICACIO, MATT NICHOL, JEFFERY )
NIELSON, IVAN NUNEZ, JUAN )
NUNEZ, KELLY O'BRIEN, ANGEL )
OJEDA, LUIS OJEDA, WILLIAM )
OLSON, MARK OSLIN, WILLIAM )
OWEN, PATRICK PAESCHKE, )
STUART PALMER, NICHOLAS )
PARKER, JEFFERY DAVID PARRISH, )
DOUGLAS PATNODE, KEVIN )
PATTERSON, BRANDON PATTON, )
ZACHARY PIKE, BRIAN PISCA, JESSE )
POTTER, KELLY POYNOR, ADRIANA )
ELIZABETH PRESCOTT, BRYAN )
RAEDER, AGAPITO RAMOS, KEVIN )
REBERGER, HOWARD REED, )
MATTHEW REED, ROBERT )
REYNOLDS, RYAN RICHARDSON, )
RYDER RICHARDSON, GREG )
RICHTER, RYAN RICKENBACH, )
RAMON RIOJAS, MARTIN RIOS )
MAGANA, MICHAEL RIPPLINGER, )
ERNESTO RIVAS, JUNE ROBINSON, )
STACI ROCKEY, GREGORY )
RODENBURG, MANUEL RODRIGUEZ, )
LORI ROGERS, RYAN ROSENTHAL, )

COMPLAINT - 3

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    LEISHA ROWE, MISCHELLE
     RUSSELL, JAMISON SADDLER, KYLE    )
2    SALTZ, WILLIAM SAMSON, OSCAR    )
     SANCHEZ, MATTHEW SANDERS,    )
3    JOEL SAVAGE, RICK SCHIEFFER,    )
     JACOB SCHMID, JESSICA SCHUETTE,    )
4    JOHN SCHUETTE, DEVIN SHELBY,    )
     JEFF SHORT, STEVE SHORT,    )
5    THOMAS SICHLER, GIDGET    )
     SILVERS, STEPHEN SIMMONS,    )
6    ANDREA SIMS, DANIEL SIMS,    )
     EDWARD SINCLAIR, JOHN    )
7    SISEMORE, CATHY SLAPE, GABE    )
     SLAPE, DEREK SMALL, GREGORY    )
8    SMITH, SHAD SMITH, STEPHEN    )
     SMITH, WILLIAM SMOOT, TODD    )
9    SOMMERVILLE, KRISHEENA    )
     STAJDUHAR, DAMON STANLEY,    )
10   KIRSTEN STANLEY, DAVID    )
     STORACI, JOSEPH STOWMAN,    )
11   WILLIAM SULLIVAN, CARL    )
     SUTHERLAND, APRIL SWOFFORD,    )
12   ROGER W. SZELMECZKA, LINDA    )
     THOMAS, JAMES THORNE, ANDREW    )
13   TUCKER, DANIEL TURLINGTON,    )
     AMANDA TYLER, ARIC TYLER, EVA    )
14   UPCHURCH, BRANDT URWIN,    )
     JEFFVANDERPOL, ANGELA    )
15   VILLARREAL, AARON WEBBER,    )
     RYAN WEIDEMAN, WILLIAM    )
16   WEISBERG, SHAWN D. WELKER,    )
     HANS WELLENBROCK, TRENT    )
17   WELLNER, TRENT WELLNER, TOBIN    )
     WELLS, KRISTINA WHALEN, DANIEL    )
18   WHARTON, NATHANIEL WICK,    )
     WENDY WILDE, KEATON WILLIAMS,    )
19   LOGAN WILLIAMS, BRIAN    )
     WILLIAMSON, NATHANIEL WILSON,    )
20   ROBERT WOOD, PAUL WULFF,    )
     CHRISTOPHER YAROCH, TIM YORK,    )
     ROBERT ZANE    )
21                                  )
     Plaintiffs,    )
22                                  )
     v.    )
23                                  )
     JOSEPH R. BIDEN, in his official    )
24   capacity as President of the United    )
     States of America, JENNIFER    )
25   

COMPLAINT - 4

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

GRANHOLM, in her official capacity )
as Secretary of the UNITED STATES )
DEPARTMENT OF ENERGY, )
BRIAN VANCE in his official capacity )
as Manager of the UNITED STATES )
DEPARTMENT OF ENERGY Hanford )
Site, VALERIE MCCAIN, in her )
official capacity as Vit Plant Project )
Director, BECHTEL, SCOTT SAX in )
his official capacity as President and )
Project Manager of CENTRAL )
PLATEAU CLEANUP COMPANY, )
ROBERT WILKINSON in his official )
capacity as President and Program )
Manager of HANFORD MISSION )
INTEGRATED SOLUTIONS, LLC., )
DON HARDY in his official capacity as )
Manager of HANFORD )
LABORATORIES MANAGEMENT )
AND INTEGRATION 222-S )
LABORATORY MANAGER, HIRAM )
SETH WHITMER in his official )
capacity as President and Program )
Manager, HPM CORPORATION, )
STEVEN ASHBY in his official )
capacity as Laboratory Director, )
PACIFIC NORTHWEST NATIONAL )
LABORATORY, JOHN )
ESCHENBERG in his official capacity )
as President and Chief Executive Officer )
of WASHINGTON RIVER )
PROTECTION SOLUTIONS, )
                              Defendants. )
_____ )

## INTRODUCTION

1. Executive Order 14042, as related to federal contractor workforce, has been

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

enjoined under a nationwide inunction. See *Georgia, et al., v. Joseph R. Biden, et al.,* (S.D. Ga. Nov. 30, 2021), hereinafter *Georgia v. Biden*.

2. The 11th Circuit Court of Appeals has continued the injunction issued in *Georgia v. Biden* in place, pending briefing, argument and disposition by that Circuit Court.

3. This action seeks an Order from this Court, declaring that Executive Order 14042 exceeds President Joseph R. Biden's authority under FPASA and simultaneously seeks an order enjoining Defendants Valerie McCain, Scott Sax, Robert Wilkinson, Don Hardy, Hiram Seth Whitmer, Steven Ashby, John Eschenberg ("Contractor-Defendants") and Defendant Vance from enforcing Executive Order 14042, as related to each Defendant's respective workforce, while Executive Order 14042 remains enjoined by *Georgia v. Biden*, the 11th Circuit Court of Appeals or any other court of competent jurisdiction.

4. Most or all of Contractor-Defendants have paused enforcement of the COVID-19 vaccine workplace requirement of executive Order 14042 pursuant to the nationwide injunction, and this matter seeks a declaration from this court that no enforcement of Executive Order 14042 by the Contractor-Defendants may take place so long as a nationwide injunction remains in place.

5. This action also seeks an order from this Court, declaring that Executive Order 14043 exceeds President Joseph R. Biden's authority and seeks to enjoin Defendant

COMPLAINT - 6

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Vance from enforcement of Executive Order 14043 against the federal workforce employed at the United States Department of Energy's ("DOE") Hanford Site.

6. The Supreme Court of the United States of America stated last week, "[a] vaccination, after all, 'cannot be undone at the end of the workday.'" *National Federation of Independent Business, et al., v. Department of Labor, Occupation Safety and Health Administration, et al.,* 595 U.S. ___ (2022) (*per curiam*) (slip op., at 7) citing *In re MCP No. 165*, 20 F. 4th, at 274 (Sutton, C. J., dissenting) granting a Stay on the implementation of the Occupational Health and Safety Administration's Emergency Temporary Standard, 86 Fed. Reg. 61402 (requiring COVID-19 vaccination for employees of employers with 100 employees or more).

7. The opinion of the Supreme Court further stated: "We expect Congress to speak clearly when authorizing an agency to exercise powers of vast economic and political significance." *Id.* at 7 citing *Alabama Assn. of Realtors* v. *Department of Health and Human Servs.*, 594 U. S. ___, ___ (2021) (*per curiam*) (slip op., at 6) (internal quotation marks omitted).

8. The opinion of the Supreme Court further stated: "The question before us is not how to respond to the pandemic, but who holds the power to do so. The answer is clear: Under the law as it stands today, that power rests with the States and Congress, not OSHA." *Id.*, Gorsuch Concurring at 6-7.

9. Plaintiffs, workers at the Hanford Site, (collectively "Employees") come to this

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Court seeking relief regarding their imminent and wrongful termination, and the coercion imposed by Executive Order 14042 and/or Executive Order 14043.

10. The Hanford Site will have insufficient workers, including Hanford Guards and other employees required to maintain a minimum safe ("min safe") work environment at the Hanford Site if the provisions of Executive Order 14042 and/or Executive Order 14043, are enforced. The Defendants are on notice of this imminent and dangerous circumstance.

11. Plaintiffs seek emergency relief, challenging the validity and enforceability of Executive Order 14042 and Executive Order 14043 (the "Executive Orders") on the grounds that each is constitutionally or otherwise legally defective. Plaintiff's claim that the Executive Orders are defective on their face and are separately and independently defective as applied.

12. Plaintiffs further challenge each individual Defendant Employer's application, implementation, or enforcement of the Executive Orders developed by the representative Hanford Site Management Defendants (i.e., Defendants Vance, McCain, Sax, Wilkinson, Hardy, Whitmer, Ashby, and Eschenberg).

13. The actions of the Defendant Employers and the Hanford Site Management Defendants under the circumstances of this case, constitute government action.

**VENUE AND JURISDICTION**

14. This Court has jurisdiction pursuant to 28 USC §§ 1331 & 1343.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

15. Venue is proper in this Court where the Defendants reside in and/or act in their official capacities in the Eastern District of Washington pursuant to 28 USC § 1391. Each factor is located within this District as the United States Department of Energy Hanford Site is located in the Eastern District.

16. This court has supplemental jurisdiction based on the Washington Law Against Discrimination ("WLAD"), Revised Code of Washington ("RCW") 49.60 claims pursuant to 28 USC § 1367(a).

## PARTIES

### *Defendants*

17. Defendant, United States Secretary of Energy, Jennifer Granholm, is named in her official capacity as the Secretary of Energy.

18. Defendant Brian Vance is the Manager of the United States Department of Energy ("DOE") Hanford Site ("Hanford Site"). Mr. Vance, as the DOE Manager of the Hanford Site, has directed Hanford sitewide enforcement and implementation of Executive Orders 14043 and 14042. Mr. Vance is being sued in his professional capacity as DOE Hanford Site Manager for enforcement and implementation of discriminatory workplace policies that will result in the termination of DOE employees and federal contractor employees.

19. Defendant Valerie McCain is the Vit Plant Project Director for Bechtel. Bechtel is a DOE prime contractor performing work at the Hanford Site. Ms. McCain has

COMPLAINT - 9

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

directed the enforcement and implementation of the COVID-19 vaccine mandate for Bechtel Employees under Executive Order 14042. Ms. McCain is being sued in her professional capacity as Vit Plant Project Director for Bechtel for such enforcement and implementation.

20. Defendant Scott Sax is the President and Project Manager of Central Plateau Cleanup Company ("CPCCo"). CPCCo is a DOE prime contractor performing work at the Hanford Site. Mr. Sax has directed the enforcement and implementation of the COVID-19 vaccine mandate for CPCCo employees under Executive Order 14042. Mr. Sax is being sued in his professional capacity as CPCCo President and Project Manager for such enforcement and implementation.

21. Defendant Robert Wilkinson is the President and Program Manager of Hanford Mission Integrated Solutions, LLC. ("HMIS"). HMIS is a DOE prime contractor performing work at the Hanford Site. Mr. Wilkinson has directed the enforcement and implementation of the COVID-19 vaccine mandate for HMIS employees under Executive Order 14042. Mr. Wilkinson is being sued in his professional capacity as HMIS President and Project Manager for such enforcement and implementation of the HMIS COVID-19 vaccine mandate.

22. Defendant Don Hardy is the 222-S Laboratory Manager for Hanford Laboratories Management and Integration ("HLMI"). HLMI is a DOE prime contractor performing work at the Hanford Site. Mr. Hardy, as the 222-S Laboratory Manager has

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

directed the enforcement and implementation of the COVID-19 vaccine mandate for the 222-S Laboratory Employees under Executive Order 14042 and is being sued in his professional capacity.

23. Defendant Hiram Seth Whitmer is the President and Program Manager, HPM Corporation ("HPMC"). HPMC is a DOE prime contractor performing work at the Hanford Site. Mr. Whitmer, as President and Program Manager has directed the enforcement and implementation of the COVID-19 vaccine mandate for HPMC Employees under Executive Order 14042 and is being sued in his professional capacity.

24. Defendant Steven Ashby is the Laboratory Director, Pacific Northwest National Laboratory ("PNNL"). PNNL is managed and operated by Battelle Memorial Institute a prime DOE contractor. Mr. Ashby has directed the enforcement and implementation of the COVID-19 vaccine mandate for PNNL Employees under Executive Order 14042 and is being sued in his professional capacity.

25. Defendant John Eschenberg is the President and Chief Executive Officer of Washington River Protection Solutions ("WRPS"). WRPS is a DOE prime contractor performing work at the Hanford Site. Mr. Eschenberg, as President and Chief Executive Officer has directed the enforcement and implementation of the COVID-19 vaccine mandate for WRPS Employees under Executive Order 14042 and is being sued in his professional capacity.

26. Defendant Joseph R. Biden is the President of the United States who issued

COMPLAINT - 11

Executive Orders 14042 and 14043. Plaintiffs challenge the constitutionality implementation and promulgation of Executive Orders 14042 and 14043 as-applied and facially.

27. On January 13, 2022, DOE Headquarters sent out a DOECAST (an agencywide message) titled *Delaying our Return to the Workplace*. (Exhibit A.)  In that message, signed by Tarak Shah, U.S. Department of Energy's Chief of Staff, DOE noted that it would commence enforcing its COVID-19 vaccination policy this week, as follows:

> At the same time, we're going to start our enforcement procedures to ensure compliance with the mandatory COVID-19 vaccination requirement, which we paused during the holiday season. This week, we will proceed with the next phase in progressive discipline for unvaccinated Federal employees who haven't applied for an exemption. The next phase for these employees is a 14-calendar day unpaid suspension. I urge these employees to get vaccinated or they will continue in a disciplinary process where the final step is removal from Federal service.

