1  Mark N. Bartlett, WSBA #15672
2  Arthur A. Simpson, WSBA #44479
   Davis Wright Tremaine LLP
3  920 Fifth Avenue, Suite 3300
   Seattle, WA  98104-1610
4  Telephone: 206.622.3150
   Facsimile: 206.757.7700
5

6  *Attorneys for Defendants Scott Sax, John Eschenberg,*
   *Don Hardy, Hiram Seth Whitmer, Robert Wilkinson,*
7  *and Steven Ashby*

8  Kevin C. Baumgardner, WSBA #14263
   Jeff Bone, WSBA #43965
9  Corr Cronin LLP
   1001 4th Avenue, Suite 3900
10 Seattle, WA  98154-1051
   Telephone: 206.625.8600
11 Facsimile: 206.625.0900

12 *Attorneys for Defendant Valerie McCain*

13

14           IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF WASHINGTON

15 | DAVID G. DONOVAN, *et al.*, | No. 4:21-cv-05148-TOR |
|---|---|
16 | Plaintiffs, | CONTRACTOR DEFENDANTS' MOTION TO DISMISS |
17 | v. | PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL |
18 | JOSEPH R. BIDEN, in his official capacity as President of the United | PROCEDURE 12(b)(6) |
19 | States of America, *et. al.*, | |
20 | Defendants. | 3/31/2022 |
21 | | With Oral Argument: 1:30 p.m. Courtroom 902 Teleconference |
22 | | |
23

CONTRACTOR DEFS.' MOT. TO DISMISS
Case No. 4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

**TABLE OF CONTENTS**

2
                                                                                    **Page**

3
I.      INTRODUCTION AND RELIEF REQUESTED ............................................ 1

4
II.     STATEMENT OF FACTS ................................................................. 3

5
III.    ARGUMENT AND AUTHORITY .................................................. 11

6
        A.     Plaintiffs' "Official Capacity" Claims Are Frivolous............................ 11

7
        B.     Plaintiffs' "Direct" Constitutional Claims Are Frivolous..................... 12

8
        C.     Plaintiffs' Section 1983 Claims Are Frivolous. ................................... 12

9
        D.     To the Extent Plaintiffs Assert *Bivens* Claims, They Are  Both
               Legally Meritless And Insufficiently Pleaded....................................... 14

10
        E.     Plaintiffs' Title VII and ADA Claims Are Frivolous. ........................... 18

11
        F.     Plaintiffs' Federal Procurement and APA Claims Are Frivolous.......... 19

12
        G.     Plaintiffs Have Pleaded Themselves Out of Court. ............................... 19

13
IV.     CONCLUSION.................................................................................. 20

14

15

16

17

18

19

20

21

22

23

CONTRACTOR DEFS.' MOT. TO DISMISS - i
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ashcroft v. al-Kidd,*
    563 U.S. 731 (2011)........................................................................18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................15

*Azul-Pacifico, Inc. v. City of Los Angeles,*
    973 F.2d 704 (9th Cir. 1992) ........................................................12

*Beck v. FedEx Ground,*
    2007 WL 2028581 (E.D. Cal. July 10, 2007)..........................11, 18

*Beveridge v. City of Spokane,*
    2021 WL 3082003 (9th Cir. July 21, 2021) ................................13

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
    403 U.S. 388 (1971). ECF No. 60 ............................................ *passim*

*Brown v. Perry,*
    2021 WL 1160964 (S.D. Miss. Mar. 25, 2021)............................12

*Callahan v. Woods,*
    658 F.2d 679 (9th Cir. 1981) ........................................................15

*Caviness v. Horizon Cmty. Learning Ctr., Inc.,*
    590 F.3d 806 (9th Cir. 2010) ........................................................17

*Cline v. Indus. Maint. Eng'g & Contracting Co.,*
    200 F.3d 1223 (9th Cir. 2000) ......................................................20

*Coddington v. Adelphi Univ.,*
    45 F. Supp. 2d 211 (E.D.N.Y. 1999) .......................................11, 18

*Corr. Servs. Corp. v. Malesko,*
    534 U.S. 61 (2001) ........................................................................17

*Crumpton v. Gates,*
    947 F.2d 1418 (9th Cir. 1991) ......................................................14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Daly-Murphy v. Winston*,
　　837 F.2d 348 (9th Cir. 1987) ........................................................17

*DeRay v. Larson*,
　　283 F. Supp. 2d 706 (D. Conn. 2003) ..........................................12

*Ellibee v. Leonard*,
　　226 Fed. Appx. 351 (5th Cir. 2007) .............................................11

*Fallon v. Mercy Catholic Med. Ctr. of Se. Pennsylvania*,
　　877 F.3d 487 (3d Cir. 2017) .........................................................15

*Florer v. Congregation Pidyon Shevuyim, N.A.*,
　　639 F.3d 916 (9th Cir. 2011) ........................................................16

*Graham v. Connor*,
　　490 U.S. 386 (1989).....................................................................13

*Greenlaw v. Garrett*,
　　59 F.3d 994 (9th Cir. 1995) ..........................................................18

*Miller v. Maxwell's Int'l, Inc.*,
　　991 F.2d 583 (9th Cir. 1993) ........................................................18

*Missouri ex rel. Koster v. Harris*,
　　847 F.3d 646 (9th Cir. 2017) ........................................................20

*Morse v. N. Coast Opportunities, Inc.*,
　　118 F.3d 1338 (9th Cir. 1997) ................................................15, 17

