Nathan J. Arnold, WSBA No. 45356
Arnold & Jacobowitz PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 799-4221
nathan@CAJlawyers.com

Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation
5426 N. Rd. 68, Ste. D, Box 105
Pasco, WA 99301
(530) 906-9666
pete@silentmajorityfoundation.org

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID G. DONOVAN, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America, *et al.*,<br><br>　　　　　　　　Defendants. | **CASE NO. 4:21-cv-5148-TOR**<br><br>**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 1

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................... 8

II.   MOTION TO DISMISS STANDARD .................................................... 10

III.  ARGUMENT .......................................................................................... 11

  A.    The Federal Defendants' Motion under FRCP 12(b)(1) should be Denied

  because the Court has Subject-Matter Jurisdiction. ................................................. 11

    1.    Plaintiffs Have Standing to Sue. .................................................... 11

    2.    Plaintiffs' Claims are Ripe. ............................................................ 13

  B.    The Federal Defendants' Motion under FRCP 12(b)(6) should be Denied

  Because the EOs are Unauthorized, Ultra Vires, and Unconstitutional. .................. 14

    3.    The Federal Property and Administrative Services Act ("FPASA") does not

    authorize EO 14202. ............................................................................. 14

    4.    The EOs are unlawfully promulgated due to failure to publish as required by

    statute. ............................................................................................. 21

    5.    The Contractor Mandate (EO 14202) violates the Tenth Amendment. ....... 22

    6.    The EOs offend separation of powers. ............................................. 22

    7.    The EOs are arbitrary and capricious under the APA. ......................... 23

    8.    The EOs violate Plaintiffs' Free Exercise rights under RFRA. ................ 23

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 2

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

9.   The EO Offend Equal Protection ..................................................................25

10.   Plaintiffs' Bivens claims are properly pled. ...............................................25

IV.   CONCLUSION .................................................................................................25

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 3

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**TABLE OF AUTHORITIES**

**Cases**

*Air Force Officer v. Austin,* No. 5:22-CV-00009-TES, 2022 WL 468799, at *9 (M.D. Ga. Feb. 15, 2022) ....................................................................................24

*Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2489 (2021)......................................15

*American Federation of Labor v. Kahn,* 618 F.2d 784, 793 (D.C. Cir. 1979)............17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)..................................................10

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)...........................................................................................25

*Brnovich v. Biden*, No. CV-21-01568-PHX-MTL (D. Ariz. Feb. 10, 2022) .....8, 10, 18

*BST Holdings, L.L.C. v. Occupational Safety & Health Admin.*, 17 F.4th 604, 617 (5th Cir. 2021) ....................................................................................22

Cheema v. Thompson, 67 F.3d 883, 885 (9th Cir. 1995)..............................................24

*City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432 (1985)..........................24

*District of Columbia v. Heller*, 554 U.S. 570, 578 (2008) ..........................................16

*Doe v. San Diego Unified Sch. Dist.*, 22 F.4th 1099, 1100 (9th Cir. 2022) ...................9

*FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021) ..............................22

*Feds for Medical Freedom et al v. Biden*, No. 22-40043, 2022 WL 391820 (5th Cir. Feb. 9, 2022) .......................................................................................8, 10

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 4

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

*Feds for Medical Freedom et al v. Biden*, S.D. Tex., No. 3:21-cv-00356, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022) ...................................................................8, 13, 19

*Florida v. Nelson,* --F.Supp.3d--, 2021 WL 6108948, at *27 (M.D. Fla. December 22, 2021) ................................................................................................14, 15, 17

*Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *12 (S.D. Ga. Dec. 7, 2021) ..........................................................................................................8, 10, 18

Gonzales *v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006)..12

*Hawkes Co. v. U.S. Army Corps of Engineers*, 782 F.3d 994, 1001 (8th Cir. 2015) ...23

*Hobby Lobby*, 573 U.S. 682, 706 (2014) ...........................................................23

*Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974)...............................................12

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 327 (4th Cir. 2004) ..................16

*Kentucky v. Biden*, 23 F.4th 585 (6th Cir. 2022) ..............................................11, 16, 22

*Kentucky v. Biden*, No. 21-cv-55, --F.Supp.3d--, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021) ...........................................................................................11, 15, 18, 19

*Liberty Mutual v. Friedman*, 639 F.2d 164, 170–71 (4th Cir. 1981) ...........................17

*Louisiana v. Biden*, 543 F. Supp. 3d 388, 408 (W.D. La. 2021) .................................23