28. All DOE Plaintiffs have applied for the exemption; nonetheless, the statement ties enforcement of seeking an exemption from becoming vaccinated to an urge "to get vaccinated." All DOE employees with an exemption, including the six DOE employee Plaintiffs are at risk of imminent enforcement of DOE's COVID-19 vaccination policy, which will result in loss of wages, loss of job, andor loss of First Amendment rights.

29. Defendants Vance, McCain, Sax, Wilkinson, Hardy, Whitmer, Ashby, and Eschenberg each meet the definition of "employer" under 42 USC 2000(e), as each

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

organization exceeds 15 individuals.

30. Defendants Vance, McCain, Sax, Wilkinson, Hardy, Whitmer, Ashby, and Eschenberg are properly named Defendants for each's own arbitrary and capricious implementation of Executive Order 14042. Specifically, the arbitrary manner instituted for denying or approving religious or medical exemptions and accommodations associated with the COVID-19 vaccine mandate.

***Plaintiffs***

31. David G. Donovan is a security police officer and a K9 handler for Hanford Patrol with HMIS and is the president of the Hanford Guards Union; he has submitted a religious exemption, accepted by HMIS, but was provided no accommodation.

32. Christopher J. Hall is a security police officer III with HMIS; he submitted a religious exemption, accepted by HMIS, but was provided no accommodation. Mr. Hall has natural immunity as he has contracted COVID-19.

33. Stephen C. Persons is an accountant with DOE; he submitted both a religious and medical exemption, accepted by DOE, but has received no communications from DOE discussing approval of exemption and accommodation.

34. Thomas R. Ardamica is a safety bases compliance officer for WRPS, he submitted a medical exemption and a religious exemption. Mr. Ardamica's medical exemption was denied, but his religious exemption was accommodated, allowing him to work from home but subjecting Mr. Ardamica to weekly COVID-19 testing

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

measures, masking restrictions while outside his dedicated telework location; these requirements exceed the exemption provided in the OSHA standards.

35. Terri Adams is an office specialist with Bechtel; she submitted a religious exemption, accepted by Bechtel, and received temporary accommodation which will be reevaluated 60 days after 1/18/2022, or if new DOE direction is provided, whichever comes first.

36. Jeff Ahlers is a transportation manager for CPCCo; he has submitted a religious exemption, accepted by CPCCo, and received revised accommodations after originally being denied accommodation.  He is required to comply with CDC guidance for masking and physical distancing and must submit a negative COVID-19 test within 72 hours of work each Monday before 12pm. Mr. Ahlers has a positive COVID-19 antibody test and is willing to adhere to social distance and mask-wearing requirements.

37. Cody Almquist is a senior health physics/radiological controls technician for CPCCo; he submitted a religious exemption, accepted by CPCCo but has received no accommodation despite his willingness to continue to follow COVID-19 safety protocols and submit to weekly testing.

38. Douglas Anderson is employed with Bechtel (WTCC); he submitted a religious exemption, accepted by Bechtel, but has received no accommodation.

39. Cyrus Anderson is a Systems Engineer for WRPS; he submitted a religious exemption, accepted by WRPS, but was provided no accommodation. In November, he

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

attempted to file a complaint with the EEOC, but was unable to, due to being a federal contractor.  He then contacted his WRPS EOC representative as the EECO website advised.  He was denied the opportunity to receive help filing his complaint as the representative stated they were focusing their efforts on exemption responses.

40. Jaryd Joseph Anderson is an Operations Engineer; he submitted both a religious and medical exemption, however, only the religious was accepted.  Mr. Anderson was denied accommodation despite his willing

41.  Kevin Arena is a security police officer I for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

42. Miguel Arredondo is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

43. Don Baker is a senior radiological control technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation despite his willingness to social distance, wear a mask and/or regularly test. He is in the process of filing a complaint with the EEOC.

44. Daynna Coffey Ardamica is an administrator level II manager for WRPS, she submitted a religious exemption, which WRPS approved and included continued teleworking (which she has done successfully for 20 months) but required weekly COVID-19 testing at her personal time and expense, which fails to recognize the OSHA

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption for teleworkers.

45. Kora Bales is a security police officer with HMIS.

46. Tain Ballantyne is a security police officer III for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

47. Daniel Beam is a security police officer with HMIS; he submitted a religious exemption, accepted by HMIS, but was provided no accommodation.  Mr. Beam began the interactive process seeking possible solutions to facilitate creating accommodation. HMIS sent a revised, temporary 60-day accommodation, starting January 18, 2022, that requires the following conditions: 1) wear a mask at all times, except when eating, drinking or allowed; 2) social distance and isolate to the maximum extent practical; 3) submit weekly negative COVID-19 test results, no greater than 72-hours, to manager upon start of shift.  Testing must be conducted during Mr. Beam's personal time and at his expense. HMIS will re-evaluate the temporary accommodation as they see fit to determine if it still applies to the employee. The stress and constant state of limbo that these ever-changing accommodations are causing has created a propensity towards high blood pressure that could potentially disqualify him from his duties.

48. Jess Bean is a worker at the Hanford Site and a laborer for the Local 348 at American Electric, has submitted a religious exemption but was originally not provided an accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

49. Jared Betker is a security police officer III for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

50. William Bingham was a senior project manager for WRPS; he submitted a religious exemption, accepted by WRPS, but was initially provided no accommodation, with a set termination date of 12/8/2021.  Mr. Bingham received a revised temporary accommodation offer in late November 2021 allowing for teleworking from home with approved location from WRPS, requiring masking and social distancing when working on site, weekly COVID-19 testing during his own time and with his own money.  He began the accommodation interactive process to seek approval for telework out of state, as he was forced to sell his house, due to the 12/08/2021 termination date, and he secured a home out of state. WRPS denied his request for telework out of state, forcing Mr. Bingham into termination of employment. but was originally not provided anLuis Blanco is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

51. Leslie Blank is an operations support specialist/planning expeditor for WRPS. She submitted a religious exemption, accepted by WRPS but was originally given no accommodation.  Ms. Blank received a revised, temporary accommodation that will be re-evaluated on March 18, 2022.

52. Erik Bombard is a security police officer II/tactical response team member for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

not provided an accommodation.

53. James Booth is an engineering supervisor for Bechtel, he has submitted a religious exemption, accepted by the city, and has been provided a temporary teleworking accommodation through February 7, 2022. WTP then sent out a revised, temporary teleworking accommodation with the following requirements: 1) HR approval is required in the event that Mr. Booth needs to come to the office; 2) a negative COVID-19 test is required to be at the office; 3) when approved to come to the office, Mr. Booth is expected to comply with all COVID-19 safety protocols outlined in the most current version of the WTP COVID-19 Fact Sheet. Mr. Booth currently has an EEOC Case No.: 551-2022-01724.

54. Stephanie Boschert is a health physicist for WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

55. Shanna Brittain is an operations specialist-ground scanner/land surveyor assistant for CPCCo; she submitted a religious exemption, accepted by CPCCo, but was not provided an accommodation despite her job requiring her to work mainly outdoors, willingness to social distance, wear a mask and perform daily health screenings and/or regular testing to work. She then received a revised, temporary accommodation until March 19, 2022, allowing her to come to the workplace under conditions set forth by CPCCo including adherence to CDC guidance for masking and physical distancing, providing a minimum of one Covid-19 test each Monday and being able to fulfill

COMPLAINT - 18

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

workplace requirements.

56. Nathaniel Brook is an electrician with CPCCo; he submitted a religious exemption, accepted by CPCCo, but was provided no accommodation. He also submitted a medical exemption, signed by his doctor, based on a previous severe reaction to a vaccine. He has not received response back from CPCCo regarding that request.

57. Jeff Brooks is a Journeyman/Radiological Control Technician for CPCCo; he submitted a religious exemption, accepted by CPCCo, but was provided no accommodation despite his willingness to social distance, wear a mask and/or regularly test. Mr. Brooks filed a complaint with the EEOC and is awaiting further communication. Bryan Brophy is a Nuclear Chemical Operator for CPCCo; he submitted a religious exemption, accepted by CPCCo, but was provided no accommodation despite limited contact with coworkers, willingness to continue mask wearing and following safety protocols. Mr. Brophy tested positive for COVID-19 antibodies on August 27, 2021. CPCCo offered a temporary, 60-day COVID-19 Vaccination Exemption Accommodation Revision that included the following conditions: 1) compliance with CDC guidance for masking; 2) compliance with published CDC guidance for physical distancing; 3) Mr. Brophy must provide a minimum of one negative Covid-19 test each Monday before noon; 4) Mr. Brophy must be able to fulfill applicable CPCCo workplace requirements. This accommodation

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

requires that all Covid-19 tests relating to the accommodation must be conducted during Mr. Brophy's personal time and at his expense.   The temporary accommodation ends March 19, 2022, and is subject to re-evaluation at any time.

58. Luke Bultena is a security police officer III for HMIS, he has not submitted an exemption request.

59. I. C. is a security police officer II for HMIS, and has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

60. George Case is an operations specialist for Bechtel (WRPS) and submitted a medical exemption, which was accepted by Bechtel (WRPS), but was originally not provided an accommodation.

61. Rene Catlow is a Risk Management Manager at CPCCo who initially sought a medical exemption, but her provider would not affirm, so she submitted a religious exemption, which was accepted by CPCCo, and she was offered: 100% telework, requiring that she not enter Hanford facilities; weekly Covid-19 testing at her own expense and on her own time.

62. Benjamin Chavez is a planner for TerraGraphics. Prior to November 18, 2021, Mr. Chavez was a planning and scheduling manager for TerraGraphics. Mr. Chavez tested positive for COVID-19 on August 20, 2021 and was out of work due to COVID-19 from August 19, 2021 through November 15, 2021. On September 17, 2021, Mr. Chavez was diagnosed with COVID-pneumonia and had a chest x-ray, which showed

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

what appeared as "shards of glass" in his lungs; Mr. Chavez was prescribed steroids to combat the COVID-pneumonia. On September 21, 2021, Mr. Chavez was diagnosed with hemoptysis (blood in his sputum), and on September 28, 2021, noticed that his lungs were filling with fluid. Mr. Chavez was subsequently prescribed a second round of "stronger" antibiotics. On October 4, 2021, Mr. Chavez revisited his doctor, who ordered a CT scan, which was reviewed on October 7, 2021. The CT scan revealed that a 2-inch cavity in Mr. Chavez's lung, which was confirmed by a visit to a pulmonologist on October 12, 2021, where Mr. Chavez was prescribed a fourth round of antibiotics. Mr. Chavez returned to my primary care doctor on November 2, 2021, to discuss his condition. At that time, Mr. Chavez's doctor advised him against the COVID-19 vaccination, although the doctor was unable to provide a medical exemption as Kadlec (the doctor's employer) will only allow doctors to provide COVID-19 vaccination exemptions for anaphylaxis. Throughout most of this time, Mr. Chavez was primarily bedridden due to his COVID-19 symptoms. On November 2, 2021, Mr. Chavez submitted a religious and a medical exemption, and TerraGraphics conclude that it could not accommodate Mr. Chavez's request. Mr. Chavez returned to the office on November 15, 2021 and was advised of his change in title/scope of work as of November 18, 2021. On December 14, 2021, Mr. Chavez's management advised that TerraGraphics would like him to rejoin management, although noting specific was offered.  In December 2021, TerraGraphics offered Mr. Chaveza medical exemption

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

from the COVID-19 vaccination on the condition that he commit to the vaccine as soon as his health allows. Mr. Chavez has telecommuted since early 2020, when TerraGraphics issued a work-from-home order.

63. Nick Chacon is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

64. Mary Catherine Christianson is a senior engineer for Bechtel, she has submitted a religious exemption, accepted by Bechtel, she has teleworked since March 2020, and her accommodation is continued telework with mandatory COVID-19 testing until February 2021, exceeding the OSHA standards.

65. James T. Clark is an employee with WRPS; he submitted both a religious and medical exemption due to a history of blood clots. Both were denied and he was not provided accommodation.

66. Justin Clancy is a nuclear chemical officer with WRPS who had a severe adverse reaction to prior vaccines and submitted a medical exemption and has been advised by his doctor to not take the second shot, he has been provided no accommodation.

67. Todd Jacob Clark is a sheet metal worker for HMIS, he has sought a religious accommodation and offered to pay for testing, but he has been provided no accommodation.

68. Margaret Clark is a project support specialist for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

69. Becky Colborn is an operations specialist for HMIS and submitted religious exemption accepted by HMIS but was originally not provided an accommodation.

70. David Cole is a senior work planner for WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation. Mr. Cole started an EEOC Inquiry and was assigned number: 551-2022-00993. Mr. Cole was scheduled for a telephone interview on December 23, 2021, with Sandra McCreery. He is awaiting further communication.

71. Mary Cole is an operations support specialist for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation. Mrs. Cole then received a revised temporary accommodation including weekly testing, without further guidance on what that testing will entail. CPCCo, despite giving full guidance and criteria for weekly testing, expected Mrs. Cole to inform them of her decision to accept or reject the revised, temporary accommodation no later than 12/7/2021.

72. Dodd Coutts is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

73. James Cuevas is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

74. DawnLeigh Curtis is a nuclear chemical operator for WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation. Ms. Curtis can provide proof of a positive COVID-19 antibody test.

75. Kelly Custer is a senior internal auditor for CPCCo, she has submitted a religious exemption, accepted by CPCCo, and was provided the following temporary accommodation on October 26, 2021: 1) designate a telework location, determined to be her home (where she has teleworked since March 2020); 2) Ms. Custer wear a mask when leaving her approved telework location during teleworking hours (not a prior requirement to the past 18+ months of Ms. Custer's telework situation); 3) Ms. Custer submit weekly COVID-19 testing submitted every Monday by 12 PM at her own cost and on non-working hours (i.e., her own time); and 4) she be readily available to submit to random drug testing or other workplace requirements, as needed. On October 28, 2021, Ms. Custer was advised that she cannot return to the Hanford Site unless she becomes fully vaccinated against COVID-19.

76. D. N. is a firefighter captain/EMT with HMIS; he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

77. Lane Dahl is an IT technician with PNNL; he submitted a request for religious exemption, denied by PNNL, and was provided no accommodation. Mr. Dahl appealed the denial through an interactive process with employee relations and April Castaneda

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

and was denied a second time.  PNNL has involuntarily placed Mr. Dahl on administrative leave without pay, extended through April 15, 2022.

78. Jeffrey Daniels is a project controls officer with the United States Department of Energy ("DOE"), he has submitted a religious exemption, accepted by DOE, but was originally not provided an accommodation.