*Northrop Univ. v. Harper*,
　　580 F. Supp. 959 (C.D. Cal. 1983) ..............................................19

*Pavalone v. Pres. Mgmt. Inc.*,
　　2019 WL 1117931 (M.D. Pa. Jan. 8, 2019)..................................12

*Ramiscal v. Bureau of Prisons*,
　　2015 WL 4207923 (C.D. Cal. June 1, 2015) ................................17

*Reed v. Great Lakes Companies, Inc.*,
　　330 F.3d 931 (7th Cir. 2003) ........................................................15

CONTRACTOR DEFS.' MOT. TO DISMISS - iii
Case No.  4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Rendell-Baker v. Kohn*,
    457 U.S. 830 (1982)..................................................................................16

*Riggio v. Bank of Am. Nat'l Tr. & Sav. Ass'n*,
    31 Fed. Appx. 505 (9th Cir. 2002).............................................................13

*Sampson v. Cty. of L.A.*,
    974 F.3d 1012 (9th Cir. 2020) ...................................................................13

*San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*,
    483 U.S. 522 (1987)..................................................................................13

*Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*,
    771 F.3d 632 (9th Cir. 2014) ....................................................................19

*U.S. v. Doe*,
    655 F.2d 920 (9th Cir. 1980) ......................................................................4

*Van Strum v. Lawn*,
    940 F.2d 406 (9th Cir. 1991) ....................................................................14

*Villegas v. Gilroy Garlic Festival Ass'n*,
    541 F.3d 950 (9th Cir. 2008) ....................................................................13

*Walsh v. Nevada Dep't of Human Resources*,
    471 F.3d 1033 (9th Cir.2006) ...................................................................18

*Wishnefsky v. Salameh*,
    2016 WL 11480717 (W.D. Pa. Nov. 18, 2016)..........................................12

*Ziglar v. Abbasi*,
    137 S. Ct. 1843 (2017)..............................................................................18

**Statutes**

5 U.S.C.
    § 551, *et. seq* .........................................................................................19

40 U.S.C.
    §§ 101, 121.................................................................................................6
    § 706...........................................................................................................6

CONTRACTOR DEFS.' MOT. TO DISMISS - iv
Case No.  4:21-cv-05148-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

41 U.S.C.
   § 101, *et seq.* .........................................................................................19
   § 1707(a) ...........................................................................................6, 19

42 U.S.C.
   § 1983................................................................................. *passim*

**Rules**

Federal Rule of Civil Procedure 11 ...............................................................2, 19

Federal Rule of Civil Procedure 12(b)(6) .......................................................1

**Constitutional Provisions**

United States Constitution ..........................................................................2, 12
   First Amendment ....................................................................................5, 14
   Tenth Amendment .....................................................................................5
   Fourteenth Amendment ...........................................................................5, 13, 14

CONTRACTOR DEFS.' MOT. TO DISMISS - v
Case No.  4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## I.    INTRODUCTION AND RELIEF REQUESTED

2    Defendants Valerie McCain, Scott Sax, Don Hardy, Robert Wilkinson, Hiram

3    Seth Whitmer, Steven Ashby, and John Eschenberg (the "Contractor Defendants")

4    respectfully request that the Court dismiss the 314 Plaintiffs' claims against them

5    with prejudice pursuant to Rule 12(b)(6) because those claims are fatally deficient in

6    every conceivable way.  This motion should not have been necessary.  As this Court

7    previously and correctly noted in its prior order denying Plaintiffs' request for

8    injunctive relief, Contractor Defendants "are improper defendants for the type of

9    claims raised in this action."  ECF No. 58 at 4:1-4.  As the Court further explained in

10    its order (in which the Court also declined to exercise supplemental jurisdiction over

11    Plaintiffs' state law claims):

12        Those individuals, named in their official capacities, are private employees of
         private companies, which did not, and could not, promulgate the challenged
13        Executive Orders.  Moreover, those seven private individuals do not employ
         Plaintiffs; Plaintiffs are employed by private companies, which are not named
14        as defendants.  In any event, private employers cannot be liable for
         constitutional violations.
15    *Id.* at 4:4-9; 9:5-11.

16        Plaintiffs have since filed their First Amended Complaint ("FAC").  However,

17    not only have Plaintiffs declined to dismiss their claims against Contractor

18    Defendants, they have in fact doubled-down by asserting additional meritless claims

19    against these improperly named Defendants, in addition to reasserting state law

20    claims over which this Court already expressly declined to exercise jurisdiction.

21    Hence this motion.  Plaintiffs' baffling pleading decisions aside, their claims against

22    Contractors Defendants should now be dismissed with prejudice—and their counsel

23

CONTRACTOR DEFS.' MOT. TO DISMISS - 1
Case No.  4:21-cv-05148-TOR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

sanctioned pursuant to Contractor Defendants' forthcoming Rule 11 motion—because those claims are utterly without merit.

*First*, Plaintiffs' claims against Contractor Defendants in their "official capacities" fail because, as federal courts routinely recognize, private employees of private companies do not have "official capacities" under which they may be sued.

*Second*, Plaintiffs' direct constitutional claims against Contractor Defendants (i.e., those not asserted through Section 1983) fail because the United States Constitution does not create a private cause of action, and Contractor Defendants are private citizens who cannot be liable for alleged constitutional violations.