*Louisiana v. Biden,* No. 21-cv-3867, 2021 WL 5986815, at *7 (W.D. La. Dec. 16, 2021) ..................................................................................................................21

*Missouri v. Biden*, No.4:21-CV-1300 DDN, --F.Supp.3d--, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021) ....................................................................................11

ARNOLD & JACOBOWITZ PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
113 East Woodin Avenue, Suite 200
Chelan, WA 98816 (this address does not accept service of process)

*Missouri v. Biden*, No.4:21-CV-1300 DDN, --F.Supp.3d--, 2021 WL 5998204 *5

(E.D. Mo. Dec. 22, 2021) ........................................................................................19

*Muhammad v. Secretary of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985)....................12

*Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 114 (2d

Cir. 2018) ................................................................................................................21

*Nat'l Fed'n Indep. Bus. v. OSHA*, 595 U.S. ⸺ (2022) ...............................................20

*Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 838 (9th Cir.

2012) ........................................................................................................................12

*Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) .............................9

*Sackett v. E.P.A.,* 566 U.S. 120, 130 (2012)................................................................23

*Sambrano v. United Airlines, Inc.,* No. 21-11159, 2022 WL 486610, at *5 (5th Cir.

Feb. 17, 2022) ...............................................................................................11, 13

*Sherbert v. Verner*, 374 U.S. 398, 404 (1963)...............................................................24

*Tandon v. Newsom,* 141 S. Ct. 1294, 1297 (2021) .........................................................8

*Tandon v. Newsom*, 992 F.3d 916, 939 (9th Cir. 2021) ..................................................8

*Thomas v. Rev. Bd. Of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981).......................24

*U.S. Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016).............23

*U.S. Navy SEALs 1-26 v. Biden*, 4:21-CV-01236-O, 2022 WL 34443, at *10 (N.D.

Tex. Jan. 3, 2022).......................................................................................9, 12, 24

*United States ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 625 (9th Cir.

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 6

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

2018) ......................................................................................................... 10

*United States v. Lopez*, 514 U.S. 549, 584 (1995) ..................................... 22

*Util. Air Regulatory Grp. v. EPA*, 573 U.S. 302, 324 (2014) ................... 15

*Vorcheimer v. Phila. Owners Assoc.*, 903 F.3d 100, 105 (3d Cir. 2018) ........... 16

*Walden v. Cntrs. for Disease Control & Prevention*, 669 F.3d 1277, 1291 (11th Cir.

2012) ......................................................................................................... 12

*Whitman v. American Trucking Associations*, 531 U.S.457, 472 (2001) ............. 22

**Statutes**

40 U.S.C. § 121 ................................................................................... 15, 16

40 U.S.C. § 101 ............................................................................ 14, 15, 16

41 U.S.C. § 1707 ....................................................................................... 21

42 U.S.C. § 1983 ....................................................................................... 25

5 U.S.C. § 702 .......................................................................................... 22

5 U.S.C. § 706 .......................................................................................... 22

Federal Property and Administrative Services Act ..............................passim

Religious Freedom Restoration Act ........................................... 9, 10, 12, 23

**Regulations**

Exectuive Order 14042 .........................................................................passim

Executive Order 14043 ............................................................... 7, 8, 14, 20

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

# I.   INTRODUCTION

The Biden Administration's initial attempts to address the COVID-19 pandemic focused on measures short of mandating vaccines, and the Administration expressly disclaimed any intention to impose a vaccine mandate.[1] Since that time, President Biden attempted to impose vaccine mandates through two Executive Orders ("EO"), EO 14042 for federal contractors and EO 14043 for federal employees. These EOs, and the particular arguments raised by Defendants here, have met with a hostile reception in the federal courts.

EO 14042 is already preliminary enjoined on a nationwide basis. *Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *12 (S.D. Ga. Dec. 7, 2021) and is already <u>permanently</u> enjoined within the 9th Circuit. *Brnovich v. Biden*, No. CV-21-01568-PHX-MTL (D. Ariz. Feb. 10, 2022). EO 14043 is also preliminarily enjoined nationwide, in a decision, *Feds for Medical Freedom et al v. Biden*, S.D. Tex., No. 3:21-cv-00356, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022), which the Fifth Circuit has so far declined to stay. *Feds for Medical Freedom et al v. Biden*, No. 22-40043, 2022 WL 391820 (5th Cir. Feb. 9, 2022).