79. Jamie Davies worked for PNNL as a dosimetry technician; she submitted a religious exemption, accepted by PNNL, and was provided no accommodation despite having been successfully and safely teleworking since March 2020 with occasional onsite visits. The religious exemption was denied by PNNL stating, "we have been unable to conclude that you meet the legal requirements for an exemption."  Ms. Davies was offered to 1) continue to work through 11/15/2021, or 2) take paid leave through 11/15/2021, or 3) take a personal leave of absence for up to one year, if eligible.   Ms. Davies appealed the accommodation denial received from PNNL. This appeal was also denied, and Ms. Davies requested the metrics by which the legal threshold was established and who established them for a religious exemption.  Her questions were never answered; instead, Ms. Davies was involuntarily placed on Leave of Absence without pay, 12/8/2021 extended through 1/18/2022.  Her benefits such as medical, vision and dental insurance have all stopped as of 12/31/2021. Davies was placed on Administrative Leave Without Pay on December 8, 2021, cashed out her remaining vacation, and is no longer employed by PNNL due to her religious objection to the

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

COVID-19 vaccine mandate. Ms. Davies has filed a complaint with the EEOC and has been issued Case No.: 551-2022-01543.

80. Scott Dawson is an industrial hygiene technician with WRPS; he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

81. Mary Day is a technical editor for CPCCo; she submitted a religious exemption, accepted by CPCCo, and was offered a temporary accommodation that included teleworking, mask wearing, weekly COVID-19 testing due before noon each Monday, and being able to fulfill applicable CPCCo workplace requirements.

82. Briana DeLine is a security police officer I with HMIS, she received both COVID-19 shots in April 2021. She had complications with the shots and her PCP stated that she should not have gotten them and that she is not to receive any future booster shots. Ms. DeLine submitted a medical exemption request from future booster shots requirements. HMIS informed Ms. DeLine that no prospective exemptions would be offered at this time, as boosters are not a required condition of employment and therefore do not need to be accommodated/exempted.

83. Darryn DeLine is an industrial hygiene technician for WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

84. James Dewey is a worker on the Hanford Site; he submitted for exemption and

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

was not provided accommodation.

85. Drew Diedrich is an industrial hygiene technician for WRPS, he has submitted an initial declination of the COVID-19 vaccine on October 19, 2021, and then submitted a religious exemption on October 20, 2021, under duress. On October 27, 2021, WRPS accepted Mr. Diedrich's religious accommodation and rejected his exemption. On November 30, 2021, WRPS provided a conditional, 60-day accommodation, effective January 18, 2022, exempting him from the COVID-19 vaccine mandate under the following conditions: (1) Compliance with published CDC masking and physical distancing guidance; (2) Furnishing WRPS with a minimum of one negative Covid-19 test each Monday before noon; and (3) Continued ability to fulfill applicable WRPS workplace requirements.   On December 1, 2021, Mr. Diedrich inquired of the conditions, and on December 7, 2021, Mr. Diedrich accepted the accommodation. but was originally not provided an.

86. Gregg Dillingham is a Lead Health Physics Technician with WRPS; he submitted a religious exemption, accepted by WRPS, but was provided no accommodation.

87. Todd Dirks is a pipe fitter for WRPS; he submitted a request for religious exemption, accepted by WRPS, but was provided no accommodation.  On November 3, 2021, Mr. Dirks filed a complaint with the Office of Federal Contract Compliance Programs, noting his belief that he was subjected to discriminatory behavior associated

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

with the COVID-19 vaccine mandate; that same day, Mr. Dirks filed a complaint with the EEOC and was granted Case No.: 551-2022-01540.

88. John Doell is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

89. Jake Domit is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

90. Steve Donaldson is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted, and HMIS provided accommodations, including COVID-19 testing and mask-wearing, but those accommodations have since been rescinded, and Mr. Donaldson is left with the option of receiving the COVID-19 vaccination or termination.

91. Kathryn Draper is an environmental specialist for WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation. Ms. Draper tested positive for COVID-19 on August 2, 2021.

92. Eric Dysland is a technical specialist; he submitted both a religious and medical exemption. His medical exemption was denied; however, his religious exemption was accepted, and he was provided temporary accommodations of teleworking and testing at his own time and expense.

93. Mike Eddy is an IT specialist with DOE, he has submitted a religious exemption,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accepted by DOE, but was originally not provided an accommodation.

94. Alexandria Edwards is an insulator with CPCCo she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

95. Mary Ruth Edwards is an operations support specialist with CPCCo, she has submitted a religious exemption, accepted by CPCCo, was provided no accommodation. Ms. Edwards filed a complaint with the EEOC, was issued Case No.: 551-2022-00911 on October 27, 2021, and is awaiting an available appointment to conduct her interview.

96. Luke Ellis is a pipefitter with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

97. Jesse Elvik is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

98. Zachery Eslick is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

99. Eric Espinoza is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

100. Cheryl Evosevich is an emergency preparedness coordinator for CPCCo, she submitted a religious exemption from the COVID-19 vaccine on October 11, 2021, which was accepted by CPCCo. On October 26, 2021, CPCCo accepted Mrs.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Evosevich's request, but offered no accommodation.  On October 28, 2021, CPCCo offered clarification that it did not object to Mrs. Evosevich's religious component but maintained that it would not offer the requested exemption. Mrs. Evosevich filed an EEOC complaint on November 7, 2021; Mrs. Evosevich is awaiting an appointment and a Case Number. On November 30, 2021, CPCCO offered a temporary 60-day accommodation effective January 18, 2022 under the following conditions: (1) Compliance with published CDC masking and physical distancing guidance; (2) Providing CPCCo with a minimum of one negative Covid-19 test each Monday before noon; and (3) Continued ability to fulfill applicable CPCCo workplace requirements (e.g. availability for random drug screening).

101. Adam Faries is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

102. Marcus Faries is a mechanical engineer with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

103. Robyn Faris is an officer manager with Columbia Energy, a subcontractor to WRPS.  On October 26, 2021, Columbia Energy transmitted an email that all Columbia Energy employees would be required to become fully vaccinated against COVID-19 pursuant to Executive Order 14042. Ms. Faris submitted a religious and medical

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption, which accepted by Columbia Energy, but she was provided no accommodation. Ms. Faris' religious exemption included a signed letter from her pastor, and her medical exemption noted her doctor's concern with the COVID-19 shot due to a blood clotting disorder, where Ms. Faris' blood does not clot. Ms. Faris' doctor did not provide a medical exemption for fear of losing her license. December 10, 2021, Ms. Faris was offered a conditional accommodation based on the following conditions: (1) mask wearing, social distancing and continued safety protocols (good hygiene); and (2) weekly COVID-19 testing at her expense. Ms. Faris accepted this conditional exemption under duress.

104. Thomas Farris a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

105. Jennifer Fish is a shift operations manager, building emergency director, and fieldwork supervisor for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

106. John Flanagan is an electrician for HMIS; he submitted for religious exemption, accepted by HMIS, but was originally given no accommodation.  He then received a revised, temporary accommodation allowing for weekly COVID-19 testing, mask wearing, social distancing and isolation to the maximum extent practical.  These temporary accommodations have an unknown end-date.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

107. Randy Fox is a stationary operating engineer with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

108. Alejandro Fragozo works for WRPS.

109. Michael Frazier is a property specialist with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

110. Sharon Freeland is an admin IV training scheduler with Veolia, a subcontractor to CPCCo, she has submitted a religious and a medical exemption, accepted by Veolia, but was originally not provided an accommodation.

111. Dorothy Frenzel was a Health Physics Technician for WRPS. After receiving information that COVID-19 vaccination would be a requirement of employment, Mrs. Frenzel sought guidance with her manager. She was informed that she would be administratively terminated if she did not receive the vaccine. Mrs. Frenzel alleged constitutional and civil rights violations and undue stress as grounds for early retirement.  On October 30, 2021, Mrs. Frenzel emailed Neil Schuldenfrei, listed on the EEOC as the DOE contact, to request the interview required for starting a discrimination complaint. Mr. Schuldenfrei notified Mrs. Frenzel that he is no longer the DOE EEO contact.  She was then contacted by Jody Tallbear informing her that her new contact is Santos Ortega.  Mrs. Frenzel has yet to be able to communicate with Mr. Ortega despite

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

attempts to do so.

112. Paul Frenzel was a Health Physics Technician for HMIS. After receiving information that COVID-19 vaccination would be a requirement of employment, he sought direction through his managers. Mr. Frenzel was informed that he would be administratively terminated if he did not receive the vaccine. He resigned, under duress, citing that the choice of whether or not to get vaccinated should be decided only by the individual, and employment status should not be tied to this decision. On October 30, 2021, Mr. Frenzel emailed Neil Schuldenfrei, listed on the EEOC as the DOE contact, to request the interview required for starting a discrimination complaint. Mr. Schuldenfrei notified Mr. Frenzel that he is no longer the DOE EEO contact.  He was then contacted by Jody Tallbear and informed that his new contact is Santos Ortega. Mr. Frenzel has yet to be able to communicate with Mr. Ortega despite attempts to do so.

113. Daniel Gabbard is a security police officer for HMIS and has been provided no accommodation.

114. Jennifer Gardner works for HMIS, she has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

115. James Gagnon is an industrial property management specialist for DOE, he has submitted a religious exemption, accepted by DOE, but was originally not provided an accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

116. Efren Garcia is a security police officer II with HMIS and is vaccinated but opposes requirements for a booster shot.

117. Eric Garcia is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

118. Jaime Garcia is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

119. John Garfield works for WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

120. Matthew Garlick is an engineer at WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

121. Chris George is a security police officer with HMIS.

122. Ben Giese is an instrument technician with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

123. Don Giese is an instrument technician with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Giese will be forced to retire early if COVID-19 vaccination remains a requirement to retain his employment.

124. Brandon Gimlin is a radiological control technician for WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

an accommodation. Mr. Gimlin filed a complaint with the EEOC on October 27, 2021, was issued Case No.: 551-2022-00906, and has an appointment with the EEOC officer on February 22, 2022.

125. Crystal Girardot is an engineer that works for WRPS, she has submitted a religious exemption, accepted by WRPS, and was not provided an accommodation. WRPS subsequently revised its COVID-19 policy (presumably on November 30, 2021, as many of the WRPS employees have attested), but Mrs. Girardot was on maternity leave at the time. Mrs. Girardot remains unaware of the status of her COVID-19 exemption request. On November 1, 2021, Mrs. Girardot filed a complaint with the EEOC, and she has an appointment scheduled with a counselor on February 22, 2022.

126. Levi Glatt is a security police officer III with HMIS, he received the first vaccination and objects to further vaccinations and has been provided no accommodation.

127. Heather Goldie was a Director of Workforce Engagement and Legacy Benefits for HMIS; she submitted a religious exemption, accepted by HMIS, and was provided temporary accommodation that included a required job reassignment to Project Manager with HMIS. Her temporary accommodations included the requirement to wear a mask at all times, weekly testing within 72 hours of start of shift during personal time and at her expense, and social distancing and isolation to the maximum extent possible. This accommodation is temporary and will be re-evaluated in 60 days or as needed.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Ms. Goldie attempted filing an EEOC complaint through the DOE EEO Office. She has been unsuccessful as she has yet to receive a response from Mr. Santos Ortega in the Richland EEO office.

128. Michael Gomez is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

129. Enrique Gonzales is a Headquarter Captain with HMIS; he submitted a religious exemption, considered administratively complete, but was initially provided no accommodation, stating December 8, 2021, as the date for administrative termination if not vaccinated. Mr. Gonzales started the interactive process with HR to facilitate determination of possible accommodation. HMIS offered a revised, temporary accommodation to Mr. Gonzales allowing him to follow safety measures in lieu of being vaccinated stating he must: 1) wear a mask at all times, except when eating, drinking, or as allowed; 2) social distance and isolate to the maximum extent practical; 3) submit weekly negative COVID-19 test results to manager upon start of shift each week, or as otherwise directed by HMIS, beginning January 18, 2022. Mr. Gonzales must conduct the tests during his personal time and at his expense. HMIS can re-evaluate the accommodation at any time and as they feel necessary.

130. Christopher Goodsel is a health physics technician with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

an accommodation. He has natural immunity as provide from a positive antibody test; Mr. Goodsel also offered to pay for testing on his own to retain his employment, and his employer rejected this offer.

131. Michelle Gradin is a janitor for HMIS, she has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

132. Delmer Graham is a security police officer with HMIS.

133. Matthew Gray is a shift supervisor with the Hanford Patrol of HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

134. Jerry Gridley is an Operations Specialist/IT&M Program Lead with HMIS; he submitted a religious exemption, accepted by HMIS, and was provided a temporary accommodation.  Mr. Gridley is permitted to telework and is required to have a minimum of one negative COVID-19 test during each (rolling) 7-day period.  He is required to have management approval before being on the Hanford site and is required to wear an appropriate mask and ensure social distancing at all times while on premise. This temporary accommodation was granted for 60 days and will be re-evaluated at that time or as needed in order to comply with changes.

135. Jose Gutierrez is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

136. Joseph Hade is a senior health physics/ radiological control technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

137. Levi Hamby is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

138. Eric Hanson works for WRPS; he submitted a religious exemption, accepted by WRPS, and received a conditional, temporary (60-day) accommodation that includes: 1) identifying to WRPS his primary work location; 2) wearing an appropriate mas when working outside the telework location or directly interacting with others on business-related matters; 3) being able to fulfill applicable WRPS workplace requirements; 4) providing and minimum of one negative COVID-19 test each Monday before noon.  All tests relating to the accommodation must be conducted during Mr. Hanson's personal time and at his expense.  The accommodation was set to end on February 8, 2022, but was extended by WRPS to March 18, 2022.

139. Cameron Hardy works as a public affairs specialist for DOE, he has submitted a religious exemption on September 13, 2021, which was accepted by DOE. Mr. Hardy requested a meeting with the DOE Reasonable Accommodations Officer on September 16, 2021. During that meeting, Mr. Hardy was advised that DOE was awaiting guidance from the Department of Justice on how to process exemptions. On October 15, 2021,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Mr. Hardy was advised by the DOE Reasonable Accommodations Officer that he would be required to submit a new Reasonable Accommodation form that required additional personal information; Mr. Hardy objected to this requirement but submitted the new form on October 18, 2021. Mr. Hardy lodged an EEO complaint with the DOE EEO Officer, Santos Ortega, on November 3, 2021. Mr. Hardy is awaiting a response from DOE.