*Third*, Plaintiffs' new Section 1983 claims fail because that statute applies only when a private defendant has acted under color of <u>state</u> law, while Plaintiffs frivolously assert Contractor Defendants acted under color of <u>federal</u> law (i.e., the Executive Orders at issue).

*Fourth*, to the extent Plaintiffs attempt to assert *Bivens* claims, those claims fail upon multiple, dispositive legal grounds, including that such claims cannot be asserted against a federal contractor and cannot be brought against a private individual in his or her "official" capacity.

*Fifth*, Plaintiffs' Title VII and Americans with Disabilities Act ("ADA") claims against Contractor Defendants fail because neither statute permits individual liability.  Further, only one Plaintiff alleges to have exhausted her administrative remedies with the EEOC, and she admits she received a vaccine exemption and accommodation from her employer.

*Sixth*, Plaintiffs' claims against Contractor Defendants under the federal

CONTRACTOR DEFS.' MOT. TO DISMISS - 2
Case No.  4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

procurement statutes and the Administrative Procedure Act ("APA") are defective because these statutes do not provide a cause of action against private citizens.

**Finally**, not only is Plaintiffs' FAC devoid of specific allegations regarding any acts or omission by Contractor Defendants, Plaintiffs have pleaded themselves out of court.  Indeed, the vast majority of Plaintiffs allege they have, in fact, received from their employers exemptions from COVID-19 vaccine requirements.

## II.    STATEMENT OF FACTS

**Procedural History.**  On November 16, 2021, Plaintiffs filed their original Complaint, asserting claims against Contractor Defendants in their capacities as managerial employees of their respective employers (each of which is an entity that contracts with the U.S. Department of Energy ("DOE")).[1]  *See* ECF No. 1 at 3:16-4:15.[2]  Plaintiffs asserted claims for alleged violations of various provisions of the Constitution, the ADA, Title VII, a federal procurement statute, the APA, and an assortment of claims based on Washington state law.  *See id.* at 44:15-66:11.

On November 19, 2021, Plaintiffs filed their motion for a temporary restraining order and preliminary injunction, ECF No. 11, which the parties argued to this Court on December 17, 2021, ECF No. 57.  That same day, the Court entered its

---

[1] For brevity's sake, this motion will not rehash the gravamen of Plaintiffs' legal claims (i.e., challenging Executive Orders 14042 and 14043) because the Court is familiar with the record and pleadings.  *See generally* ECF No. 58.

[2] The Contractor Defendants' respective employers are identified at ECF No. 44 at 3:18-23; 4:14-16.

CONTRACTOR DEFS.' MOT. TO DISMISS - 3
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    order denying Plaintiffs' motion.  ECF No. 58.  The order noted that "the present

2    motion and the operative Complaint are riddled with procedural and substantive

3    deficiencies . . . ."  *Id.* at 3:2-5.

4        Chief among those deficiencies was that Contractor Defendants "are improper

5    defendants for the type of claims raised in this action" because they are "named in

6    their official capacities, are private employees of private companies, which did not,

7    and could not, promulgate the challenged Executive Orders."  *Id.* at 4:1-6.  The Court

8    similarly found that Contractor Defendants "do not employ Plaintiffs; Plaintiffs are

9    employed by private companies, which are not named as defendants," and, "[i]n any

10   event, private employers cannot be liable for constitutional violations."  *Id.* at 4:6-9.

11   In addition to denying Plaintiffs' request for injunctive relief for numerous

12   substantive reasons—including Plaintiffs' failure to exhaust their administrative

13   remedies for their Title VII and ADA claims—the Court also "decline[d]

14   supplemental jurisdiction over Plaintiffs' state law claims."  *Id.* at 9:5-11; 18:16-19:2.

15       Plaintiffs filed their FAC on January 18, 2022.  ECF No. 60.[3]  Despite the

16   Court's admonition (at both oral argument on the motion for a preliminary injunction

17   and in its order denying the same), Plaintiffs specifically amended their pleading's

18   caption to assert their claims against each Contractor Defendant in his or her "official

19

20   [3] Three Plaintiffs are identified only by their initials.  ECF No. 60 at ¶¶ 59, 76, 158.

21   However, "[T]he identity of the parties in any action . . . should not be concealed

22   except in an unusual case, where there is a need for the cloak of anonymity."  *U.S. v.*

23   *Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980).

CONTRACTOR DEFS.' MOT. TO DISMISS - 4
Case No.  4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

1  capacity" as managerial employees of their respective employers (which Plaintiffs

2  once again did not name as defendants). *Compare* ECF No. 1 at 1:20-2:9 *with* ECF

3  No. 60 at 5:5-21. In addition, Plaintiffs also purported to reassert four Washington

4  state law claims—the same claims over which this Court declined to exercise

5  jurisdiction.[4] Finally, Plaintiffs purported to add 42 U.S.C. § 1983 as a procedural

6  vehicle to assert some, but not all, of their constitutional claims against Contractor

7  Defendants. *See* ECF No. 60 at 80:16-19. The FAC's claims are summarized below:

8  ***Direct Constitutional Claims (i.e., Not Asserted Through Section 1983):***

9  <u>Tenth cause of action</u>: "nondelegation claim" (Article I, Section 1).

10  <u>Eleventh cause of action</u>: separation of powers (Article I, Section 8).

11  <u>Twelfth cause of action</u>: violation of the Tenth Amendment.

12  <u>Thirteenth cause of action</u>: Spending Clause (Article I, Section 8, Clause 1).