---

[1] See, Press Briefing by Press Secretary Jen Psaki, July 23, 2021, https://bit.ly/3pWnJVr (mandating vaccines is "not the role of the federal government")

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 8

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

While courts have denied preliminary injunctions as to more limited vaccine mandates imposed by local governments, even those measures as currently instituted seem unlikely to survive Supreme Court review.  As dissenting judges recently opined in one such case:

> Here we go again. When it comes to dealing with the COVID-19 crisis, the 'Supreme Court's instructions have been clear, repeated, and insistent: no COVID-19 restriction can disfavor religious practice.' *Tandon v. Newsom*, 992 F.3d 916, 939 (9th Cir. 2021) (Bumatay, J., dissenting in part and concurring in part). The Supreme Court has again and again admonished this court for failing to follow its guidance. Indeed, almost a year ago, the Court expressed frustration that, for the 'fifth time,' it had to 'summarily reject[] the Ninth Circuit's analysis of California's COVID restrictions on religious exercise.' *Tandon v. Newsom,* 141 S. Ct. 1294, 1297 (2021) (per curiam) (emphasis added). With this case, our court is gunning for a sixth..[2]

*Doe v. San Diego Unified Sch. Dist.*, 22 F.4th 1099, 1100 (9th Cir. 2022) (Bumatay, J. dissenting).

The better approach may be seen in yet another recent case enjoining a similar federal vaccine mandate, which likewise offended Religious Freedom Restoration Act ("RFRA") by failing to provide for religious accommodations:

> Although '[s]temming the spread of COVID-19 is unquestionably a compelling interest,' its limits are finite. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020). Courts must 'look beyond

---

[2] Counsel note that our Notice of Supplemental Authority, ECF No. 56, included a prior Order Denying Appellants' Motion for Injunctive Relief in *Doe v. San Diego Unified*.

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 9

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4

broadly formulated interests,' and instead consider the 'asserted harm of granting specific exemptions to particular religious claimants.' *Hobby Lobby*, 573 U.S. at 726–27 (cleaned up) (internal quotations omitted). In other words, Defendants must provide more than a broadly formulated interest in 'national security.' They must articulate a compelling interest in vaccination.

5
6
7

*U.S. Navy SEALs 1-26 v. Biden*, 4:21-CV-01236-O, 2022 WL 34443, at *10 (N.D. Tex. Jan. 3, 2022).

8
9
10
11
12
13
14
15
16
17
18

Like the Navy Seals in that case, Plaintiffs here have safely carried out their jobs during the pandemic. They simply ask to be allowed to continue to work without threat of adverse employment action for exercising their rights under RFRA to object on religious grounds to an injection. Cleary, Plaintiffs have actual injury and hence standing, and no "exhaustion" is required for a RFRA claim, so this Court has subject matter jurisdiction. And as many courts have already held, these EOs were unauthorized by statute, improperly issued, and unconstitutional, so Plaintiffs clearly state a claim for relief. Plaintiffs therefore respectfully request this Court to deny the Federal Defendants' motion to dismiss.

19
20
21
22
23
24

Plaintiffs understand, however, that this Court has not exercised and will not exercise jurisdiction over their state law claims, which will therefore be brought in State Court. Plaintiffs also agree with the Federal Defendants that Plaintiffs' claims under the ADA lie only against the Contractor Defendants.

25

## II.    MOTION TO DISMISS STANDARD

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 10

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Federal Defendants moved under FRCP 12(b)(1) and FRCP 12(b)(6).  To defeat a Rule 12(b)(6) motion, Plaintiff need only plead a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a Rule 12(b)(1) motion, Plaintiffs bear the burden to establish subject matter jurisdiction by a preponderance of the evidence. *United States ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 625 (9th Cir. 2018). Both of these standards are much lower than likelihood of success standard required for the "extraordinary and drastic" remedy of injunction which has already been granted by many other courts, on the same legal theory, regarding these same mandates. *See*, *e.g.*, *Brnovich*, *supra*; *Feds for Medical Freedom, supra*; *Georgia v. Biden*, *supra*; *Kentucky v. Biden*, 23 F.4th 585 (6th Cir. 2022) *affirming Kentucky v. Biden*, No. 21-cv-55, --F.Supp.3d--, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021); *Missouri v. Biden*, No.4:21-CV-1300 DDN, --F.Supp.3d--, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021).

## III.    ARGUMENT

### A. The Federal Defendants' Motion under FRCP 12(b)(1) should be Denied because the Court has Subject-Matter Jurisdiction.