140. Douglas Hart is an instrumentation specialist with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Hart has a positive COVID-19 antibody test.

141. Marguerite Hart is a contracts technician with HPMC; she has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

142. Nicole Hart is a contracts specialist II with PNNL; she submitted a religious exemption, which was accepted by PNNL, but initially received no accommodation. Ms. Hart noted that four of her PNNL colleagues who are either providing accommodations for Contracts Specialists and Contracts Assistants (Mindy Wright, Cassie Smith, and Erika Frederick, have received accommodations. On November 24, 2021, Ms. Hart filed a complaint with the EEOC case number 551-2022-01738. On December 2, 2021, Ms. Hart was placed on a "personal unpaid Leave of Absence" as a PNNL "management directed leave" until January 18, 2022, or until she receives the

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

COVID-19 vaccine; Ms. Hart refused to sign the Leave of Absence form. Prior to the COVID-19 vaccine mandate, Ms. Hart was participating in the PNNL tuition reimbursement for a bachelor's degree, which she received in December 2020; her remaining balance is $12,000.18, which she would be required to repay as a condition of her "voluntary resign[ation]." Tim Hart is a security police officer I with HMIS; he received the first COVID-19 vaccination and refuses to obtain a second vaccination. Mr. Hart also has natural antibodies.

143. Victor Hart is a senior labor relations specialist with HMIS; he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

144. Chamise Hartman is a pipefitter for WRPS she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

145. Pamela Hartsock is a technical writer/editor with CPCCo; she has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. On November 10, 2021, Ms. Hartsock filed a complaint with the Office of Federal Contract Compliance Programs ("OFCCP") and received confirmation of the complaint by OFCCP on November 19, 2021. Ms. Hartsock's OFCCP complaint was forwarded to the EEOC, which issued EEOC Charge No.: 551-2022-01211 On November 29, 2021. Ms. Hartsock has received her "Notice of Right to Sue" letter from the EEOC, dated January 10, 2022, under Title VII, the ADA, or

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

GINA.

146. Joshua Hatch is a firefighter/EMT with HMIS and was provided the accommodation of weekly testing at his own time and expense. Ron Havens is a truck driver with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Timothy Hawkins works for Bechtel; he submitted a religious exemption, accepted by Bechtel, but was originally denied accommodation.  He then received a temporary accommodation ending March 29, 2022. This revised accommodation requires Mr. Hawkins to present a negative Covid-19 test result no older than 7 days to work in the office/onsite. The test must be presented on a weekly basis for continued access, as any test over 7 days old is considered expired and will prohibit access to the work area until new results are provided to his HR representative. Mr. Hawkins is also expected to comply with all Covid-19 Safety protocols outlined in the most current version of the WTP COVID-19 Fact Sheet (24590-WTP-TB-SA-20-0001). This temporary accommodation will be re-evaluated 60 days after January 18, 2022, or if new DOE direction is provided, whichever comes first.

147. Kory Hebdon is a security police officer with HMIS.

148. Larry Hebert is an electrical planner with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

149. Katie Henderson is a contracting professional with PNNL she has submitted a

COMPLAINT - 41

religious exemption, accepted by PNNL, but was originally not provided an accommodation despite having teleworked since March 2019 and being willing to provide a negative COVID-19 test prior to entering the workplace.

150. Joshua Herrick is a safety representative with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation. Mr. Herrick has natural immunity from having had COVID-19 and has tested positive for COVID-19 antibodies.

151. Lee Holmes is a maintenance specialist with Bechtel he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

152. Joy Houchin is a National Security Specialist with PNNL; she submitted a medical exemption as she has a history of adverse vaccine reactions. Ms. Houchin's request was accepted by PNNL, and received temporary accommodations including: 1) temporary extension of the PNNL COVID-19 vaccine deadline; 2) temporary telework from approved home location, and not permitted to be on PNNL campus or any other PNNL location unless otherwise directed by her Group Leader; 3) in the event she must come on site, Ms. Houchin must: a) have her Group Leader's pre-approval; b) have a negative COVID-19 test result from a sanctioned testing site from a sample taken within one day prior to arrival; c) comply with PNNL COVID-19 requirements for work onsite; 4) Ms. Houchin is permitted from traveling for business.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

153. Marvin Huck is a teamster/driver with HMIS he has submitted a religious and a medical exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Huck has a positive COVID-19 antibody test from November 3, 2021.

154. Adam Huckleberry is a training specialist (instructor) at the Hanford Patrol Training Facility with HMIS he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Huckleberry has a positive natural immunity as demonstrated by a positive COVID-19 antibody test and is willing to pay for COVID-19 testing and wear a mask while on the worksite, and will telework, as needed. HMIS denied Mr. Huckleberry's proposed accommodations.

155. Robin Hudson is a senior health physics technician with HLMI, she has submitted a religious and a medical exemption, accepted by HLMI. She was offered a 60-day accommodation of weekly COVID-19 testing and mask usage.

156. James Ireland is a teamster with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

157. Daniel Irish is a security police officer III and a sniper with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

158. J. I. is a firefighter, he has submitted a religious exemption, accepted by his employer and received an accommodation of mask-wearing and weekly testing, and the

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation was subsequently revoked. J. has had and recovered from, COVID-19.

159. Eric Ison is an engineering manager with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation. Mr. Ison has a positive COVID-19 antibody test.

160. Rodger Iverson is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

161. Miguel Iztas is a security police officer for HMIS.

162. Bryce Jackson is a security police officer II for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Jackson has a positive COVID-19 antibody test.

163. Joel Jackson is a journeyman radiological technician for Bechtel, he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

164. Raymond Jeffers is a fire protection coordinator with Bechtel, he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

165. Gardiner Jeffrey is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

166. Johnathan Johns is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

167. Kami Johns is a shift operations manager with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

168. Timothy Johns is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

169. Bonnie Johnson is a senior financial professional with WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

170. Christopher Johnson is decommissioning and deactivation technician with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

171. James Jones is an electrical engineer, he has submitted a religious exemption, but was originally not provided an accommodation. Mr. Jones had a positive COVID-19 test on August 2, 2021.

172. Erika Jordan is a project coordinator with HLMI; she submitted a medical exemption and was given a temporary accommodation.

COMPLAINT - 45

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

173. Faith Kaanapu is a Bechtel employee, she has submitted a religious exemption, accepted by Bechtel, and was offered a temporary accommodation requiring weekly negative COVID-19 test results, which she opposes, until February 2022.

174. Mark Kamberg is an environmental scientist with HMIS, he has submitted a religious exemption, accepted by HMIS, but was initially provided no accommodation. On November 19, 2021, HMIS offered a conditional accommodation, requiring Mr. Kamberg to: (1) wear a mask at all times; (2) social distance and isolate to the maximum extent practical; and (3) submit evidence of a weekly negative COVID-19 test prior to the start of shift each week. This conditional accommodation is valid from January 18, 2022 through March 18, 2022.

175. Frank Kearney is a pipefitter with PNNL, he has submitted a religious exemption, accepted by PNNL, but was originally not provided an accommodation.

176. Brian Keelean is a radiological control technician for HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

177. Keith Keller is a project controls engineer, earned value management system for WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

178. Mahlon Kerwick is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

179. Ronald Knight is an instrument technician with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

180. Mark Knight is Teamster with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

181. Karl Kohne is a lead crane operator with Intermech, a subcontractor to WRPS, he has submitted a medical exemption, and Intermech determined they were unable to grant his request and provided no accommodation. but was originally not provided an

182. Kerry Kost is a Technical Specialist with WRPS; he submitted a religious exemption, on October 20, 2021, which was accepted by WRPS, and was provided temporary accommodation on October 28, 2021, which required that Mr. Kost: 1) identify to WRPS his primary telework location; 2) wear an appropriate mask when working outside the telework location or directly interacting with others on business-related matters; 2) be able to fulfill workplace requirements; 4) provide at least one negative COVID-19 test before noon each Monday during his own personal time and at his expense.  These temporary accommodations were given for a time-period of 60 days starting December 8, 2021, through February 8, 2022, with expectation that re-evaluation could occur at any point. The temporary accommodations were then extended through March 18, 2022, in a re-evaluated vaccination and determination

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

letter.  Mr. Kost sought an interactive process with WRPS' HR by seeking clarity on the mandatory COVID-19 testing for unvaccinated individuals on November 1st, 4th, 30th, but received no response from WRPS.  On December 1, 2021, Mr. Kost received an extension of his temporary, conditional accommodation. On December 6, 2021, Mr. Kost reasserted the same questions to WRPS' HR, noting the prior requests went unanswered.

183. Thomas Krasner is a radiological control manager with CPCCo; he submitted a religious exemption, accepted by CPCCo, but was provided no accommodation.  He was forced to choose early retirement due to accommodation denial for both him and his wife.

184. Patrick Krzan is a canine handler with the Hanford Patrol, for HMIS, he is vaccinated and opposes booster shots and is seeking accommodation from booster shots with HMIS.

185. Dustin Lamm is a security police officer II with HMIS, he has not submitted a religious exemption, and opposes the mandatory vaccination.

186. Ryan Lansing is a security police officer IIIC with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

187. Gil Leal is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

188. Sharon Leinen is an operations support specialist with HMIS, she has submitted a religious exemption, accepted by HMIS, has received a temporary, 60-day accommodation.

189. Brianna Leitz is a senior health physics technician with WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

190. Justin Lettau is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

191. Carl Lindstrom is employed with Bechtel (WTCC), he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

192. Bradley Loosveldt is a work control planner with TerraGraphics, he has submitted a religious exemption, accepted by TerraGraphics, but was originally not provided an accommodation.

193. Corey Low is employed with DOE, he has submitted a religious exemption, accepted by DOE, is awaiting a determination from DOE, and has been provided no accommodation.

194. Oscar Lucatero is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

COMPLAINT - 49

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

195. Phillip Love is a security police officer with HMIS.

2

196. Gale Lyon is an operations specialist with CPCCo, he has submitted a religious exemption, accepted by CPCCo, the accommodation provided to Mr. Lyon is temporary (up to 60 days) and consists of weekly testing at his own expense.

197. Ismael Magallanes is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Magallanes tested positive for COVID-19 in December 2020.

198. Matthew Malin is a Mechanical Work Planner with Bechtel (WTCC); he submitted a religious exemption, accepted by Bechtel (WTCC), and was initially provided no accommodation. On 11/23/2021, Mr. Malin received temporary approval for a 60-day accommodation until March 18, 2022, under the following conditions: 1) adherence to Contractor COVID-19 protocol requirements on site; 2) submit weekly negative COVID-19 test results, from within the previous three calendar days, at the beginning of his work week shift.  Mr. Malin is responsible for the time and cost of testing.  The accommodation will be monitored and is subject to change at any time.

199. Jairo Martin is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

200. David Martinez is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Martinez has positive COVID-19 antibodies.

COMPLAINT - 50

201. Byron Massie is employed with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

202. James Matte is an industrial hygienist with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

203. Trent Maxwell is a security police officer with HMIS.

204. Sam McCarley is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

205. Joe Meier is a journeyman carpenter with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Meier has tested positive for COVID-19 antibodies.

206. Norma Mendoza works for WRPS as a nuclear chemical operator, she has submitted a religious exemption, accepted by WRPPS, and was initially provided no accommodation (October 27, 2021). On November 4, 2021, Ms. Mendoza filed a grievance with her union regarding the rejection of her requested accommodation. On November 5, 2021, Ms. Mendoza filed a complaint with the EEOC November, and on November 15, 2021, she was assigned Case No.: 551-2022-01241. On November 30, 2021, Ms. Mendoza was offered a temporary 60-day accommodation by WRPS from January 18, 2022, through March 18, 2022 under the following conditions: 1) adherence to Contractor COVID-19 protocol requirements on site; 2) submit weekly negative

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

COVID-19 test results, from within the previous three calendar days, at the beginning of his work week shift.

207. Cory Meyer is an electrician with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

208. Kyle Meyer is a radiological control first line supervisor with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

209. Kevin Milford is a maintenance specialist, IV with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

210. Darren Miller is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

211. Benjamin Minter is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

212. Jeremy Miranda is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

213. Derik Moe is a security police officer with HMIS, he has submitted a religious

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption, accepted by HMIS, but was originally not provided an accommodation.

214. Trent Mooney is a health physicist with WRPS, he has submitted a religious exemption, which was accepted by WRPS, with no initial accommodation. Mr. Mooney started an appeal on the decision to deny accommodation and notified his HR contact that he would also be filing an EEOC complaint.  He started the EEOC process and received the EEOC Case No.: 551-2022-01191.  He is still awaiting his interview. WRPS extended temporary accommodation with mandatory requirements including weekly testing to be performed during Mr. Mooney's own time and at his own expense. He complied, under duress, to keep his job, but stated his concerns that testing requirements were left open-ended, and he would not receive further instruction until after agreeing to the accommodation.

215. Ryan Moore is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

216. Joelle Moss is a hazardous materials specialist with WRPS, she has submitted a religious exemption and has a predisposition to blood clots, accepted by WRPS, and has been provided temporary accommodation.

217. Ryleigh Morrison is a health physics technician with CPCCo, she he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation. She has had COVID-19.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

218. Daniel Morrow is an electrical fieldwork supervisor with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

219. Allen Morris is employed with Bechtel (WTCC), he submitted a religious exemption, accepted by WTCC, but was provided no accommodation.

220. Jennifer Mullen-Morris is a radiological control technician/health physics technician with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

221. Patrick Murphy is a security police officer I with HMIS who has been provided no accommodation.

222. Paul Naef is employed by Northwest Power, a subcontractor to Bechtel, he has submitted a religious exemption, accepted by Northwest Power, but was originally not provided an accommodation.

223. Celeste Nelson is a firefighter/EMT with HMIS, she has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

224. Johnny Neer is a nuclear operator with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

225. Tobin Neyens is a security police officer, K-9 with HMIS.

226. Marco Nicacio is employed with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

COMPLAINT - 54

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

227. Matt Nichol is a security police officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

228. Jeffery Nielson is a central shift manager with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

229. Ivan Nunez is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

230. Juan Nunez is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

231. Kelly O'Brien is an executive assistant with CPCCo, she has submitted a religious exemption, accepted by CPCCo; she was offered accommodation, and accepted most of the conditions, excepting weekly testing, which exceed current OSHA standards.