13  <u>Seventeenth cause of action</u>: Commerce Clause (Article I, Section 8, Clause 3).
    *Id.* at 93:3-99:16; 104:23-106:7.

14  ***Constitutional Claims Asserted Through Section 1983:***

15  <u>First cause of action</u>: free exercise of religion (First Amendment).

16  <u>Second cause of action</u>: equal protection (Fourteenth Amendment).

17  <u>Seventh cause of action</u>: infringement of privacy rights (presumably
    Fourteenth Amendment). *Id.* at 80:16-83:19; 87:9-88:3.

18  _____

19  [4] Specifically, under the Washington Law Against Discrimination (<u>fourth cause of</u>

20  <u>action</u>), for breach of contract (<u>fifth cause of action</u>), and intentional or negligent

21  infliction of emotional distress (<u>sixth cause of action</u>). ECF No. 60 at 85:14-86:9.

22  This motion will not address these claims because the Court declined to exercise

23  supplemental jurisdiction over them.

CONTRACTOR DEFS.' MOT. TO DISMISS - 5
Case No. 4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

1

***Claims Based upon Federal Statutes:***

2

<u>First cause of action</u>: Religious Freedom Restoration Act ("RFRA").

3

<u>Third cause of action</u>: ADA (failure to accommodate).

4

<u>Fourth cause of action</u>: Title VII (presumably alleged religious discrimination).

5

<u>Eighth cause of action</u>: Federal Property and Administrative Services Act (40 U.S.C. §§ 101, 121 ("FPASA")).

6

<u>Ninth cause of action</u>: "Federal procurement policy" (41 U.S.C. § 1707(a)).

7

<u>Fourteenth, fifteenth, and sixteenth causes of action</u>: APA (40 U.S.C. § 706).

8

9

<u>Eighteenth cause of action</u>: a "freestanding" Section 1983 claim with a passing reference to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 60 at 80:15-19; 83:20-86:2; 88:3-93:2; 99:17-104:22; 106:8-108:11.

10

11

Plaintiffs request that the Court, among other things, enter an award of money

12

damages against each Plaintiff's "specific employer." *See id.* at 108:25-109:2.

13

**The FAC's Allegations Regarding Contractor Defendants.** On September

14

9, 2021, President Biden "issued Executive Order 14042 requiring vaccination of all

15

employees of federal contractors." *Id.* at 75:24-25. Contractor Defendants—each

16

sued in his or her "official" and "professional" capacity—hold management positions

17

with their seven respective employers, which are private entities that contract with

18

DOE. *See id.* at 2:4-21; 9:24-11:24. Plaintiffs allege that on September 15, 2021,

19

each Contractor Defendant "directed the enforcement and implementation of the

20

COVID-19 vaccine mandate" for their respective employer's employees "under

21

Executive Order 14042." *Id.* at 9:24-11:24; 76:3-6. There are no specific allegations

22

regarding what action each (or any) Contractor Defendant took to "direct" their

23

respective employers' "enforcement and implementation" of the vaccine mandate.

CONTRACTOR DEFS.' MOT. TO DISMISS - 6
Case No.  4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Plaintiffs further allege:

2    [Contractor Defendants] are properly named Defendants for each's own
     arbitrary and capricious implementation of Executive Order 14042.
3    Specifically, the arbitrary manner instituted for denying or approving religious
     or medical exemptions and accommodations associated with the COVID-19
4    vaccine mandate.

5    *Id.* at 13:2-7.  There are no specific allegations supporting these conclusory

6    assertions.  Indeed, Plaintiffs' FAC does not contain a single allegation regarding any

7    action taken by, or communication from, any of the seven Contractor Defendants

8    with regard to any of the Plaintiffs' requests for a religious exemption, medical

9    exemption, or any related accommodations.  *See generally* ECF No. 60.

10    Plaintiffs also allege that Contractor Defendants' respective employers "refuse

11    to provide religious or medical accommodations in many cases, and in a few cases

12    where such accommodations are offered, they are transitory in nature and/or subject

13    to withdrawal or unreasonable conditions."  *Id.* at 77:9-16.  Plaintiffs similarly (and

14    strangely) allege that "***Defendant entities*** have accommodated very few, if any,

15    exemption seeking personnel" and that "[s]ome similarly situated personnel

16    employed by other DOE contractors performing work at the Hanford site are

17    receiving religious and medical exemptions, and reasonable accommodation, to the

18    same vaccination requirement."  *Id.* at 77:21-73:5 (emphasis added).

19    Further, Plaintiffs allege—without any specifics—"some Defendants have

20    arbitrarily granted certain Plaintiff accommodation requests while denying similarly

21    situated Plaintiff requests for accommodation."  *Id.* at 78:8-11.  Plaintiffs do not

22    allege that any federal agency, officer, agent, policy, or directive played any role in

23    the decision-making processes associated with Plaintiffs' requests for religious

CONTRACTOR DEFS.' MOT. TO DISMISS - 7
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

exemptions, medical exemptions, or associated accommodations.  Finally, Plaintiffs allege  "[m]ost or all" of Contractor Defendants' employers "have paused enforcement of the COVID-19 vaccine workplace requirement." *See id.* at 6:17-20.

**The FAC's Allegations Regarding Plaintiffs.**  Based upon the FAC's allegations, there are 314 Plaintiffs who generally fall within nine overarching groups (described *infra*) for purposes of Contractor Defendants' motion to dismiss.[5] Notably, 29 Plaintiffs do not allege to have any employment relationship with one of the seven federal contracting entities that also employ a Contractor Defendant.