### *1.    Plaintiffs Have Standing to Sue.*

The Fifth Circuit, in a vaccine mandate case under Title VII, expressly held that "plaintiffs in this case need not have fully exhausted administrative remedies before seeking a preliminary injunction in federal court." *Sambrano v. United Airlines, Inc.*,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

No. 21-11159, 2022 WL 486610, at *5 (5th Cir. Feb. 17, 2022). As in that case, Plaintiffs here are seeking "to avoid being coerce[d] into getting a vaccine that violates their sincerely held religious beliefs and thus *avoid* any adverse employment action." *Id.* at *7 (emphasis in original).  As in that case, Plaintiffs have begun the EEOC complaint process and are entitled to injunctive relief to preserve the status quo to prevent adverse employment action while that process is pending. *Id.* Like the *United Airlines* plaintiffs, Plaintiffs here are under threat of being placed on unpaid leave, terminated, or otherwise adversely impacted in their jobs. *Id.* Two Plaintiffs have already been placed on Administrative Leave without Pay (First Amended Complaint ¶¶ 77, 79, 313) one was reassigned (*Id.* ¶ 127). Even those Plaintiffs who received some accommodation are under threat of adverse action and at least have had their free exercise and privacy rights infringed upon.

Moreover, the Ninth Circuit has declined "to read an exhaustion requirement into RFRA" because "the statute contains no such condition… and the Supreme Court has not imposed one." *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 838 (9th Cir. 2012). Indeed, "the Supreme Court has reviewed a RFRA-based challenge" without requiring plaintiffs first seek a religious exemption from the statute at issue. *Id.* (citing G*onzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006)). In addition, "Federal Contractors are covered by RFRA when they are hired as or by an "instrumentality" of the federal

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 12

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

government. *See id.* § 2000bb–1(a) (imposing the obligations of RFRA upon the 'Government'); *id.* § 2000bb–2(1) (defining 'government' to include 'a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity')." *Walden v. Cntrs. for Disease Control & Prevention*, 669 F.3d 1277, 1291 (11th Cir. 2012).

In a similar vaccine-mandate case in a military setting, the district court for the Eastern District of Texas found that "exhaustion is futile and will not provide complete relief, and therefore the case is justiciable." *U.S. Navy Seals 1-26,* 2022 WL 34443, at *7, *12); *and see Muhammad v. Secretary of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985) (using same test); *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974).

### 2.    *Plaintiffs' Claims are Ripe.*

Many Plaintiffs have already received letters from their employer agencies warning of imminent suspension or termination. First Amended Complaint ¶ 182 (*e.g.*, Kerry Kost was initially informed he would be terminated if unvaccinated before December 8, 2022. He was then granted a temporary accommodation through February 8, 2022, which was extended through March 18, 2022). Defendants also claim that those Plaintiffs have not submitted an exemption suffer a self-inflicted wound only. That is the exact opposite of what was held in *Feds for Med. Freedom v. Biden*, No. 3:21-CV-356, 2022 WL 188329, at *3 (S.D. Tex. Jan. 21, 2022).

The Government concedes that some Plaintiffs have suffered adverse

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

employment action; it has not identified any Plaintiff has not had their right to free exercise infringed upon. As the *Sambrano* Court held, threats which coerce the Plaintiffs to relinquish their religious rights require immediate judicial intervention. 2022 WL 486610, at *8–9 (5th Cir. Feb. 17, 2022).

**B. The Federal Defendants' Motion under FRCP 12(b)(6) should be Denied Because the EOs are Unauthorized, Ultra Vires, and Unconstitutional.**

***3.*** *The Federal Property and Administrative Services Act ("FPASA") does not authorize EO 14202.*

"As your President, I'm announcing tonight a new plan to require more Americans to be vaccinated, to combat those blocking public health."[3] To achieve his goal of requiring vaccinations and combatting "those who block public health," on September 9, 2021, President Biden promulgated Executive Order 14043, *Executive Order on Requiring Coronavirus Disease 2019 Vaccination for Federal Employees,* and Executive Order 14042, *Executive Order on Ensuring Adequate COVID Safety Protocols for Federal Contractors*, purportedly under the auspices of the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C. § 101 *et seq.*, a statute

---

[3] Remarks by President Biden on Fighting the COVID-19 Pandemic (Sept. 9, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/.