232. Angel Ojeda is the office manager of Ojeda Business Ventures ("OBV"), a construction subcontractor to CPCCo, HMIS, and WRPS seeking to apply COVID-19 antibodies or natural immunity to its workforce. CPCCo has threatened termination of OBV contract if OBV fails to implement a COVID-19 vaccine mandate. 78% of OBV's workforce has tested positive for COVID-19 antibodies, either through natural

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

immunity or vaccination.

233. Luis Ojeda is the office manager of Ojeda Business Ventures, a construction subcontractor to CPCCo, HMIS, and WRPS seeking to apply COVID-19 antibodies or natural immunity to its workforce. CPCCo has threatened termination of OBV contract if OBV fails to implement a COVID-19 vaccine mandate.

234. William Olson is a facility manager at the 242A site with WRPS, he has submitted a medical exemption, accepted by WRPS, and was provided a temporary (60 day) exemption, and is seeking a permanent exemption.

235. Mark Oslin is a security police officer with HMIS, he has not submitted an exemption and has been offered no accommodations.

236. William Owen is a 1099 subcontractor as Project Controls Consultant to AttainX, a subcontractor to DOE; he requested accommodation from AttainX and was informed that as a 1099 subcontractor, he is not considered an AttainX employee, and his firm (Owen Consulting) must certify its compliance with the mandate. As the owner of Owen Consulting, he has granted his sole employee, William Owen, a religious exemption with accommodation equivalent to the working arrangement in existence for the last 19 months. His intent is to provide said certification when/if a final mandate enforcement date for subcontractors is determined.

237. Patrick Paeschke is a journeyman electrician with PNNL, he has submitted a religious exemption, accepted by PNNL, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

238. Stuart Palmer is a security police officer with HMIS.

239. Nicholas Parker is a project controls associate with CPCCo, he has submitted a religious exemption, accepted by CPCCo, and was provided a 60-day accommodation that requires weekly COVID-19 testing at his expense and on his own time.

240. Jeffery David Parrish is a Journeyman Insulator for CPCCo, he submitted a religious exemption, accepted by HMIS, but was provided no accommodation. Mr. Parrish is aware of other CPCCo personnel working in similar physical circumstances who have received accommodations. Mr. Parrish has taken advantage of the interactive process available due to his unique position as a sole journeyman insulator for soil and groundwater. He suggested creating accommodations that followed the current guidelines that would allow him to complete his work duties.

241. Douglas Patnode is a safety trainer for Amentum; he submitted a religious exemption, accepted by Amentum and originally denied accommodation. He was given a revised, temporary accommodation ending on March 18, 2022.

242. but was originally not provided anKevin Patterson is a nuclear chemical operator for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

243. Brandon Patton is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

244. Zachary Pike is a decommissioning and deactivation technician with CPCCo, he has submitted religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

245. Brian Pisca is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

246. Jesse Potter is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

247. Kelly Poynor is a security police officer II with HMIS who has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

248. Adriana Elizabeth Prescott is a project manager for WRPS; she submitted a religious exemption, accepted by WRPS but was provided no accommodation.

249. Bryan Raeder is a senior radiological control technician/health physics technician for CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

250. Agapito Ramos is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

251. Kevin Reberger is a work control planner with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally provided no accommodation, but on November 30, 2021, he was offered a 60-day accommodation, effective January 18, 2022, exempting him from the COVID-19 vaccine mandate under the following conditions: (1) Compliance with published CDC masking and physical distancing guidance; (2) Furnishing WRPS with a minimum of one negative Covid-19 test each Monday before noon; and (3) Continued ability to fulfill applicable WRPS workplace requirements. Mr. Reberger filed a complaint with the EEOC and was assigned Case No.: 551-2022-01103.

252. Howard Reed is a fire protection engineer with Bechtel, he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

253. Matthew Reed is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

254. Robert Reynolds is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

255. Ryan Richardson is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

256. Ryder Richardson is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

257. Greg Richter is a security police officer III with HMIS, he has submitted an exemption from the COVID-19 vaccine, but he has been provided no accommodation.

258. Ryan Rickenbach is a design services manager with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

259. Ramon Riojas is a maintenance electrician with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation. Mr. Riojas has a positive COVID-19 antibody test.

260. Martin Rios Magana is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

261. Michael Ripplinger is employed with Bechtel (WTCC), he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation. He has two positive COVID-19 antibody tests.

262. Ernesto Rivas is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    accommodation.

2    263. June Robinson was a senior industrial hygienist with PNNL. In August 2021,

3    PNNL management started requiring employees to attest to COVID-19 vaccination

4    status no later than September 10, 2021. Mrs. Robinson sought a medical

5    accommodation but received none as her medical provider feared losing her license. On

6    September 22, 2021, Mrs. submitted resigned from PNNL under duress with an

7    effective date of December 31, 2021.  On October 27, 2021, Mrs. Robinson submitted

8    a request for religious accommodation, seeking an exemption from the COVID-19

9    vaccine mandate, using PNNL's Request for Accommodation Religious Exemption

10   from COVID-19 Vaccination form; PNNL denied this request. On November 16, 2021,

11   Mrs. Robinson appealed PNNL's denial of her request for religious exemption and

12   accommodation, noting the following family medical history associated with the

13   COVID-19 vaccine:

14        a.      Her older brother suffers from chronic fatigue post-vaccination;

15        b.      Three days after her husband received the vaccination, he was in the ER

16        for 8 hours and was diagnosed with diverticulitis;

17        **c.**     Her youngest daughter was vaccinated in September 2021 and became ill

18        within hours of receiving the shot. Mrs. Robinson's daughter continues to have

19        pain that radiates down her arm; and

20   264. Her oldest daughter was vaccinated in the third trimester of her pregnancy, and

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

her daughter's infant has been diagnosed with gastroenteritis reflux disease. Staci Rockey is an office administrator with Bechtel, LLC, she has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

265. Gregory Rodenburg, II is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

266. Manuel Rodriguez is a security police officer with HMIS, he has received the first COVID-19 vaccine, but desires not to obtain the second vaccine as an infringement of his bodily autonomy.

267. Jaime Rodriguez is a security police officer II with HMIS, has submitted an exemption request, which was accepted by HMIS, but was originally not provided an accommodation.

268. Lori Rogers is a health physics technician with WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

269. Ryan Rosenthal is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

270. Leisha Rowe is a radiological control manager, she has submitted a religious exemption, accepted by her employer, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

271. Mischelle Russell is a senior radiological technician with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

272. Jamison Saddler is a security patrol officer I with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

273. Kyle Saltz is security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

274. William Samson is a chemical operator with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

275. Oscar Sanchez is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

276. Matthew Sanders is a quality assurance engineer with HMIS, he has submitted a religious exemption, accepted by HMIS, and has been provided accommodation of weekly testing and work from home in a different job position.

277. Joel Savage is a paramedic/firefighter with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Savage has a positive COVID-19 antibody test and is willing to adhere to social distance and mask-wearing requirements as an accommodation.

278. Rick Schieffer is a radiation protection supervisor with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

279. Jacob Schmid is a firefighter/EMT with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

280. Jessica Schuette is a project specialist/buyer technical representative with WRPS, she has submitted a religious exemption, accepted by WRPS, was initially provided no accommodation, but has recently received a temporary teleworking accommodation.

281. John Schuette is an engineering manager with Bechtel (WTCC project), he has submitted a religious exemption, accepted by Bechtel, and has been provided a temporary accommodation of teleworking until February 2022.

282. Devin Shelby is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

283. Jeff Short is a firefighter with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Short has a positive COVID-19 antibody test and is willing to adhere to wearing a mask and

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

weekly testing.

284. Steve Short is an engineering supervisor with Bechtel, he has submitted a religious exemption, accepted by Bechtel, and has been provided temporary accommodation teleworking until February 2022.

285. Thomas Sichler is a health physicist with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation. Mr. Sichler declared that he is aware of CPCCo accommodating similarly situated individuals.

286. Gidget Silvers is a health physics technician lead with WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

287. Stephen Simmons is a preventative maintenance planner with Bechtel.

288. Andrea Sims is a clerk, III with WRPS, she has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation. Ms. Sims has a positive COVID-19 antibody test and is willing to adhere to social distancing, wearing a mask, and regular testing.

289. Daniel Sims is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

290. Edward Sinclair is employed as safety and health programs specialist with

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

WRPS.

291. John Sisemore is a sheet metal worker with Bechtel (WTCC project), he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation. Mr. Sisemore has a positive COVID-19 antibody test and is willing to wear a mask and test weekly.

292. Cathy Slape is employed with HMIS and has health issues, she he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

293. Gabe Slape is employed with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

294. Derek Small is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

295. Gregory Smith is a teamster/truck driver for WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

296. Shad Smith is a steamfitter with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

297. Stephen Smith is an electrical engineer with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

298. William Smoot is a health physicist with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

299. Todd Sommerville is a maintenance material specialist with WRPS, he has submitted a religious exemption, accepted by WRPS, but he has been provided no accommodation.

300. Krisheena Stajduhar is a Procurement Specialist with WRPS; she submitted a religious exemption, accepted by WRPS, and was provided teleworking accommodations until April 2022, that require weekly COVID-19 testing, which exceed the OSHA standards. In December 2022, WRPS decided to change the 100% telework accommodation to a 50/50 accommodation starting January 4, 2022 as their "return to work" initiative.  Ms. Stajduhar then sought an exemption and accommodation requesting 100% telework as her symptoms of chronic health conditions have improved significantly since she began 100% telework.  Her physician wrote a letter, which she submitted along with an ADA exemption letter to PNNL.  This request was denied, and she was told she needed a letter from the doctor explaining her health history in depth and how it affects her ability to perform her duties.  Ms. Stajduhar is in the process of obtaining the appropriate information from her physician to fulfill the requirements for an ADA exemption to continue 100% telework.

301. Damon Stanley is a carpenter for CPCCo, he has submitted a religious

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption, accepted by CPCCo, but was originally not provided an accommodation.

302. Kirsten Stanley is a stock and tool crib attendant for CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

303. Daniel Stenkamp is an electrical engineer/design authority for WRPS; he submitted a religious exemption, accepted by WRPS, but was provided no accommodation.

304. David Storaci is an operations specialist III with Bechtel, he has submitted a religious exemption, accepted by Bechtel, but was originally not provided an accommodation.

305. Joseph Stowman is a custodian with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

306. William Sullivan is employed with WRPS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. Sullivan also has health issues, including cysts on his kidneys.

307. Carl Sutherland is a security patrol officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

308. April Swofford is a parts manager with Veolia a subcontractor to CPCCo, she has submitted a religious exemption, accepted by Veolia, but was originally not

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

provided an accommodation at CPCCo direction.

309. Roger W. Szelmeczka is an environmental specialist with WRPS seeking a religious accommodation, accepted by WRPS, but was originally not provided an accommodation.

310. Linda Thomas is a chemist with PNNL, she is seeking a religious and a medical accommodation, accepted by PNNL, but she has been provided no accommodation.

311. James Thorne is a work control planner with WRPS seeking a religious accommodation, accepted by WRPS, but he has been provided no accommodation.

312. Andrew Tucker is a firefighter/EMT with HMIS, he received the COVID-19 vaccine in August and September of 2021, and he did not apply for an exemption.

313. Daniel Turlington is an environmental compliance officer with CPCCo, seeking a religious accommodation; when Mr. Turlington applied for the accommodation in October 2021, he was not afforded an accommodation. On November 30, 2021, CPCCO offered Mr. Turlington a temporary 60-day accommodation effective January 18, 2022, under the following conditions: (1) Compliance with published CDC masking and physical distancing guidance; (2) Providing CPCCo with a minimum of one negative Covid-19 test each Monday before noon; and (3) Continued ability to fulfill applicable CPCCo workplace requirements (e.g. availability for random drug screening). Mr. Turlington accepted these conditions on December 6, 2021.  He was suspended without pay for four weeks on December 9,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

2021 for an alleged unrelated matter.

314. Amanda Tyler is a civil engineer with WRPS; she submitted a religious accommodation in October 2021, which was, accepted by WRPS, and was initially provided no accommodation. On November 30, 2021, CPC WRPS CO offered Mrs. Tyler a temporary 60-day accommodation effective January 18, 2022, under the following conditions: (1) Compliance with published CDC masking and physical distancing guidance; (2) Providing WRPS with a minimum of one negative Covid-19 test each Monday before noon; and (3) Continued ability to fulfill applicable WRPS workplace requirements (e.g. availability for random drug screening). Mrs. Tyler filed a complaint with the EEOC and was issued Case No.: 551-2022-01089.but was originally not provided an

315. Aric Tyler is a mechanical engineer with CPCCo, he submitted a religious accommodation in October 2021, which was, accepted by CPCCo, and was initially provided no accommodation (October 26 and 28, 2021). On November 30, 2021, CPCCO offered Mr. Tyler a temporary 60-day accommodation effective January 18, 2022, under the following conditions: (1) Compliance with published CDC masking and physical distancing guidance; (2) Providing CPCCo with a minimum of one negative Covid-19 test each Monday before noon; and (3) Continued ability to fulfill applicable CPCCo workplace requirements (e.g. availability for random drug screening). On December 8, 2021, Mr. Tyler filed a complaint with the EEOC and was

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

issued Case No.: 551-2022-00930.

316. Eva Upchurch is a Supply Chain Administrator with CPCCo; she submitted a religious exemption, accepted by CPCCo, and received a temporary, 60-day accommodation, which includes weekly testing on her own personal time and funds, teleworking, and not being able to physically go to the office. These accommodations are open to re-evaluation after 60 days.

317. Brandt Urwin is a fieldwork supervisor seeking a religious accommodation.

318. Jeff VanDerPol is a nuclear safety specialist with DOE, he has submitted a religious accommodation, accepted by DOE, but was originally not provided an accommodation.

319. Angela Villarreal is an Operations Support Specialist with HMIS, she has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation despite having teleworked as needed since August 2020, having a positive antibody test, and her willingness to social distance and wea a mask and/or test regularly.

320. Aaron Webber is a security police officer III with HMIS, has sought the accommodation to maintain the status quo with mask-wearing and social distancing, and has had no accommodation.

321. Ryan Weideman is a security police officer II with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodation.

322. William Weisberg is a project controls specialist with Corporate Allocation Service/Katami Government Services, he has submitted a religious exemption, accepted by Katami, and was granted the accommodation to complete weekly or bi-weekly testing.