Of the 285 Plaintiffs who do allege such an employment relationship, ***230*** Plaintiffs either expressly or implicitly allege they received from their respective employers the vaccine mandate exemptions and accommodations they requested. The remaining 55 similarly fail to allege anything remotely resembling a colorable claim against Contractor Defendants, many for bizarre reasons, as described below.

***Plaintiffs Who Allege They Are DOE Employees.***  Eight Plaintiffs allege that they are DOE employees (as opposed to an employee of one of the entities that also employs a Contractor Defendant).  *See id.* at ¶¶ 33; 78; 93; 115; 139; 193; 318; 337.

***Plaintiffs Who Allege To Be Employees of Miscellaneous Entities.*** Strangely, 11 Plaintiffs allege to be employed by entities that do not employ any of the Contractor Defendants and that are not otherwise mentioned in the FAC.  *See id.* at ¶¶ 62; 103; 110; 181; 192; 222; 232; 233; 236; 241; 322.

***Plaintiffs Who Do Not Identify Their Employers.***  10 Plaintiffs do not even

---

[5] FAC paragraphs 50, 57, 142, and 146 each identify more than one Plaintiff.

CONTRACTOR DEFS.' MOT. TO DISMISS - 8
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

identify their employers.  *See id.* at ¶¶ 40; 48; 84; 92; 158; 171; 270; 317; 326; 336.

*Federal Contractor Plaintiffs Who Specifically Allege They Were Accommodated.*  54 of the Plaintiffs who do claim to work for an entity that employs a Contractor Defendant specifically allege their respective federal contractor employers accepted their requests for religious or medical exemption and have provided them with related accommodations, which they accepted.  *See id.* at ¶¶ 34-36; 44; 47; 50; 51; 53; 55; 57; 60; 61; 64; 71; 75; 81; 85; 100; 106; 127; 129; 134; 138; 146; 146; 152; 155; 172-174; 182; 188; 196; 198; 206; 214; 216; 231; 234; 239; 240; 251; 276; 280; 281; 284; 300; 313-316; 323; 324; 334.

*Federal Contractor Plaintiffs Who Allege They Were "Originally Not" Accommodated.*  Numerous Plaintiffs alleged in their original Complaint that he or she "has been provided no accommodation."  *See* ECF No. 1 at 4:19-41:14. However, Plaintiffs' FAC now alleges that 176 of these Plaintiffs were "*originally* not provided an accommodation."  Plaintiffs provide no explanation for this curious word choice.  The only reasonable inference that can be drawn is that these Plaintiffs' respective employers have since provided accommodations for these Plaintiffs' exemption requests.  *See id.* at ¶¶ 41-43; 46; 49; 50; 52; 54; 59; 63; 68-70; 72-74; 76; 80; 83; 88; 89; 91; 94; 96-99; 101; 102; 104; 105; 107; 109; 114; 117-120; 122-124; 128; 130; 131; 133; 135-137; 140; 141; 143-146; 148-151; 153; 154; 156; 157; 159; 160; 162-170; 175-180; 186; 187; 189-191; 194; 197; 199-202; 204; 205; 207-213; 215; 217; 218; 220; 223; 224; 226-230; 237; 242-247; 249; 250; 252-256; 258-262; 264; 265; 267-269; 271-275; 277-279; 282; 283; 285; 286; 288; 289; 291-298; 301; 302; 304-309; 319; 321; 325; 327-331; 333; 335; 338; 339.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

***Federal Contractor Plaintiffs Who Allege They Were Already Vaccinated.***
Seven Plaintiffs who claim to work for an entity that also employs a Contractor
Defendant allege that they have already received the COVID-19 vaccine.  *See id.* at
¶¶ 82; 116; 126; 142; 184; 266; 312.

***Federal Contractor Plaintiffs Who Allege They Have Not Submitted an
Exemption Request.***  Puzzlingly, three Plaintiffs affirmatively allege that they have
"***not*** submitted an exemption request" to their respective federal contractor
employers.  *See id.* at ¶¶ 58; 185, 235.  Similarly, two Plaintiffs fail to allege they
submitted an exemption request and do not identify any potential basis for such a
request.  *See id.* at ¶¶ 113; 221.

***Federal Contractor Plaintiffs Who Do Not Make Any Substantive
Allegations.***  12 Plaintiffs allege <u>only</u> that they are employed by an entity that also
employs one of the Contractor Defendants.  *See id.* at ¶¶ 45; 108; 121; 132; 147; 161;
195; 203; 225; 238; 287; 290.

***Federal Contractor Plaintiffs Who Allege They Requested Exemptions But
Were Not Provided Accommodations.***  Out of the 230 Plaintiffs who allege to work
for one of the entities that also employ a Contractor Defendant, only 31 actually
allege they were not provided accommodations associated with their request to their
employers for medical and/or religious exemptions.  *See id.* at ¶¶ 31, 32, 37, 38, 39,
40, 50, 56, 57, 65, 66, 67, 77, 79, 87, 95, 111, 112, 125, 142, 248, 257, 263, 299, 320,

CONTRACTOR DEFS.' MOT. TO DISMISS - 10
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

332, 337.  Of these Plaintiffs, ***none*** allege to have exhausted the EEOC's

administrative process.[6]

### III.    ARGUMENT AND AUTHORITY

### A.    Plaintiffs' "Official Capacity" Claims Are Frivolous.

The Court previously admonished Plaintiffs that Contractor Defendants,

"named in their official capacities," are "are improper defendants for the type of

claims raised in this action" and were "subject to dismissal."  ECF No. 58 at 4:1-1.