ARNOLD & JACOBOWITZ PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
113 East Woodin Avenue, Suite 200
Chelan, WA 98816 (this address does not accept service of process)

1    enacted in 1949 to streamline the management of federal property.

2        The EOs are manifestly not about managing federal property. They mandate the

3    entire federal and civilian workforce to be vaccinated against COVID-19 or receive an

4    exemption and accommodation from the vaccine. The limited scope of the FPASA has

5    been a key issue in litigation against these EOs. As Judge Merryday said in *Florida v.*

6
7    *Nelson*,

8
9              Because the record in this action presents only a threadbare and
              conclusory rationalization that is incommensurate with the
10             boundless expansiveness of the executive order's application, with
              the invasiveness of the executive order's requirement, and with the
11             intrusion of the executive order into a state prerogative with which
              even Congress likely cannot interfere, I join Judges Van Tatenhove,
12             Baker, and Noce in *Kentucky*, *Georgia*, and *Missouri* in concluding
              that Executive Order 14042 almost certainly exceeds the President's
13             authority under FPASA.

14
15   *Florida v. Nelson*, --F.Supp.3d--, 2021 WL 6108948, at *27 (M.D. Fla. December 22,

16   2021) (granting Motion for Preliminary Injunction). While the President may enjoy

17
18   *some* flexibility under FPASA to avoid disruption in procurement, the absence of any

19   basis to think that the EOs will improve the federal or federal contract workforce or

20   its contracting processes discredits the EOs. As Judge Merryday concluded, such a

21
22   complete lack of support "suggests a ruse, a mere contrivance, superficially attempting

23   to justify a sweeping, invasive, and unprecedented public health requirement imposed

24   unilaterally by President Biden" through EO 14042. *Id.* at 28.

25        And the United States Supreme Court has repeatedly held that Congress is

PLAINTIFFS' RESPONSE TO FEDERAL          ARNOLD & JACOBOWITZ PLLC
DEFENDANTS' MOTION TO DISMISS - 15       2701 FIRST AVENUE, SUITE 200
                                         SEATTLE, WA 98121
                                         113 EAST WOODIN AVENUE, SUITE 200
                                         CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

expected to "speak clearly" when authorizing executive action of "vast economic and political significance." *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2489 (2021) (quotations omitted). Basic separation-of-powers concerns forbid the President to "bring about an enormous and transformative expansion in [his] regulatory authority without clear congressional authorization." *Util. Air Regulatory Grp. v. EPA*, 573 U.S. 302, 324 (2014). But that is just what happened here.

The Federal Defendants' reliance upon 40 U.S.C. §§ 101(1) and 121 is misplaced. Section 101 merely states the FPASA's purpose: to "provide . . . an economical and efficient *system*" for "(1) *Procuring and supplying* property and nonpersonal services, and performing related functions…" 40 U.S.C. § 101 (emphasis added). "[A]part from [a] clarifying function, a prefatory clause does not limit or expand the scope of the operative clause." *District of Columbia v. Heller*, 554 U.S. 570, 578 (2008); *accord Kentucky*, 23 F.4th at 604. The general statement of legislative intent in Section 101, if it authorizes anything, does not authorize regulation to procure contractors with an economical and efficient workforce—at most, it authorizes regulation to create an efficient and economical "scheme or method" for procuring the contractors. *Kentucky v. Biden*, 23 F.4th 585, 604 (2022) (quoting *Webster's New International Dictionary* 2562 (2d ed. 1959)). The word "system" in this statute clarifies that FPASA authorizes regulation of the operations of the *government* in contracting, rather than regulation of the employees of government contractors. *Id.*

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

The government finds no better support under 40 U.S.C. § 121, which merely authorizes the President to "prescribe policies and directives that the President considers *necessary* to carry out" FPASA. 40 U.S.C. § 121(a) (emphasis added). "Necessary" is a "word of limitation," generally synonymous with "required," "indispensable," and "essential." *Vorcheimer v. Phila. Owners Assoc.*, 903 F.3d 100, 105 (3d Cir. 2018) (quotations omitted); *accord In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 327 (4th Cir. 2004). Rather than explaining why a vaccine mandate is required, indispensable, or essential to carrying out FPASA, the government offers only a "threadbare and conclusory rationalization," *Nelson*, 2021 WL 6108948 at *11–12, claiming that "The illness and mortality caused by COVID-19 have led to serious disruptions for organizations, employees, and contractors across the United States, and the federal government is no exception." Federal Defendants' Motion to Dismiss at 1.