323. Shawn D. Welker is a captain with Hanford Patrol, whose employer is HMIS, he has submitted a religious exemption, accepted by HMIS, but was initially offered no accommodation. Mr. Welker contacted HR, attempting to engage in an "interactive process" with regards to a potential accommodation for retaining employment with Hanford Patrol under HMIS. HMIS offered revised temporary accommodation to Mr. Welker with the conditions that: 1) he wear a mask at all times except when eating, drinking or as allowed to perform work; 2) he social distance and isolate to the maximum extent possible; 3) he submits weekly negative COVID-19 test results to his manager upon start of shift each week, or as otherwise directed by HMIS, beginning January 18, 2022. Mr. Welker must conduct his tests during his personal time and at his expense. Mr. Welker started the EEOC process due to lack of communication from HR, as they failed to respond to the many questions he asked to better inform himself prior to accepting accommodations. He received the EEOC (INQUIRY) NUMBER: 551-2022-01177. He has yet to be able to schedule his interview and is awaiting the opportunity

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

324. Hans Wellenbrock is a communications specialist with CPCCo he has submitted a religious exemption, accepted by CPCCo. He was granted a temporary accommodation for 60 days (February 2022), which requires weekly COVID-19 testing, exceeding the OSHA standards.

325. Trent Wellner is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

326. Tobin Wells is a senior radiology technician seeking religious accommodation.

327. Kristina Whalen is an operation support specialist with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation. Ms. Whalen has filed a complaint with the EEOC and is awaiting an appointment to conduct an interview.

328. Daniel Wharton is an is an electrician with PNNL, he has submitted a religious exemption, accepted by PNNL, but was originally not provided an accommodation.

329. Nathaniel Wick is a security police officer III with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

330. Wendy Wilde is a work control PM planner with CPCCo, she has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

331. Keaton Williams is a security police officer with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation.

332. Logan Williams is an industrial hygiene technician for WRPS, he has submitted a religious and medical exemption as he was hospitalized from COVID-19 in September 2021, remains on oxygen, and is still recovering from COVID-19. On October 15, 2021, Mr. Williams' doctor provided a note, stating that he is a "poor candidate" for the COVID-19 vaccine. His exemption was accepted by WRPS, but Mr. Williams has been provided no accommodation.

333. Brian Williamson is a Health Physicist with WRPS and was initially provided no accommodation despite his willingness to social distance and wear a mask.

334. Nathaniel Wilson is a project engineer with WRPS; he submitted a religious exemption, accepted by WRPS, and was initially provided no accommodation. Mr. Wilson received a COVID-19 Vaccination Exemption Accommodation Revision letter offering hi a temporary 60-day accommodation that permits him to continue his present work assignment, subject to the following conditions: 1) he must comply with CDC guidance for masking; 2) he must comply with CDC guidance for physical distancing; 3) he must provide a minimum of one negative COVID-19 test to his manager, taken within 72 hours prior to start of shift or scheduled start time, which he must pay for and perform during his own time; 4) he must be able to fulfill applicable WRPS workplace

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

requirements.   The temporary accommodation begins on January 18, 2022 and lasts until March 18, 2022, at which time the accommodation will be re-evaluated.  But was originally not provided an

335. Robert Wood is project manager with WRPS, he has submitted a religious exemption, accepted by WRPS, but was originally not provided an accommodation.

336. Paul Wulff is a janitor at the Hanford Site he has submitted a religious exemption, accepted by employer, but was originally not provided an accommodation. Mr. Wulff has a positive COVID-19 antibody test.

337. Christopher Yaroch is a Physical Security Specialist with DOE; he submitted a religious exemption and has yet to hear back if he will be granted an accommodation despite his willingness to continue teleworking, as he has successfully done so since March 23, 2020.

338. Tim York is an electrician with HMIS, he has submitted a religious exemption, accepted by HMIS, but was originally not provided an accommodation. Mr. York has a positive COVID-19 antibody test.

339. Robert Zane is an industrial hygienist with CPCCo, he has submitted a religious exemption, accepted by CPCCo, but was originally not provided an accommodation.

**FACTS**

340. On September 9, 2021, President Joseph R. Biden issued Executive Order 14042 requiring vaccination of all employees of federal contractors.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

341. On September 9, 2021, President Joseph R. Biden issued Executive Order 14043 requiring vaccination of all federal employees.

342. On September 15, 2021, Defendants enacted a workplace mandate, requiring that by December 8, 2021, all workers either become fully vaccinated against COVID-19 or receive a workplace exemption from the requirement to become fully listed.

343. Plaintiffs filed this action on November 18, 2021 to allow as much time as possible to receive religious or medical accommodations, exempting each from the COVID-19 vaccine mandate, while taking the action as promptly as possible.

344. Some Plaintiffs, such as Pamela Hartsock, have completed the administrative remedy with the EEOC and have received a Notice of Right to Sue letter. Others have filed with the EEOC and have received a Case Number.  Others are still awaiting a Case Number.

345. Several United States Federal District Courts have ruled that Executive Order 14042 exceeds FPASA.

346. On November 5, 2021, the Occupational Safety and Health Administration promulgated an Emergency Temporary Standard, published at 29 CFR 1910, Subpart U (the "ETS").

347. The ETS is significantly less restrictive than the Executive Orders as it provides exceptions to the vaccination requirements for remote and outdoor and also allows for unvaccinated employees to mask and test. The Executive Orders allow for no such

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemptions.

348. On January 13, 2022, the United States Supreme Court in *National Federation of Independent Business* ruled that the OSHA ETS is not justified as the ETS:

a. Is not plainly authorized by the Occupational Safety and Health Act of 1970. *National Federation of Independent Business* (*per curiam*) (slip op., at 6);

b. That COVID-19 is not an occupational hazard. *Id.* at 7; and

c. That "targeted regulations are plainly permissible." *Id.*

349. The DOE and its several contractors, Bechtel, Battelle Memorial Institute's Pacific Northwest National Laboratory, Hanford Mission Integrated Solutions, LLC, Hanford Laboratories Management, HPM Corporation, and Washington River Protection Solutions, refuse to provide religious or medical accommodations in many cases, and in the few cases where such accommodations are offered, they are transitory in nature and/or subject to withdrawal or unreasonable conditions. These enforcement actions regarding the Executive Orders arbitrarily demanded that Plaintiffs and other staff of the Defendant Employers become vaccinated by December 8, 2021 and have since been extended to January 18, 2022.

350. While accepting every single exemption as sincere, Defendant entities have accommodated very few, if any, exemption seeking personnel. The denials and/or conditions imposed upon accommodations have been arbitrary and capricious.

351. Some similarly situated personnel employed by other DOE contractors

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

performing work at the Hanford Site are receiving religious and medical exemptions, and reasonable accommodation, to the same vaccination requirement. Likewise, other similarly situated personnel within the community (local police and firefighting personnel) are not subjected to a COVID-19 vaccination requirement.

352. Defendants' decisions regarding vaccine mandates have been unequally applied and are arbitrary and capricious where some DOE Hanford contractors and/or employees are not subject to the same requirements. In fact, some Defendants have arbitrarily granted certain Plaintiff accommodation requests while denying similarly situated Plaintiff requests for accommodation.

353. Despite months of contact tracing, as evidenced by a November 5, 2021 response to a FOIA request, the CDC possesses no record or other legally cognizable evidence of individuals with natural immunity becoming reinfected and infecting another individual.

354. The failure of Defendants to recognize and make rational differentiation regarding Plaintiffs who can demonstrate natural immunity is arbitrary and capricious.

355.  Defendants' enforcement of the Executive Orders will seriously unnecessarily endanger the lives, health and welfare of the citizens of Benton County and surrounding areas as the Hanford Guard Unit will be significantly understaffed, resulting in limited security and protection of the Hanford Site and the general public.

356. Defendants' actions to enforce the Executive Orders are further demonstrated

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

to be arbitrary, capricious, and intended to be discriminatory against protected classes, where the mandate applies to individuals who telework or work entirely outdoors.

357. Defendants' actions to enforce the Executive Orders are further arbitrary and capricious where some Plaintiffs could be accommodated by utilizing PPE and testing, in a manner consistent with less stringent OSHA regulations (not declared unconstitutional).

358. In addition to risking public safety, wrongful termination of these individuals could expose the United States and its contractors to millions of dollars in liability for lost wages and pensions, along with other damages, including loss of benefits.

359. On September 30, 2021, DOE's Head of Contracting Activity for the Office of Environmental Management, Angela Whatmore issued a Memorandum, which monetarily incentivized DOE contractors to vaccinate their workforce as much as possible. The Memorandum:

a. Directed DOE "Contracting Officers to execute unilateral modifications to the Performance Evaluation Measurement Plans and Award Fee Plans by October 8, 2021;"

b. Authorized Contracting Officers to "indicate to the contractor that they may propose a 50/50 fee sharing option of $1000 per worker for this metric;"

c. Allowed these incentives to "be added to the safety and health subjective criteria, or as a stand-alone metric;" and

d. Provided that the "Contractor Performance Assessment Reporting System

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

(CPARS) shall accurately reflect the contractor's performance in FY21 and FY22 regarding safety and health of its workforce as it relates to proactive initiatives to stop the spread of COVID-19, including promoting vaccination of the workforce."

360. The Defendant Employers have, in all material respects, adopted these government-imposed requirements in regard to their workforces, including the Plaintiffs. As a practical matter, the Defendant Employers were required to implement the commands of the Memorandum from DOE's Head of Contracting Activity for the Office of Environmental Management.

361. These material elements of the Defendant Employers' enforcement activities regarding the Executive Orders rendered the action of the Defendant Employers to be governmental action.

## FIRST CAUSE OF ACTION

**Free Exercise of Religion (First Amendment of the United States Constitution and the Religious Freedom Restoration Act of 1993 [42 U.S.C. § 2000bb, *et. seq.*] and 42 U.S.C. § 1983)**

362. Plaintiffs incorporate each of the Complaint allegations stated above herein.

363. Plaintiffs with sincere religious beliefs, which prohibit their taking the vaccination, have had those beliefs accepted as sincere by their respective employers.

364. Individuals determining COVID-19 exemption requests are effectively religious discrimination, persecution and denial of free exercise of religion, by refusing

COMPLAINT - 80

to accommodate the overwhelming majority of accepted religious objections.

365. Each employer was required in carrying out the purported compelling purpose of the Executive Orders to make reasonable accommodations in a consistent and common-sense manner which, among other things, could include following the less restrictive OSHA standards (themselves now declared unconstitutional) e.g., by requiring testing for COVID-19 and mask-wearing for individuals working indoors.

366. Defendants could also take temperatures and continue to require social distance in many circumstances.

367. As indicated above, some of the Plaintiffs have had COVID-19 and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by the Defendants doing <u>nothing</u> and still achieve their purported compelling purpose of the Executive Orders of protecting against the spread of COVID-19. Since this case was initially filed, new evidence has disclosed that the required vaccines do not reduce the spread of COVID-19 to the extent asserted by the Government Defendants in connection with the Executive Orders. This is a further changed circumstance which renders enforcement of the Executive Orders arbitrary and capricious.

368. Regardless, Plaintiffs' individual employers are forcing Plaintiffs to choose between their sincerely held religious beliefs and maintaining employment due to their individual employer's approach to religious accommodations to the one-size-fits-all

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

COVID-19 vaccine requirements.

369. Infringement on Plaintiffs' Free Exercise rights, including the Religious Freedom Restoration Act ("RFRA") requires the application of strict scrutiny to any denial of free exercise. *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020) (Permitting "litigants, when appropriate, to obtain money damages against federal officials in their individual capacities." Id. at 493)). Executive Order 14042, and actions taken by Defendants Vance and each Contractor-Defendant, coerces Plaintiffs into either violating their sincerely held religious beliefs or losing their livelihoods. This enforcement mechanism of the Executive Orders presents an egregious, not a  small or incidental burden on the exercise of their sincerely held religious beliefs.

370. RFRA, defines the term "government" to include "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity." All named Defendants are either representatives acting under color of law or legally constitute an instrumentality of the United States government. See: 42 U.S.C. 2000bb(b)(1)-(2).

## SECOND CAUSE OF ACTION

**Violation of Equal Protection, 14ᵗʰ Amendment of the United States Constitution and 42 USC § 1983**

371. Plaintiffs incorporate each of the Complaint allegations stated above herein.

372. The equal protection clause of the Fourteenth Amendment to the U.S.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Constitution requires the government to treat an individual in the same manner as others in similar conditions and circumstances.

373. The Fourteenth Amendment further recognizes and guarantees fundamental rights and liberty interests of personal autonomy and bodily integrity.

374. Some DOE Hanford contractors are allowing accommodations.

375. The Executive Orders are significantly more restrictive than the ETS.

376. As indicated above, some of the Plaintiffs have had COVID-19 and possess natural immunity, such natural immunity should be considered – those Plaintiffs could be accommodated by Defendants doing <u>nothing</u> and still achieving their purported compelling purpose of the Executive Orders.

377. Plaintiffs are entitled to equal protection under the law; they are not receiving it. More specifically, contractor-employed Plaintiffs are not receiving equal protection by their individual employers through the contractual obligations flowing from Executive Order 14042, and DOE-employed Plaintiffs' equal protections are directly violated by DOE through its enactment of Executive Order 14043.

## THIRD CAUSE OF ACTION

## Violation of the Americans with Disabilities Act (42 U.S.C. 12101, *et. seq.*) and 42 USC § 1983

378. Plaintiffs incorporate each of the Complaint allegations stated above herein.

379. Some Plaintiffs have medical conditions that prohibit them from receiving the

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

COVID-19 vaccine.

380. Mr. Clancy's medical professional provided a letter that stated he should be exempted from the COVID-19 vaccination due to prior adverse reactions to vaccinations.

381. Mr. Clancy's history of adverse vaccine reactions makes it medically unreasonable, and possibility fatal, for him to take the vaccine.

382. Mr. Clancy's medical history constitutes a disability under the ADA.

383. Mr. Clancy is being terminated despite his known disability, which could be accommodated without undue hardship if his employer exempted him from the COVID-19 vaccination and provided alternative accommodations.