Rather than listen to the Court's admonition, Plaintiffs did the opposite and filed an

amended complaint that more clearly states that they are, in fact, suing Contractor

Defendants in their "official capacities."  ECF No. 60 at 5:5-21.  Plaintiffs defied the

Court at their peril, as federal courts do not recognize the concept of "official

capacity" claims against the employees of private companies:

> [I]t is not necessary to allow plaintiff to pursue his claims against the Individual
> Defendants in their 'official' capacities.  Official capacity lawsuits are
> appropriate in cases involving the naming of government officials.  Where, as
> here, there is a private entity to name, there is no reason to allow a plaintiff to
> proceed against an individual in his "official capacity."

*Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 217-18 (E.D.N.Y. 1999)

(dismissing related ADA claims); *accord Ellibee v. Leonard*, 226 Fed. Appx. 351,

357 (5th Cir. 2007) ( "the defendants had no official capacities in which they could

be sued"); *Beck v. FedEx Ground*, 2007 WL 2028581, at *2 (E.D. Cal. July 10, 2007)

---

[6] Only one Plaintiff—Pamela Hartsock—alleges to have received an EEOC "Right to
Sue" letter after her request for a "religious exemption" on unspecified grounds was
"***originally*** not provided."  ECF No. 60 at ¶ 145 (emphasis added).

CONTRACTOR DEFS.' MOT. TO DISMISS - 11
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

("The concept of 'official and/or agency capacity' makes no sense whatsoever in the context of this case [because it] is inapplicable to suits against private parties.").

Indeed, federal courts routinely dismiss claims asserted against the employees of private companies on this basis alone. *See, e.g.*, *DeRay v. Larson*, 283 F. Supp. 2d 706, 709-10 (D. Conn. 2003) ( "it is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly"); *Brown v. Perry*, 2021 WL 1160964, at *1 n.1 (S.D. Miss. Mar. 25, 2021) ("Paige is a private business employee so he cannot be sued in an 'official capacity'"); *Wishnefsky v. Salameh*, 2016 WL 11480717, at *2 (W.D. Pa. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7324080 (W.D. Pa. Dec. 16, 2016) (dismissing claims against defendant because he "is not an employee of the . . . the state, and therefore he does not have an 'official' capacity").

## B.    Plaintiffs' "Direct" Constitutional Claims Are Frivolous.

Plaintiffs' direct constitutional claims against Contractor Defendants (i.e., those asserted without reference to Section 1983) are frivolous because there is "no cause of action directly under the United States Constitution." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). "Even if an independent cause of action did exist under the . . . Constitution, no action would lie against these defendants [because they are] private individual[s]." *Pavalone v. Pres. Mgmt. Inc.*, 2019 WL 1117931, at *5 (M.D. Pa. Jan. 8, 2019), *report and recommendation adopted*,  2019 WL 1117919 (M.D. Pa. Mar. 11, 2019) (ruling the claims frivolous).

## C.    Plaintiffs' Section 1983 Claims Are Frivolous.

Plaintiffs' "standalone" Section 1983 claim fails outright because "[Section]

CONTRACTOR DEFS.' MOT. TO DISMISS - 12
Case No.  4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1983 'is not itself a source of substantive rights,' but merely provides a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *accord Beveridge v. City of Spokane*, 2021 WL 3082003, at *1 (9th Cir. July 21, 2021) (affirming dismissal of "standalone § 1983 claim").

Plaintiffs' attempt to assert constitutional claims through Section 1983 is also meritless because Plaintiffs contend Contractor Defendants were acting under color of ***federal*** law, not state law.  As countless federal courts have explained, "[T]o state a claim under § 1983, a plaintiff must plausibly allege that 'she suffered the deprivation of a federally protected right and that the alleged deprivation was committed by a person acting under color of ***state*** law.'" *Sampson v. Cty. of L.A.*, 974 F.3d 1012, 1018 (9th Cir. 2020) (emphasis added).  "[S]tate action may be found if, though only if, there is such a close nexus between ***the State*** and the challenged action that seemingly private behavior 'may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (emphasis added).

Plaintiffs do not allege—and have never claimed—that there is ***any*** nexus between their employers' implementation of Executive Order 14042 and the State of Washington, any of its agencies, or any of its officials.  Therefore, their Section 1983 claims fail as a matter of law.  *See Riggio v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 31 Fed. Appx. 505, 506 (9th Cir. 2002) (affirming dismissal because "[plaintiff's] complaint alleges, at most, that defendants acted under color of federal law.").[7]

---

[7] Plaintiffs' Fourteenth Amendment claims fails for the same reason.  *See San*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**D.    To the Extent Plaintiffs Assert *Bivens* Claims, They Are Both Legally Meritless And Insufficiently Pleaded.**

It is unclear whether Plaintiffs are asserting *Bivens* claims against Contractor Defendants.  *See* ECF No. 60 at 106:8-108:11.  To the extent Plaintiffs purport to do so, they fall woefully short of sufficiently alleging a *Bivens* claim against any Contractor Defendant, much less all seven of them.