Even if FPASA authorized the President to impose requirements on the internal operations of federal contractor employees in the name of economy and efficiency in procurement of contracts, which it does not, FPASA is not a "blank check for the president to fill in at his will," *American Federation of Labor v. Kahn,* 618 F.2d 784, 793 (D.C. Cir. 1979). There must be a "demonstrable relationship" between FPASA's purpose of ensuring efficiency in the contracting process and the mandate. *Liberty Mutual v. Friedman*, 639 F.2d 164, 170–71 (4th Cir. 1981). Neither EO 14202 nor any subsequent agency actions "identify any instance in which absenteeism attributable to

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 17

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

COVID-19 among contractor employees resulted in delayed procurement or increased costs." *Nelson*, 2021 WL 6108948, at *12. Not surprisingly, two years in, contractors have learned to work around the pandemic. A general desire to prevent "absenteeism" in federal contractors' workforces is not sufficiently related to the government's procurement interests to justify a "sweeping, invasive, and unprecedent public health requirement imposed unilaterally by President Biden." *Nelson*, 2021 WL 6108948, at *12.

For these reasons, a sister District Court in this circuit permanently enjoined EO 14042, expressly rejecting the same FPASA-authorization theory proffered by the Federal Defendants here. As Judge Liburdi explained:

> "[i]t is hard to see what measures [Defendants'] interpretation would place outside" the President's reach. As long as the federal government could articulate *some* connection—no matter how tenuous—between the enacted policy and the broad goals of achieving economy and efficiency in federal procurement, the policy would be consistent with the statute. If, for example, the President determined that obesity, diabetes, and other health issues were linked to the consumption of sugary drinks and fast food, and that such health issues led to absenteeism and a lack of productivity in the workplace, he could, on Defendants' reading, issue an executive order requiring all federal contractor employees to refrain from consuming soda or eating fast food. But in reality, the President's authority under the Act is not so broad.

*Brnovich v. Biden*, CV-21-01568-PHX-MTL, 2022 WL 252396, at *17 (D. Ariz. Jan. 27, 2022). Defendant President Biden has not appealed that decision. Similarly, in *Kentucky v. Biden*, --- F.4th ----, 2022 WL 43178, *13 (6th Cir. Jan. 5, 2022), the Sixth

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 18

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Circuit denied the federal government's motion for a stay pending appeal of the preliminary injunction of the Contractor Mandate, finding that the Federal Defendants were unlikely to succeed on the merits because the Procurement Act does not confer authority on the President to "impos[e] ... a medical mandate upon the federal-contractor workforce." In so ruling, the Sixth Circuit joined the Eleventh Circuit (*Georgia v. Biden*, 21-14269) in maintaining a District Court's preliminary nationwide injunction on the mandate, also founded on the conclusion that the Procurement Act does not authorize the President "to direct the type of actions by agencies that are contained in EO 14042." *Id.* at 19. In The Contractor Mandate goes "far beyond addressing administrative and management issues in order to promote efficiency and economy in procurement and contracting, and instead, in application, works as a regulation of public health." *Id.* at 20. "EO 14042's directives and resulting impact radiate too far beyond the purposes of the Procurement Act and the authority it grants to the President." *Id.* at 23.

In *Missouri v. Biden*, No.4:21-CV-1300 DDN, --F.Supp.3d--, 2021 WL 5998204 *5 (E.D. Mo. Dec. 22, 2021) the District Court ruled that Plaintiffs were likely to succeed on their Procurement Act claims because, *inter alia*, "if the statement in EO 14,042 establishes a sufficient nexus, then the President would be able to mandate virtually any public health measure that would result in a healthier contractor workforce.... such an interpretation of the President's powers under the [Procurement Act] is not consistent with the structure and purposes of the statute." On the same

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

reasoning, EO 14202 was enjoined: "it strains credulity that Congress intended the FPASA, a procurement statute, to be the basis for promulgating a public health measure such as mandatory vaccination. If a vaccination mandate has a close enough nexus to economy and efficiency in federal procurement, then the statute could be used to enact virtually any measure at the president's whim under the guise of economy and efficiency." *Kentucky v. Biden*, 2021 WL 5587446, at *6–7.