384. Mr. Clancy is entitled to a reasonable accommodation under the ADA.

385. Likewise, Mr. Logan Williams, who remains on oxygen from a recent battle with COVID-19, has a note from his doctor stating that Mr. Williams is a candidate for a COVID-19 vaccination exemption. Mr. Williams' employer has failed to respect his doctor's professional opinion and maintains the mandate that Mr. Williams become vaccinated against COVID-19.

386. Several other Plaintiffs are in a similar situation, where a Plaintiff's own medical professional has advised against the COVID-19 vaccine due to an individual's health condition and/or historical adverse reactions to vaccinations.

387. Pamela Hartsock has received a "Notice of Right to Sue" letter from the EEOC,

COMPLAINT - 84

dated January 10, 2022, under Title VII, the ADA, or GINA. Ms. Hartsock, completing the administrative process.

388. Plaintiffs' individual employers are forcing Plaintiffs to choose between their physician's advice as to the appropriateness of a vaccine and maintaining employment due to their individual employer's approach to medical accommodations to the one-size-fits-all COVID-19 vaccine requirements.

389. Notwithstanding the uncontested advice of these individuals' medical professionals against the COVID-19 vaccine, Defendants mandate the vaccine to retain employment.

## FOURTH CAUSE OF ACTION

### Wrongful Termination

390. Plaintiffs incorporate each of the Complaint allegations stated above herein.

391. Absent declaratory and injunctive relief, the Plaintiffs will be wrongfully terminated in violation of Title VII of the Civil Rights Act and Washington Law Against Discrimination. Absent declaratory or injunctive relief, Plaintiffs will each, individually, have been damaged in an amount to be determined at trial.

392. Several Plaintiffs have been placed on Administrative Leave Without Pay, some have been terminated, and others have been forcibly moved to another position (demoted).

393. The pending claims under Washington law are substantially related to the

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

federal claims asserted in this action.

## FIFTH CAUSE OF ACTION

### Breach of Contract

394. Plaintiffs incorporate each of the Complaint allegations stated above herein.

395. There exists a binding contract relationship between each Plaintiff and his or her individual employer.

396. Each Plaintiff has an independent property right in their pension.

397. Defendants have made it clear they intend to breach each Plaintiffs' contract with the respective Defendant.

398. Defendants' actions constitute breaches of contract, or anticipatory repudiations of contract, and, as to the arbitrary and capricious enforcement of the Executive Orders, constitutes a taking of property and rights without due process.

399. Absent declaratory and/or injunctive relief, Plaintiffs who have not yet been suspended or terminated will each, individually, have been damaged in an amount to be determined at trial. As to plaintiffs who have been suspended or terminated, or who have resigned under the coercion of the Defendants' actions to enforce the Executive Orders, they have already been damaged in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Intentional or Negligent Infliction of Emotional Distress

400. Plaintiffs incorporate each of the Complaint allegations stated above herein.

COMPLAINT - 86

401. Defendants engaged in extreme and outrageous conduct toward Plaintiffs.

402. The complained of conduct was intentional and/or reckless.

403. The complained of conduct actually resulted in severe emotional distress to Plaintiffs.

404. To the extent Plaintiffs have not already been injured, absent declaratory or injunctive relief, Plaintiffs will each, individually, have been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### Infringement of Privacy Rights and Violation of 42 USC § 1983

405. Plaintiffs incorporate each of the Complaint allegations stated above herein.

406. Plaintiffs have a privacy right in their religious practice.

407. Plaintiffs have a privacy right in their bodily integrity and a corresponding right to bodily integrity and sovereignty over their own bodies. See: *Griswold v. Connecticut,* 381 U.S. 479 (1965); *Eisenstadt v. Baird,* 405 U.S. 438 (1972); *Roe v. Wade,* 410 U.S. 11 (1973); Planned Parenthood v. Casey, 505 U.S. 833 (1992); and *Lawrence v. Texas,* 539 U.S. 558 (2003). Plaintiffs also have a right to refuse to accept medical treatment even when their own lives might be in jeopardy. *Cruzan v. Director Missouri Dept. of Health,* 497 U.S. 261(1990) and *Riggins v. Nevada*, 504 U.S. 127 (1992).

408. Both rights have been violated in the way that Plaintiffs' sincere beliefs and medical concerns have been challenged and disparaged by Defendants.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

409. In enforcing the vaccine mandates the Defendant Government Officials have, in part, acted under color of state, as well as federal law.

## EIGHTH CAUSE OF ACTION

## Violation of the Federal Property and Administrative Services Act("FPASA")

## (40 U.S.C. §§ 101 and 121)

410. Plaintiffs incorporate each of the Complaint allegations stated above herein.

411. While the FPASA "vest[s] broad discretion in the President" it does not provide the President with "a blank check to fill at his will." *Chamber of Commerce of the United States v. Reich*, 74 F.3d 1322, 1330 (D.C. Cir. 1996) quoting *AFL-CIO v. Kahn*, 618 F.2d 784, 793 (D.C. Cir. 1979) (en banc). "The procurement power must be exercised consistently with the structure and purposes of the statute that delegates that power." *Id*. at 1330-31.

412. Several United States District Courts have held that Executive Order 14042 violate the FPASA. See *Georgia, et al., v. Joseph R. Biden, et al.*, 1:21-cv-163, ECF 94 (S.D. Ga. Nov. 30, 2021) (Baker, J.); *Kentucky, et al., v. Joseph R. Biden, et al.,* 3:21-cv-55, ECF 50 (E.D. Ky. Nov. 11, 2021) (Van Tatenhove, J.); *Missouri, et al. v. Joseph R. Biden, et al.*, 4:21-cv-1300, ECF 36 (E.D. Mo. Dec, 20, 2021) (Noce, M.J.); and *Florida v. Nelson, et al.,* 8:21-cv-2524 (December 22, 2021) (Merryday, J.). Importantly, in *Georgia v. Joseph R. Biden,* Judge Bake issued a nationwide injunction hold that Executive Order 14042 exceeds FPASA's authorization.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

413. The purpose of the FPASAFPASA is to provide the Federal Government with an "economical and efficient system" for, among other things, procuring and supplying property and nonpersonal services. 40 U.S.C. § 101. The Executive Orders, however, will actually and materially undermine the efficient and economical delivery of property and services by disrupting the continuity of the contractor workforce, and rendering federally operated nuclear facilities unsafe.

414. The purpose of the FPASA is *not* to impose a sweeping vaccination mandate on broad swaths of the American people or to use the federal procurement system as a proxy for implementing a nationwide public health mandate, nor was the FPASA designed as a public health statute.

415. The FPASA empowers the President to "prescribe policies and directives that [he] considers necessary to carry out [the FPASA.]" 4 U.S.C. § 121(a). Those policies "*must* be consistent with" the FPASA's purpose, i.e., promoting economy and efficiency in federal contracting. *Id*. § 121(a) (emphasis added).

416. The President has failed to demonstrate a "nexus" between the Executive Orders and the FPASA's purpose of promoting an "economical and efficient system" for federal contracting. 40 U.S.C. § 101; *see Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Kahn*, 618 F.2d 784, 793 (D.C. Cir. 1979) (explaining that the FPASA is violated when the President does not demonstrate a "nexus" between executive action

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

and the FPASA's policy). The FPASA's text obligates the President to exercise his statutory authority "consistently with [the Act's] structure and purposes." *Id*.

417. Instead, the Executive Orders exceed the President's FPASA authority by directing the Task Force, without a demonstrable nexus to the FPASA's purpose, to prescribe a sweeping public health scheme.

418. Here, the text of the FPASA clearly demonstrates that Congress has not authorized the Executive Orders, and thus, the Executive Orders violate the FPASA.

419. Further, before the executive branch may regulate a major policy question of "great and economic and political significance"—such as mandating vaccination for every employee of every federal contractor in the country—Congress must "speak clearly" to assign the authority to implement such a policy. *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2489 (2021) (citing *Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 324 (2014)).

420. When the federal government intrudes on a traditional state function, it must clearly articulate the scope of the intrusion and the rationale behind its unprecedented action, which it has not done here. *Gregory v. Ashcroft*, 501 U.S. 452, 463–64 (1991).

421. The Executive Orders implicate critical issues of federalism as public health and the regulation of inoculation regimes are traditional state functions.

422. Because the statutory language that the President relies on to issue The

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Executive Orders do not contain a clear statement affirmatively sanctioning the broad scope of the Executive Orders, they violate the FPASA.

423. Therefore, under both the plain text of the FPASA and the clear statement principle, it is unlawful, and thus the Executive Orders are unenforceable.

424. The first COVID-19 case in United States occurred in Everett, WA, January 20, 2020; President Biden issued the Executive Orders on September 8, 2021, a delay of twenty-one months.

## NINTH CAUSE OF ACTION

### Violation of Federal Procurement Policy (41 U.S.C. § 1707(a))

425. Plaintiffs incorporate each of the Complaint allegations stated above herein.

426. Pursuant to 41 U.S.C. § 1707(a)(1), a procurement policy may not take effect until 60 days after it is published for public comment in the Federal Register if it relates to the expenditure of appropriated funds; and has a significant effect beyond the internal operating procedures of the issuing agency; or has a significant cost or administrative impact on contractors or offerors.

427. The Executive Orders will require contractors to develop, implement, and monitor a host of new policies and procedures impacting, for some contractors, their entire workforce. In order to fully comply with the Executive Orders, contractors will have to fire any covered employee who refuses to be vaccinated and has not asserted an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

exemption.

428. Federal agencies will have to budget for and expend appropriated funds to administratively implement the Executive Orders and, thereafter, compensate contractors for their increased cost of compliance in violation of § 1707(a). Likewise, DOE will incur additional costs associated with its vaccination incentivization program.

429. Because the Executive Orders requires vaccination of hundreds of thousands, if not millions, of Americans, it certainly has "a significant effect beyond internal operating procedures" in violation of § 1707(a).

430. The Executive Orders also have a significant cost or administrative impact on current contractors, future contractors, and offerors in violation of § 1707(a).

431. Despite being required to be published for public comment in the Federal Register, President Biden failed to publish the Task Force Guidance containing the Contractor Mandate in the Federal Register as required by 41 U.S.C. § 1707(a)(1).

432. Moreover, President Biden failed to provide the required 60-day comment period before the Task Force Guidance and Executive Orders became effective.

433. Further, the requirements of 41 U.S.C. § 1707(a) were never waived with regard to the Executive Orders.

434. Accordingly, President Biden failed to comply with 41 U.S.C. § 1707(a) when issuing the OMB Determination and the Task Force Guidance, making the Executive

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Orders invalid as a matter of law.

## TENTH CAUSE OF ACTION

**Nondelegation Claim (Article I, Section 1 of the United States Constitution)**

435. Plaintiffs incorporate each of the Complaint allegations stated above herein.

436. Pursuant to Article I, Section 1 of the United States Constitution, Congress is vested with all legislative powers.

437. "Congress is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested." *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529–30 (1935).

438. The executive branch can only exercise its own discrete powers reserved by Article II of the United States Constitution and such power that Congress clearly authorizes through statutory command.

439. Congress gives such authorization when it articulates an intelligible principle to guide the Executive that not only sanctions but also defines and cabins the delegated legislative power.

440. Under the nondelegation doctrine, Congress cannot simply offer a general policy that is untethered to a delegation of legislative power. For a delegation to be proper, Congress must articulate a clear principle or directive of its congressional will within the legislative act. That is, Congress must "lay down by legislative act an

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform." *See J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928). The principle must be binding, and the delegate must be "directed to conform" to it. *Id.*

441. The nondelegation doctrine preserves and protects important tenets of our democracy, including individual liberties and states' rights.

442. The President's direct delegation of authority to the OMB Director and the Task Force gives OMB unconstitutional and unconstrained rulemaking authority without a statutory directive.

443. The President's indirect delegation to the federal agencies of broad authority and discretion to enforce the already unconstitutional Contractor Mandate is unsupported by an explicit statutory directive within the FPASA or any other federal law.

444. Thus, the President's actions lack the requisite congressional direction in two regards:

a. First, Congress did not articulate clear or sufficient instructions in the FPASA directing the President to implement this public health policy scheme by executive order.

b. Second, even if Congress did clearly authorize a national vaccination schedule

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

for federal contractors, it did not give sufficiently clear instructions to permit the President to delegate legislative judgment to the Task Force or the OMB Director.

445. The Executive Order's reliance on the precatory statement of purpose in the FPASA is not a clear directive, and neither the President nor the federal agencies can rely on it to impose an intrusive and sweeping vaccine mandate.

446. Further, any delegation sanctioning broad and intrusive executive action cannot be sustained without clear and meaningful legislative guidance, especially given the important separation of powers and federalism concerns implicated. Under the nondelegation doctrine, the Executive Orders are unconstitutional because Congress did not articulate a clear principle by a legislative act that directs the Executive to take sweeping action that infringes on state and individual rights.

447. Here, the Executive Orders cut deeply into the state's sphere of power without articulating the underlying reasons or providing a justification beyond a superficial, unsupported, and pretextual reference to efficiency and economy in federal contracts.

448. Without *explicit* congressional authorization, the President's delegation of power in the Executive Orders through the various executive agencies and private actors implementing the Executive Orders cannot survive constitutional scrutiny.

## ELEVENTH CAUSE OF ACTION

## Violation of Separation of Powers and Federalism (Article I, Section 8 and Amendment X to the United States Constitution)

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

449. Plaintiffs incorporate each of the Complaint allegations stated above herein.

450. To the extent President Biden argue that the Executive Orders are authorized, such authorization would violate the Constitution's nondelegation principles.

451. The Executive Orders exceed congressional authority.

452. Pursuant to Article I, Section 8 of the United States Constitution, Congress has authority "to make all Laws which shall be necessary and proper for carrying into Execution" its general powers ("the Necessary and Proper Clause"). The Necessary and Proper Clause does not "license the exercise of any 'great substantive and independent power[s]' beyond those specifically enumerated." *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. 519, 559 (2012) (citation omitted).

453. Pursuant to the Tenth Amendment of the United States Constitution, "the powers not delegated by the Constitution to the United States, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

454. Nothing in the Constitution authorizes the federal agencies of the executive branch to impose the Executive Orders on states because requiring vaccinations for state employees is an exercise of the police power left to the states under the Tenth Amendment.

455. The Constitution does not empower Congress to require anyone who transacts business with the federal government to get vaccinated. It is not a "proper" exercise of

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Congress's authority to mandate that every employee who touches a federal contract or comes in contact with another employee who touches such a contract, has to be vaccinated because the action here falls outside the scope of an Article I enumerated power.