In order to sustain a cause of action under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged deprivation was committed by a federal actor.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

With regard to the first element, Contractor Defendants assume Plaintiffs contend the COVID-19 vaccine somehow conflicted with their requests for "religious exemptions" from their respective employers.  Those bare allegations fall far short of plausibly alleging an actionable free exercise claim:

> A religious claim, to merit protection under the free exercise clause of the First Amendment, must satisfy two basic criteria.  First, the claimant's proffered belief must be sincerely held; the First Amendment does not extend to 'so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity.'  Second, . . . the claim must be rooted in religious belief, not in 'purely secular" philosophical concerns.'

*Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State.  The claimed association in this case is between the USOC and the Federal Government.  Therefore, the Fourteenth Amendment does not apply.").

CONTRACTOR DEFS.' MOT. TO DISMISS - 14
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981).

2         Here, no Plaintiff has submitted any allegations whatsoever regarding his or

3    her religious beliefs or their sincerity.  *See Reed v. Great Lakes Companies, Inc.*, 330

4    F.3d 931, 934 (7th Cir. 2003) (plaintiff who did not identify his religion "utterly

5    failed to make a prima facie case of intentional religious discrimination").  As a

6    result, there is nothing separating any such supposed religious beliefs about the

7    vaccine from "purely secular" concerns.  Indeed, as the Third Circuit noted,

8    opposition to vaccination requirements can be, but is not necessarily, religious in

9    nature, citing the example of Christian Scientists.  *See Fallon v. Mercy Catholic Med.*

10   *Ctr. of Se. Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017) (holding plaintiff's belief

11   "that the flu vaccine may do more harm than good—is a medical belief, not a

12   religious one").

13        With regard to the second *Bivens* element, Plaintiffs fail to allege that any

14   Contractor Defendant, much less all seven, were personally involved with any

15   supposed deprivation of any Plaintiff's constitutional rights.  *See Ashcroft v. Iqbal*,

16   556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official

17   defendant, through the official's own individual actions, has violated the

18   Constitution").  Even if Plaintiffs had plausibly alleged that Contractor Defendants

19   were personally involved with a supposed deprivation of their constitutional rights,

20   their abject failure to "show that the actions complained of are 'fairly attributable' to

21   the [federal] government" would nonetheless doom any purported *Bivens* claim.

22   *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997).

23        Federal courts analyze four factors to determine whether an entity is engaging

CONTRACTOR DEFS.' MOT. TO DISMISS - 15
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

in government action: 1) the degree of funding by the government; 2) the extent to which regulations influence the entity's conduct; 3) whether the entity was engaging in a public function; and 4) whether there was a symbiotic relationship between the government and the entity. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-43 (1982). In applying these factors, court musts "start with the presumption that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Plaintiffs have not alleged any facts that would establish any of these four factors with respect to any Contractor Defendants.[8]  For example, Plaintiffs allege in conclusory fashion that "the Defendant Employers' enforcement activities regarding the Executive Orders rendered the action of Defendant Employers to be government action." ECF No. 60 at 80:11-14.  Yet the only specific allegations Plaintiffs provide as support are: (1) "DOE's Head of Contracting Activity for the Office of Environmental Management, Angela Whatmore (sic)" issued a "Memorandum" on September 30, 2021, that, according to Plaintiffs, "monetarily incentivized DOE contractors to vaccinate their workforce as much as possible"; and (2) "The Defendant Employers have, in all material respects, adopted these government-imposed requirements in regard to their workforces, including the Plaintiffs." *See id.* at 79:12-80:10.

These sparse contentions, however, fail to establish "government action" by

---

[8] Plaintiffs' RFRA claims fail for the same reason. *Sutton*, 192 F.3d at 833-34 (RFRA claim requires showing private employer acted "under color of law").

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Contractor Defendants (or their employers) as a matter of law because "governmental funding and extensive regulation without more will not suffice to establish governmental involvement in the actions of a private entity." *Morse*, 118 F.3d at 1341; *accord Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 817 (9th Cir. 2010) ("The Supreme Court, as well as case law in this and our sister circuits, permits the state to 'subsidize[ ] the operating and capital costs' of a private entity without converting its acts into those of the state.").

Moreover, *Bivens* claims may not be brought against private entities that contract with the federal government because "the threat of suit against an individual's employer was not the kind of deterrence contemplated by *Bivens*." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). Plaintiffs cannot circumvent this categorical limitation by purporting to name employees of private employers in their "official capacities." *See, e.g.*, *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."); *Ramiscal v. Bureau of Prisons*, 2015 WL 4207923, at *5 (C.D. Cal. June 1, 2015), *report and recommendation adopted*, 2015 WL 4208195 (C.D. Cal. July 10, 2015) ("because plaintiff may not bring a *Bivens* claim against a private corporation operating under a federal contract, he may not bring a *Bivens* claim against Dr. Manolescu in his official capacity").[9]

_____

[9] Even if Plaintiffs had adequately alleged a free exercise claim, "*Bivens* comes accompanied with a qualified-immunity defense" that is nevertheless fatal to their

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

**E.    Plaintiffs' Title VII and ADA Claims Are Frivolous.**

2      This Court previously and correctly held that Contractor Defendants "do not

3   employ Plaintiffs; Plaintiffs are employed by private companies, which are not

4   named as defendants."  ECF No. 58 at 4:6-8.  Nevertheless, Plaintiffs' FAC once

5   again asserts Plaintiffs' Title VII and ADA claims against Contractor Defendants

6   instead of Plaintiffs' actual employers.  Plaintiffs ignored the Court at their peril

7   because Contractor Defendants cannot be liable under either statute as a matter of

8   law.  *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (Title VII

9   does not "impose individual liability on employees"); *Greenlaw v. Garrett*, 59 F.3d

10   994, 1001 (9th Cir. 1995) (ADA does not impose individual liability on employees).