And, in *Feds for Medical Freedom et al v. Biden*, S.D. Tex., No. 3:21-cv-00356, Judge Brown specifically ordered the government is "enjoined from implementing or enforcing Executive Order 14043 until this case is resolved on the merits." In that case, the Court found a likelihood of success that vaccination is not workplace conduct, relying upon the recent Supreme Court decision *Nat'l Fed'n Indep. Bus. v. OSHA*, 595 U.S. ——, 142 S.Ct. 661, —— L.Ed.2d —— (2022). Feds at *5. "[T]he Supreme Court has expressly held that a COVID-19 vaccine mandate is not an employment regulation. And that means the President was without statutory authority to issue the federal-worker mandate. *Feds* at *6. That Court also rejected the Federal Defendants' bare assertion that the President can so regulate under Art. II of the Constitution. *Id*.

The Federal Defendants are of course aware of this authority; in addition, seeking to preserve party and judicial resources, Plaintiffs have brought these cases to the attention of the Contractor Defendants and offered, on multiple occasions, to stipulate to a stay of these proceedings while those cases are on appeal if the Contractor

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5

Defendants will agree to not take adverse employment action against Plaintiffs meanwhile. The Contractor Defendants have refused. Their refusal further demonstrates that Plaintiffs have standing, in that they are still threatened with imminent adverse employment action despite the nation-wide injunctions.

6
7
8

**4.**      *The EOs are unlawfully promulgated due to failure to publish as required by statute.*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

When the President issued the EOs, he failed to ensure that proper notice and comment channels were used and violated the sixty-day publication requirement for procurement polices under 41 U.S.C. § 1707(a)(1). When a "procurement policy, regulation, procedure, or form" relates to the "expenditure of appropriated funds" and either has "a significant effect beyond the internal operating procedures of" the issuing agency or "a significant cost or administrative impact on contractors or offerors," it must go through the sixty-day notice and comment period. 41 U.S.C. § 1707(a)–(b). Nor does the "urgent and compelling circumstances" exception under § 1707(d) apply. The government first tried to publish the EOs on September 28, 2021 but failed to complete notice and comment expeditiously. *See* 86 Fed. Reg. at 53961. The government then republished on November 16, 202, restarting the sixty-day notice and comment period. 86 Fed. Reg, 64418-25. Delay caused by the government's own mistakes cannot create the circumstances justifying good cause. *See Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 114 (2d Cir. 2018).

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

**5.**     *The Contractor Mandate (EO 14202) violates the Tenth Amendment.*

As held in *Louisiana v. Biden,* No. 21-cv-3867, 2021 WL 5986815, at *7 (W.D. La. Dec. 16, 2021), there is a "palpable conflict" between the Contractor Mandate and the Tenth Amendment. The Tenth Amendment reserves to the States powers not delegated to the United States by the Constitution. Congress cannot invoke the Commerce Clause to compel vaccination because "[a] person's choice to remain unvaccinated and forgo regular testing is noneconomic inactivity. . .. The Commerce Clause power may be expansive, but it does not grant Congress the power to regulate noneconomic inactivity traditionally with the States' police power." *BST Holdings, L.L.C. v. Occupational Safety & Health Admin.*, 17 F.4th 604, 617 (5th Cir. 2021); *United States v. Lopez*, 514 U.S. 549, 584 (1995) (Thomas, J., concurring) ("[W]e always have rejected readings of the Commerce Clause . . . that would permit Congress to exercise a police power.") Because vaccination requirements are matters traditionally reserved to the States, President Biden's EOs violate the Tenth Amendment.

**6.**     *The EOs offend separation of powers.*

Were FPASA read as broadly as the Federal Defendants urge, it would contain no limiting principle and thus would violate the nondelegation doctrine. When Congress vests decision-making authority in an agency, "Congress must 'lay down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform.'" *Whitman v. American Trucking Associations*, 531 U.S.457, 472 (2001).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**7.**     *The EOs are arbitrary and capricious under the APA.*

The Sixth Circuit Court of Appeals held that EO 14202 gave rise to claims under 5 U.S.C. § 702. *Kentucky v. Biden*, --- F.4th ----, 2022 WL 43178 *11 (6th Cir. Jan. 5, 2022), (denying motion for a stay of preliminary injunction of EO 14202). A court must "hold unlawful and set aside agency action" that is "arbitrary [or] capricious." 5 U.S.C. § 706(2)(A). This standard "requires that agency action be reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021); *and see Sackett v. E.P.A.,* 566 U.S. 120, 130 (2012) ("The APA's presumption of judicial review is a repudiation of the principle that efficiency of regulation conquers all."). The EOs are final agency action subject to APA review, because (1) they "mark the consummation of the agency's decision-making process" and (2) have "legal consequences" and determine "rights and obligations." *Louisiana v. Biden*, 543 F. Supp. 3d 388, 408 (W.D. La. 2021) (citing *U.S. Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016)). Plaintiffs lack any adequate alternative remedy to challenge this final agency action because alternatives to judicial review would impose "prohibitive costs, risk, and delay." *Hawkes Co. v. U.S. Army Corps of Engineers*, 782 F.3d 994, 1001 (8th Cir. 2015).

**8.**     *The EOs violate Plaintiffs' Free Exercise rights under RFRA.*

The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*, "was

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 23

ARNOLD & JACOBOWITZ PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
113 East Woodin Avenue, Suite 200
Chelan, WA 98816 (this address does not accept service of process)

1    designed to provide very broad protection for religious liberty." *Hobby Lobby*, 573 U.S.

2    682, 706 (2014). "Government shall not substantially burden a person's exercise of

3    religion even [by] a rule of general applicability," unless the Government "demonstrates

4    that application of the burden to the person (1) is in furtherance of a compelling

5    governmental interest; and (2) is the least restrictive means of furthering that compelling

6    governmental interest." 42 U.S.C. § 2000bb-1(a), (b). Because RFRA "provides greater

7    religious protections than the First Amendment, any claim under this Act also favors

8    judicial review." *Navy SEALs 1–26*, --F. Supp. 3d---, 2022 WL 34443, at *7. The burden

9    of proof is on the Government. *Cheema v. Thompson,* 67 F.3d 883, 885 (9th Cir. 1995).

10

11        The Executive Orders cannot survive this statutory strict scrutiny. "And, how

12   could they? Very few scenarios paint a bleaker picture than giving up your livelihood

13   in order to follow your religious beliefs." *Air Force Officer v. Austin,* No. 5:22-CV-

14   00009-TES, 2022 WL 468799, at *9 (M.D. Ga. Feb. 15, 2022). The government

15   burdens religion when it "put[s] substantial pressure on an adherent to modify his

16   behavior and to violate his beliefs." *Thomas v. Rev. Bd. Of Ind. Emp't Sec. Div.*, 450

17   U.S. 707, 718 (1981); *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). Under the motion

18   to dismiss standard, the Federal Government cannot meet its burden, where natural

19   immunity has been disregarded and, given the inefficacy of the vaccines against current

20   variants, masking and testing may be at least as effective and less restrictive than a

21   vaccine that cannot be taken off at the end of the workday like a mask.

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 24

2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

**9.** *The EO Offend Equal Protection*

The Equal Protection Clause prohibits the government from drawing "arbitrary distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objection." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 446, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Here, arbitrary lines have been drawn between those with natural immunity who refuse vaccination on religious grounds and those who are vaccinated where, based on the latest science, those with natural immunity may be better protected than those who have only received a vaccine. Strict scrutiny applies when those lines are drawn against a suspect class *or* when a fundamental right is at stake.

**10.** *Plaintiffs' Bivens claims are properly pled.*

Plaintiffs agree that 42 U.S.C. § 1983 does not allow claims against the Government itself, but Plaintiffs properly pled claims against the Federal Defendants in their personal capacities for their official acts. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The President has absolute immunity from *Bivens* liability, but Mrs. Granholm and Mr. Vance do not.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court DENY Federal Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DATED** this 22nd day of February 2022.

**ARNOLD & JACOBOWITZ PLLC**

/s/ Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356
2701 First Ave., Ste. 200
Seattle, WA 98121
(206) 799-4221
Nathan@CAJLawyers.com

**SILENT MAJORITY FOUNDATION**

/s/ Simon P. Serrano
Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation
5426 N. Rd. 68, Ste. D, Box 105
Pasco, WA 99301
(530)906-9666
pete@silentmajorityfoundation.org

*Counsel for Plaintiffs*

PLAINTIFFS' RESPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 26

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that on February 22, 2022, I electronically filed the foregoing
with the Clerk of the Court for the United States District Court District of Washington
by using the CM/ECF system. Participants in the case who are registered CM/ECF users
4    will be served by the CM/ECF system.

5          I further certify that some of the participants in the case are not CM/ECF users. I
have I served a copy of the foregoing upon all Defendants via legal messenger.
6

7

8          DATED this 22nd day of February 2022.

9                    /s/ Nathan J. Arnold
                     Nathan J. Arnold, WSBA No. 45356
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)