456. President Biden, through the Executive Order, has exercised power that Congress does not possess under the Constitution and, therefore, cannot delegate to other branches of the federal government.

457. If Congress intended the FPASA to authorize what the President claims, the Act exceeds Congress's authority, and thus President Biden must be enjoined from taking any action under the Act.

## TWELFTH CAUSE OF ACTION

### Violation of the 10th Amendment of the United States Constitution

458. Plaintiffs incorporate each of the Complaint allegations stated above herein.

459. Pursuant to the Tenth Amendment of the United States Constitution, "the powers not delegated by the Constitution to the United States, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. President Biden, through the Executive Order, has exercised power far beyond authority delegated to the federal government by Constitutional mandate or congressional action.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

460. Neither Article II of the U.S. Constitution nor any act of Congress authorizes the federal agencies of the executive branch to implement the Executive Order, which traditionally falls under the police power left to the states under the Tenth Amendment.

461. The Tenth Amendment explicitly preserves the "residuary and inviolable sovereignty," of the states. *Printz v. United States*, 521 U.S. 898, 918–19 (1997) (quoting The Federalist No. 39, at 245 (J. Madison)).

462. By interfering with the traditional balance of power between the states and the federal government and by acting pursuant to ultra vires federal action, President Biden violated this "inviolable sovereignty," and thus, the Tenth Amendment.

463. Therefore, the Executive Orders were adopted pursuant to an unconstitutional exercise of authority by President Biden and must be invalidated.

## THIRTEENTH CAUSE OF ACTION

## Unconstitutional Exercise of the Spending Clause (Under Article I, Section 8, Clause 1 of the United States Constitution)

464. Plaintiffs incorporate each of the Complaint allegations stated above herein.

465. The challenged actions are unconstitutional conditions on the states' receipt of federal funds. Article I, Section 8, Clause 1 of the United States Constitution gives Congress the power to "lay and collect Taxes, Duties, Imposts, and Excises, to pay the

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Debts and provide for the common Defense and the general Welfare of the United States." While "Congress may attach appropriate conditions to . . . spending programs to preserve its control over the use of federal funds," it cannot wield federal funding to unreasonably constrain state autonomy. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 579 (2012). "[I]n some circumstances the financial inducement offered by Congress might be so coercive as to pass the point at which 'pressure turns into compulsion.'" *South Dakota v. Dole*, 483 U.S. 203, 211 (1987).

466. Federal contracts are an exercise of the Spending Clause, yet the challenged actions ask The Employees to agree to a coercive contract term.

467. The federal contracts at issue here account for considerable portions of The Employees' budgets for essential research, education, and other necessary programs. The pressure on The Employees to comply with the Executive Orders rise to the level of coercion. The challenged actions are invalid for that reason alone.

### FOURTEENTH CAUSE OF ACTION

### Violation of the APA (Under 5 U.S.C. § 706)

468. Plaintiffs incorporate each of the Complaint allegations stated above herein.

469. Pursuant to 5 U.S.C. § 553, agencies must publish "a notice of proposed rulemaking in the Federal Register before promulgating a rule that has legal force." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S.Ct. 2367,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

2384 (2020); 5 U.S.C. § 553(b).

470. Pursuant to 48 C.F.R. 1.501, "significant revisions" to the FAR must be made through notice-and-comment procedures. DOD, NASA, and the General Services Administration must jointly conduct the notice-and-comment process. *Id*.

471. Instead of amending the FAR to implement this significant revision, the FAR Council issued a purported "class deviation" without engaging in the notice-and-comment process. *See* 5 U.S.C. § 553.

472. Proper "class deviations" must fit within one of the discrete definitions set forth in 48 C.F.R 1.401.

473. Here, however, the FAR Deviation Clause fits none of the definitions.

474. Instead, the FAR Deviation Clause is in the nature of a rule within the meaning of the APA because it is "an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4).

475. The FAR Council violated the APA by failing to comply with the notice-and-comment requirements for rulemaking.

476. Good cause, assuming it exists in relation to the President's Executive Order, does not excuse the FAR Council's failure to comply with the notice-and-comment process. See 5 U.S.C. § 553(b)(3)(B).

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

**FIFTEENTH CAUSE OF ACTION**

**Violation of the APA (Under 5 U.S.C. § 706)**

477. Plaintiffs incorporate each of the Complaint allegations stated above herein.

478. Under the APA, a court must "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory . . . authority, or limitations, or short of statutory right." *See* 5 U.S.C. § 706(2)(A), (C).

479. The OMB Determination adopting the Task Force guidance is contrary to law for at least four reasons.

480. First, the OMB Determination violates 41 U.S.C. § 1303(a) because it is a government-wide procurement regulation, which only the FAR Council may issue.

481. Executive Order 14042 apparently seeks to circumvent § 1303 by delegating the President's FPASA power to the OMB Director.

482. That attempt is unlawful because the President has no authority to issue regulations under § 1303—only the FAR Council may issue government-wide procurement regulations. *See* Centralizing Border Control Policy Under the Supervision of the Attorney General, 26 Op. OLC 22, 23 (2002) ("Congress may prescribe that a particular executive function may be performed only by a designated official within the Executive Branch, and not by the President.").

483. Second, and relatedly, the OMB rule is contrary to law because the FPASA

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

does not grant the President the power to issue orders with the force or effect of law. Congress authorized the President to "prescribe policies and directives that the President considers necessary to carry out." 40 U.S.C. § 121(a).

484. "[P]olicies and directives" describe the President's power to direct the exercise of procurement authority throughout the government. It does not authorize the President to issue regulations himself.

485. Congress knows how to confer that power, as it authorized the GSA Administrator, in the same section of the statute, to "prescribe regulations." *Id.* §121(c); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.").

486. Congress has given the President the power to "prescribe regulations" in other contexts, typically in the realm of foreign affairs and national defense. See, e.g., 18 U.S.C. § 3496 ("The President is authorized to prescribe regulations governing the manner of executing and returning commissions by consular officers."); 32 U.S.C. § 110 ("The President shall prescribe regulations, and issue orders, necessary to organize, discipline, and govern the National Guard.").

487. Third, even if the FPASA authorized the President to issue orders with the force or effect of law, it would not authorize approval of the Task Force guidance. The

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

President appears to assume that the FPASA's prefatory statement of purpose authorizes him to issue any order that he believes promotes "an economical and efficient" procurement system. 40 U.S.C. § 101. In doing so, the President mistakenly construes the prefatory purpose statement for a grant of authority. D.C. v. Heller, 554 U.S. 570, 578 (2008) ("[A]part from [a] clarifying function, a prefatory clause does not limit or expand the scope of the operative clause.").

488. Even if the FPASA did authorize the President to issue binding procurement orders solely because they may promote economy and efficiency, the OMB Determination does not adequately do so. Providing the federal government with an "economical and efficient system for" procurement is not a broad enough delegation to impose a national-scale vaccine mandate that Congress has not separately authorized.

489. Further, the Executive Orders are divorced from the practical needs of procurement. In order to maintain a steady and predictable flow of goods and services—and the advancement of science and technology through research and development—the federal procurement system requires a stable and reliable workforce to timely perform work required under tens of thousands of federal contracts and funding agreements. The Executive Orders disrupt the stability and reliability of the contractor workforce by forcing contractors to potentially fire unvaccinated and non-exempt covered employees, many of whom are highly skilled and essential to the work.

490. Because the OMB Determination violates § 1303(a), seeks to exercise a

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

delegated power the President does not possess, and relies on a misreading of the FPASA, it is contrary to law.

## SIXTEENTH CAUSE OF ACTION

## Violation of the APA (5 U.S.C. § 706)

491. Plaintiffs incorporate each of the Complaint allegations stated above herein.

492. Pursuant to the Administrative Procedure Act, agency action that is "arbitrary [or] capricious" is unlawful and must be set as aside by a court of competent jurisdiction. 5 U.S.C. § 706(2)(A).

493. Pursuant to 48 C.F.R. 1.402 "[u]nless precluded by law, executive order, or regulation, deviations from the FAR may be granted [] when necessary to meet the specific needs and requirements of each agency."

494. The Executive Orders are being implemented with no express findings, no explanation, and no consideration of the distinct and diverse universe of federal agencies.

495. The Executive Orders impose universal and uniform requirements without regard to the particularized needs and circumstances of each federal agency and are therefore arbitrary and capricious in violation of the APA.

## SEVENTEENTH CAUSE OF ACTION

## Commerce Clause (Article 1, Section 8, Clause 3 of the US Constitution)

496. Plaintiffs incorporate each of the Complaint allegations stated above herein.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

497. The Executive Orders exceed the federal government's authority under the Commerce Clause as each Order regulates noneconomic inactivity that falls squarely within the States' police power as a person's choice to remain unvaccinated and forgo regular testing is noneconomic inactivity. *NFIB v. Sebelius*, 567 U.S. 519, 522 (2012) (Roberts, C.J., concurring); *see also id.* at 652–53 (Scalia, J., dissenting). Mandating that a person receive a vaccine or undergo testing falls squarely within the States' police power. *Zucht v. King*, 260 U.S. 174, 176 (1922) (noting that precedent had long "settled that it is within the police power of a state to provide for compulsory vaccination"); *Jacobson v. Massachusetts*, 197 U.S. 11, 25–26 (1905) (similar).

498. The Executive Orders, commandeer U.S. employers to compel millions of employees to receive a COVID-19 vaccine or face termination. While the Commerce Clause power is expansive, it does not grant Congress the power to regulate noneconomic inactivity traditionally within the States' police power. *See Sebelius*, 567 U.S. at 554 (Roberts, C.J., concurring) ("People, for reasons of their own, often fail to do things that would be good for them or good for society. Those failures—joined with the similar failures of others—can readily have a substantial effect on interstate commerce. Under the Government's logic, that authorizes Congress to use its commerce power to compel citizens to act as the Government would have them act. That is not the country the Framers of our Constitution envisioned."); *see also Bond v. United States*, 572 U.S. 844, 854 (2014) ("The States have broad authority to enact

COMPLAINT - 105

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

legislation for the public good—what we have often called a 'police power.' . . . The Federal Government, by contrast, has no such authority. . ." (Citations omitted)). Indeed, the courts "*always* have rejected readings of the Commerce Clause . . . that would permit Congress to exercise a police power." *United States v. Lopez*, 514 U.S. 549, 584 (1995) (Thomas, J., concurring). In sum, the Executive Orders far exceed current constitutional authority.

## EIGHTEENTH CAUSE OF ACTION

## 42 USC § 1983

499. Private parties may be deemed a state actor for the purposes of an action under 42 USC § 1983 if: (1) the state compelled the private party's conduct, (2) the private party acted jointly with a state, or (3) the private party fulfilled a role that is traditionally a public function performed by a state. *Baez v. JetBlue Airways,* 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257(2d Cir. 2008)).

500. To assert that a private Defendant is acting as a state actor, "the central inquiry is whether there was 'such a close nexus between the State and the challenged [private] action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Baez v. Jet Blue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (quoting *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003)). In other words, "Conduct that is formally "private" may become so entwined with

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Evans v. Newton*, 382 U.S. 296, 299 (1966); see also: *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. ,*288, 296 (2001).

501. The Supreme Court articulated four factors to determine whether an entity is engaging in government action: 1) the degree of funding by the government; 2) the extent to which regulations influence the entity's conduct; 3) whether the entity was engaging in a public function; and 4) whether there was a symbiotic relationship between the government and the entity. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–43, 102 S. Ct. 2764, 73 L.Ed.2d 418 (1982) See also *Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1342–43 (9th Cir. 1997) (utilizing the *Rendell-Baker* factors to determine whether a non-profit community action agency acted under the color of state law in its hiring and firing decisions).

502. Pursuant to the authority set forth by the United States Supreme Court in *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971), Defendants' conduct in violation of Plaintiffs' constitutional rights may give rise to an action for monetary damages in this Court pursuant to 28 U.S.C. § 1331. The 9th Circuit, in *Boule v. Egbert*, 998 F.3d 370 (9th Cir. 2021), has confirmed that the rule of *Bivens* extends to damages resulting from a federal agent's violation of First Amendment rights.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

503. Additionally, the 9th Circuit has recently allowed individuals to sue the private-actor warden of the *privately owned* Immigration Customs Enforcement ("ICE") Processing Center for a violation of constitutional rights as a "government" defendant. *Roman v. Wolf,* 3d 935 (9th Cir. 2020).

504. There is a close nexus between President Biden's Executive Orders and Contractor-Defendants' requirement to become fully vaccinated against COVID-19 as these contractors exist exclusively to serve the United States government (with limited exceptions), and the contractors' COVID-19 vaccine mandates were brought in furtherance of Executive Order 14042 and DOE directives.

## RELIEF REQUESTED

A. A Declaration that Executive Order 14042 and Executive Order 14043 are unconstitutional for each Order's infringement upon the Free Exercise of Religion, the Religious Freedom and Restoration Act of 1993 and as each Order exceeds the FPASA.

B. A Temporary Restraining Order and Preliminary Injunction enjoining Defendants Vance, McCain, Sax, Wilkinson, Hardy, Whitmer, Ashby, and Eschenberg from taking adverse employment action against the Employees through any implementation of workplace policies mandating COVID-19 vaccination pursuant to Executive Order 14042 or Executive Order 14043.

C. Attorney fees as authorized by statute.

D. Absent declaratory or injunctive relief, judgment in favor of each Plaintiff

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

against his or her specific employer for wrongful termination and breach of contract, liability and damages to be determined by a jury of twelve.

E. Any other remedy deemed reasonable by this Court.

**DATED** this 18th day of January 2022.

**ARNOLD & JACOBOWITZ PLLC**

/s/ Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356
2701 First Ave., Ste. 200
Seattle, WA 98121
(206) 799-4221
Nathan@CAJLawyers.com

**SILENT MAJORITY FOUNDATION**

/s/ Simon P. Serrano
Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation
5426 N. Rd. 68, Ste. D, Box 105
Pasco, WA 99301
(530)906-9666
pete@silentmajorityfoundation.org

*Counsel for Plaintiffs*

COMPLAINT - 109

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on January 18, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court District of Washington by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

4

5

I further certify that some of the participants in the case are not CM/ECF users. I have I served a copy of the foregoing upon all Defendants via legal messenger.

6

7

8

DATED this 18th day of January 2021.

9

/s/ Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 110