11      To the extent Plaintiffs believe that their purporting to assert claims against

12   Contractor Defendants in their "official capacities" somehow circumvents this

13   insuperable barrier, they are mistaken.  *See Beck*, 2007 WL 2028581, at *3

14   ("Plaintiff does not dispute the clear Ninth Circuit law, but again merely argues that

15   the claim is valid because Williams is solely being sued in her 'official capacity.'

16   As discussed previously, the court finds this argument unpersuasive.") (citing *Walsh*

17   *v. Nevada Dep't of Human Resources,* 471 F.3d 1033 (9th Cir.2006); *Coddington,*

18   _____

19   claims against Contractor Defendants.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1883

20   (2017).  Plaintiffs have not alleged, and cannot demonstrate, that there existed at the

21   time of the "challenged conduct" a "clearly established" right on Plaintiffs' part to be

22   exempted from Executive Order 14042's vaccine mandate requirements.  *See*

23   *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011).

CONTRACTOR DEFS.' MOT. TO DISMISS - 18
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

45 F.Supp.2d at 217)).

The Court also previously held that "Plaintiffs' claims cannot proceed in district court because they have failed to exhaust their administrative remedies."  ECF No. 58 at 18:17-19.  Plaintiffs nevertheless filed their FAC, in which only one of the 314 Plaintiffs alleges to have exhausted her EEOC remedies (although she also alleges she was granted the accommodations she requested).  Therefore, all 314 Plaintiffs' ADA and Title VII claims fail as a matter of law (and raise issues related to Rule 11).

## F.    Plaintiffs' Federal Procurement and APA Claims Are Frivolous.

Plaintiffs' claims against Contractor Defendants under the FPASA, the "Federal Procurement Policy," and APA are fatally defective because none of these statutes provides a private cause of action against private citizens.  *See* 41 U.S.C. § 101, *et seq.*; 41 U.S.C. § 1707(a); 5 U.S.C. § 551, *et. seq*; *see also Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) ("A claim under the APA cannot be asserted against a private party."); *Northrop Univ. v. Harper*, 580 F. Supp. 959, 963 (C.D. Cal. 1983) (Procurement Act "does not provide for such private enforcement actions").  Irrespective of that fatal legal defect, the purported Plaintiffs have not and cannot not allege that Contractor Defendants undertook any actions that could in any way implicate these statutory regimes, the first of which relates exclusively to federal procurement contracts, and the second and third of which relate only to federal administrative agencies.

## G.    Plaintiffs Have Pleaded Themselves Out of Court.

Aside from the numerous fatal legal defects addressed *supra*, each Plaintiff has pleaded himself or herself out of court.  *See* Section II, "The FAC's Allegations

CONTRACTOR DEFS.' MOT. TO DISMISS - 19
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Regarding Plaintiffs." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000) ("[I]f a plaintiff does plead particulars, and they show that he had no claim, then he is out of luck—he has pleaded himself out of court.").

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' FAC in its entirety and with prejudice for failure to state a claim upon which relief may be granted. *See, e.g.*, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'").

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    DATED this 1st day of February, 2022.

2                                          Davis Wright Tremaine LLP
3                                          *Attorneys for Defendants Scott Sax, John*
                                           *Eschenberg, Don Hardy, Hiram Seth Whitmer,*
4                                          *Robert Wilkinson, and Steven Ashby*

5                                          By *s/ Mark N. Bartlett*
6                                              Mark N. Bartlett, WSBA #15672
                                               Arthur A. Simpson, WSBA #44479
7                                              Davis Wright Tremaine LLP
                                               920 Fifth Avenue, Suite 3300
8                                              Seattle, WA  98104-1610
                                               Tel: 206.622.3150 / Fax: 206.757.7700
9                                              Email: markbartlett@dwt.com
10                                                    arthursimpson@dwt.com

11
                                           Corr Cronin LLP
12                                         *Attorneys for Defendant Valerie McCain*

13                                         By *s/Kevin Baumgardner*
14                                             Kevin C. Baumgardner, WSBA #14263
                                               Jeff Bone, WSBA #43965
15                                             1001 4th Ave, Suite 3900
                                               Seattle, WA  98154-1051
16                                             Tel: 206.621.1480 / Fax: 206.625.0900
                                               Email: kbaumgardner@corrcronin.com
17                                                     jbone@corrcronin.com

18

19

20

21

22

23

CONTRACTOR DEFS.' MOT. TO DISMISS - 21
Case No.  4:21-cv-05148-TOR
4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## CERTIFICATE OF SERVICE

2      I hereby certify that I electronically filed the foregoing document with the

3  Clerk of the Court using the CM/ECF system which will send notification of such

4  filing to those who have appeared in this action.

5      DATED this 1st day of February 2022.

6

7

              *s/ Mark N. Bartlett*

8               Mark N. Bartlett, WSBA No. 15672

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CONTRACTOR DEFS.' MOT. TO DISMISS - 22
Case No. 4:21-cv-05148-TOR

4866-1611-7259v.12 0021368-000021

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax