1
2
3
4

Nathan J. Arnold, WSBA No. 45356
Arnold & Jacobowitz PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 799-4221
nathan@CAJlawyers.com

5
6
7
8

Simon Peter Serrano, WSBA No. 54769
Silent Majority Foundation
5426 N. Rd. 68, Ste. D, Box 105
Pasco, WA 99301
(530) 906-9666
pete@silentmajorityfoundation.org

9

10    **UNITED STATES DISTRICT COURT**
11    **EASTERN DISTRICT OF WASHINGTON**

12    DAVID G. DONOVAN, *et al.*,                  )
                                                   )    **CASE NO. 4:21-cv-5148-TOR**
13                              Plaintiffs,         )
                                                   )    **PLAINTIFFS' RESPONSE**
14    v.                                           )    **TO FEDERAL**
                                                   )    **DEFENDANTS' MOTION TO**
15                                                 )    **DISMISS PLAINTIFFS'**
16    JOSEPH R. BIDEN, in his official             )    **SECOND AMENDED**
      capacity as President of the United          )    **COMPLAINT**
17    States of America, *et al.*,                 )
                                                   )
18                              Defendants.         )
19    _____          )

20
21
22
23
24
25

## I.   INTRODUCTION

While surges, variants, vaccination rates, CDC recommendations, treatments, and the *actual efficacy* of the vaccine, have greatly changed in the five months since Plaintiffs filed this action, Plaintiffs continue to face the same imminent threat as they, for medical or religious reasons, continue to resist the mandate to be vaccinated against COVID-19. [1]  Although Executive Order ("EO") 14042 remains enjoined on a preliminary basis nationwide. *Georgia v. Biden*, No. 1:21-CV-163, 2021 WL 5779939, at *12 (S.D. Ga. Dec. 7, 2021), *appeal pending*, EO 14043 does not, *Feds for Med. Freedom v. Biden*, No. 22-40043, 2022 WL 1043909, at *7 (5th Cir. Apr. 7, 2022) (vacating preliminary injunction order for lack of jurisdiction).[2]  Each Plaintiff is either a federal contractor or a federal employee, subject to the COVID-19 vaccine mandate under EO 14042 or  EO 14043, respectively.

Most  Plaintiffs  have  maintained  their  jobs  by  obtaining  temporary

---

[1] "Vaccination" is a moving target, as well as repeated booster shots, have since been recommended. Safer Federal Workforce guidance documents are available at: https://www.saferfederalworkforce.gov/faq/vaccinations/#:~:text=A%3A%20Yes.,of %20where%20they%20are%20working. The CDC definition of "fully vaccinated" is available   at:   https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F20 19-ncov%2Fvaccines%2Ffully-vaccinated.html.

[2] Discussed *infra*.

PLAINTIFFS' REPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 2

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

accommodations from their employers. The Government cannot bear its burden and show why these accommodations should not become permanent. Other Plaintiffs have suffered adverse employment action: Defendants recognize that seven Plaintiffs working for Battelle Memorial Institute's Pacific Northwest National Laboratory have been terminated or placed on indefinite leave without pay.

Plaintiffs face actual, present injury, as a result of the *ultra vires* orders. Independently, no "exhaustion" is required for a RFRA claim.  In short, this Court has subject matter jurisdiction. Meanwhile, Plaintiffs have safely carried out their jobs during the pandemic and desire only to be allowed to continue to do so. Plaintiffs respectfully request this Court to deny the motion to dismiss and to allow the case to proceed on the merits just as similar claims proceeded in this Court's sister district court. *Brnovich v. Biden*, No. CV-21-01568-PHX-MTL (D. Ariz. Feb. 10, 2022) (permanently enjoining EO 14042 within the State of Arizona, not appealed by the Government).

## II.    MOTION TO DISMISS STANDARD

Federal Defendants moved under FRCP 12(b)(1) & 12(b)(6).  To defeat a Rule 12(b)(6) motion, Plaintiff need only plead a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a Rule 12(b)(1) motion, Plaintiffs bear the burden to establish subject matter jurisdiction by a preponderance of the evidence. *United States ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 625 (9th Cir. 2018). Both standards are lower than the likelihood-of-success standard for the

"extraordinary and drastic" remedy of injunction, already granted by several other courts on the same legal theory against these same mandates. *See*, *e.g.*, *Brnovich*, *supra* (permanent injunction); *Feds for Medical Freedom, supra*; *Georgia v. Biden, supra*; *Kentucky v. Biden*, 23 F.4th 585 (6th Cir. 2022) *affirming Kentucky v. Biden*, No. 21-cv-55, --F.Supp.3d--, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021); *Missouri v. Biden*, No.4:21-CV-1300 DDN, --F.Supp.3d--, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021).

### III.    ARGUMENT

**A. <u>The Federal Defendants' Motion under FRCP 12(b)(1) should be Denied because the Court has Subject-Matter Jurisdiction.</u>**

1.    *Plaintiffs Have Standing to Sue.*

Several federal Courts have held that no exhaustion of remedies is needed to seek a preliminary injunction against vaccine-related adverse employment actions. The Fifth Circuit, in a vaccine mandate case under Title VII, expressly held that "plaintiffs in this case need not have fully exhausted administrative remedies before seeking a preliminary injunction in federal court." *Sambrano v. United Airlines, Inc.,* No. 21-11159, 2022 WL 486610, at *5 (5th Cir. Feb. 17, 2022). As in that case, Plaintiffs here are seeking "to avoid being coerce[d] into getting a vaccine that violates their sincerely held religious beliefs and thus *avoid* any adverse employment action." *Id.* at *7 (emphasis in original). As in that case, Plaintiffs have begun the EEOC complaint process and are entitled to injunctive relief to preserve the status quo to prevent adverse

**PLAINTIFFS' REPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS - 4**

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

employment action while that process is pending. *Id.* Like those plaintiffs, Plaintiffs here are under threat of forced unpaid leave, termination, or other adverse employment action. *Id.* Two Plaintiffs have been placed on Administrative Leave without Pay (First Amended Complaint ¶¶ 77, 79, 313) one was reassigned (*Id.* ¶ 127). Even those Plaintiffs who received some accommodation are under threat of adverse action and at least have had their free exercise and privacy rights infringed upon.

Moreover, the Ninth Circuit has declined "to read an exhaustion requirement into RFRA" because "the statute contains no such condition." *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 838 (9th Cir. 2012). Indeed, "the Supreme Court has reviewed a RFRA-based challenge" without requiring first a religious exemption from the statute at issue. *Id.* (citing G*onzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006)). "Federal Contractors" such as most Plaintiffs "are covered by RFRA when they are hired as or by an "instrumentality" of the federal government. *See id.* (citing 42 U.S.C. § 2000bb–1(a) (imposing the obligations of RFRA upon the 'Government'); and citing 42 U.S.C. § 2000bb–2(1) (defining 'government' to include 'a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity')." *Walden v. Cntrs. for Disease Control & Prevention*, 669 F.3d 1277, 1291 (11th Cir. 2012).

In another vaccine-mandate case, the District Court for the Eastern District of

PLAINTIFFS' REPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 5

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Texas found that "exhaustion is futile and will not provide complete relief, and therefore the case is justiciable." *U.S. Navy Seals 1-26,* 2022 WL 34443, at *7, *12 (Jan. 1, 2022); reaffirmed at --F.Supp.3d---, 2022 WL 1025144, at *9 (N.D. Tex. Mar. 28, 2022)[3];*and see Muhammad v. Sec'y of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985) (using same test); *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974). Recently, the District Court for the Southern District of Ohio held that exhaustion was futile, where the Agency had "effectively stacked the deck against even those exemptions supported by Plaintiffs' immediate commanding officers and military chaplains." *Dockster v. Kendall,* No. 1:22-cv-84, at *18 (March 31, 2022).

2.     *Plaintiffs' Claims are Ripe.*

Many Plaintiffs have already received letters from their employer agencies warning of imminent suspension or termination. First Amended Complaint ¶ 182 (*e.g.,* Kerry Kost was informed he would be terminated if unvaccinated by December 8, 2022,

---

[3] The United States Supreme Court's recent decision addressing *U.S. Navy Seals* did not overrule the relevant portion of that case, but only stayed that portion of the decision that precluded the Navy from considering vaccination status in making deployment, assignment, and other operational decisions.  The Fifth Circuit decision still stands with respect to injunctive relief preventing termination of the military personnel and the reasons behind that decision.  See *Lloyd J. Austin, III, Secretary of Defense, et al. v. U.S. Navy Seals 1-26, et al.*, 595 U.S. _____ (2022).

PLAINTIFFS' REPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 6

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

although he was later granted a temporary accommodation through March 18, 2022). The Government concedes that some Plaintiffs have suffered adverse employment action; moreover, it has not identified any Plaintiff who has not had their right to free exercise infringed. As the *Sambrano* Court held, threats which coerce the Plaintiffs to relinquish their religious rights require immediate judicial intervention. 2022 WL 486610, at *8–9 (5th Cir. Feb. 17, 2022).

Notably, in *Austin v. U.S. Navy SEALs 1–26,* Judge Merryday of the Middle District of Florida found ripe military plaintiffs' "pending requests" to appeal religious accommodation denials. *Austin v. U.S. Navy SEALs 1–26, v. Austin, et al.,* 8:21-cv-2429-SDM-TGW. Judge Merryday, correctly, did not require final agency action. Notably, the United States Supreme Court issued limited stays on EO 14043 injunctions only to the extent that the plaintiffs' vaccination status would impact Naval "deployment, assignment, and other operational decisions;" for other servicemembers, the nationwide injunction remains in place. *Austin v. U.S. Navy SEALs 1–26,* ___ S. Ct. ___, 2022 WL 882559 (Mar. 25, 2022). Here, Defendants contend that "[t]he Hanford Site remains secure regardless of the individual Plaintiffs' continued employment status," ECF No. 41 at 33, and certainly an injunction against terminating Plaintiffs would not reduce the Hanford workforce.

3. *A Potential Jurisdictional Issue Based on the CSRA Does Not Apply.*

EO 14043 was preliminarily enjoined nationwide by a district court which

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

reached the merits, *Feds for Medical Freedom et al v. Biden*, S.D. Tex., No. 3:21-cv-00356, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022); but on April 7, 2022, the Fifth Circuit concluded that the Federal employees in that case were subject to the Civil Service Reform Act ("CSRA"), and so, under the Fifth Circuit's statutory analysis, have no standing until they go through the CSRA administrative review process, and then must bring any claim for review in the Federal Circuit. *Feds for Med. Freedom v. Biden*, No. 22-40043, 2022 WL 1043909, at *7 (5th Cir. Apr. 7, 2022). Although Government Defendants have not raised the CSRA argument to this Court, it is jurisdictional and candor to the Court requires it be addressed. Respectfully, Judge Barksdale's dissent in that appeal is more compelling than the majority opinion. As she noted: "The EO's enactment, however, does not constitute an adverse action subject to CSRA. The case at hand is instead a pre-enforcement challenge to a government-wide policy, imposed by the President…" *Id*. at *17 (J. Hawkins, dissent). Judge Hawkins' dissent is also well reasoned where applying CSRA to pre-enforcement actions defeats the purpose of the act itself. Under the majority's theory, Federal employees must engage in CSRA's remedies, and then, if unsuccessful, *return* through the same process. That multiplies proceedings, it does not streamline them.

Moreover, regardless of how this Court may view that issue, the Fifth Circuit's holding applies only to the six Plaintiffs in this case who are direct employees of the Dept. of Energy, as CSRA applies only to Federal employees. *See Thompson v. Merit*

PLAINTIFFS' REPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 8

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

*Sys. Prot. Bd.,* 421 F.3d 1336, 1338 (Fed. Cir. 2005). Because this Court does have jurisdiction, it should be guided by the reasoning on the merits of the District Court in *Feds for Medical Freedom.*  And, again, the Government concedes that some Plaintiffs have been injured; the case should not be dismissed in full on this basis.

**B. The Federal Defendants' Motion under FRCP 12(b)(6) should be Denied Because the EOs are Unauthorized, Ultra Vires, and Unconstitutional.**

1.    *The FPASA does not authorize EO 14202.*

"As your President, I'm announcing tonight a new plan to require more Americans to be vaccinated, to combat those blocking public health."[4] To achieve his goal of requiring vaccinations and combatting "those who block public health," on September 9, 2021, President Biden promulgated Executive Order 14043, *Executive Order on Requiring Coronavirus Disease 2019 Vaccination for Federal Employees,* and Executive Order 14042, *Executive Order on Ensuring Adequate COVID Safety Protocols for Federal Contractors*, purportedly under the auspices of the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C. § 101 *et seq.*, a statute enacted in 1949 to streamline the management of federal property.

---

[4] Remarks by President Biden on Fighting the COVID-19 Pandemic (Sept. 9, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/.

**PLAINTIFFS' REPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS** - 9

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    The EOs are manifestly not about managing federal property.  They mandate the

2   entire federal and civilian workforce to be vaccinated against COVID-19 or receive an

3   exemption and accommodation from the vaccine.  The limited scope of the FPASA has

4   been a key issue in litigating the EOs. As Judge Merryday stated in *Florida v. Nelson*,

5

6           Because the record in this action presents only a threadbare
            and conclusory rationalization that is incommensurate with
7           the boundless expansiveness of the executive order's
            application, with the invasiveness of the executive order's
8           requirement, and with the intrusion of the executive order into
            a state prerogative with which even Congress likely cannot
9           interfere, I join Judges Van Tatenhove, Baker, and Noce in
            *Kentucky*, *Georgia*, and *Missouri* in concluding that
10          Executive Order 14042 almost certainly exceeds the
            President's authority under FPASA.
11

12

13  *Florida v. Nelson,* --F.Supp.3d--, 2021 WL 6108948, at *27 (M.D. Fla. December 22,

14  2021) (granting Motion for Preliminary Injunction). While the President may enjoy

15  *some* flexibility under FPASA to avoid disruption in procurement, the absence of any

16  basis to think that the EOs will improve the federal or federal contract workforce, or

17  its contracting processes discredits the EOs.  As Judge Merryday concluded, such a

18  complete lack of support "suggests a ruse, a mere contrivance, superficially attempting

19  to justify a sweeping, invasive, and unprecedented public health requirement imposed

20  unilaterally by President Biden" through EO 14042. *Id.* at 28. Indeed, given the

21  overwhelming percentage of vaccinated public employees, the Government cannot

22  articulate how draconian enforcement against the few religious objectors remaining

23

24

25

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

achieves its purported compelling purpose of continuous procurement.[5]

And the United States Supreme Court has repeatedly held that Congress is expected to "speak clearly" when authorizing executive action of "vast economic and political significance." *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2489 (2021) (quotations omitted). Basic separation-of-powers concerns forbid the President to "bring about an enormous and transformative expansion in [his] regulatory authority without clear congressional authorization." *Util. Air Regulatory Grp. v. EPA*, 573 U.S. 302, 324 (2014). But that is just what happened here.

The Federal Defendants' reliance upon 40 USC §§ 101(1) and 121 is misplaced. Section 101 merely states the FPASA's purpose: to "provide . . . an economical and efficient *system*" for "(1) *Procuring and supplying* property and nonpersonal services and performing related functions…" 40 U.S.C. § 101 (emphasis added). "[A]part from [a] clarifying function, a prefatory clause does not limit or expand the scope of the operative clause." *District of Columbia v. Heller*, 554 U.S. 570, 578 (2008); *accord Kentucky*, 23 F.4th at 604. The general statement of legislative intent in Section 101, if it authorizes

---

[5] The White House touted "96.5% compliance" months ago on November 24, 2021. https://www.whitehouse.gov/omb/briefing-room/2021/11/24/update-on-implementation-of-covid-19-vaccination-requirement-for-federal-employees/#:~:text=In%20the%2075%20days%20since,at%20least%20one%20COVID%2D19

PLAINTIFFS' REPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS - 11

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

anything, does not authorize regulation to procure contractors with an economical and efficient workforce—at most, it authorizes regulation to create an efficient and economical "scheme or method" for procuring the contractors. *Kentucky v. Biden*, 23 F.4th 585, 604 (2022) (quoting *Webster's New International Dictionary* 2562 (2d ed. 1959)). The word "system" in this statute clarifies that FPASA authorizes regulation of the operations of the *government* in contracting, rather than regulation of the employees of government contractors. *Id.*

The government finds no better support under 40 U.S.C. § 121, which merely authorizes the President to "prescribe policies and directives that the President considers *necessary* to carry out" FPASA. 40 U.S.C. § 121(a) (emphasis added). "Necessary" is a "word of limitation," generally synonymous with "required," "indispensable," and "essential." *Vorcheimer v. Phila. Owners Assoc.*, 903 F.3d 100, 105 (3d Cir. 2018) (quotations omitted); *accord In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 327 (4th Cir. 2004). Rather than explaining why a vaccine mandate is required, indispensable, or essential to carrying out FPASA, the government offers only a "threadbare and conclusory rationalization," *Nelson*, 2021 WL 6108948 at *11–12, claiming that "The illness and mortality caused by COVID-19 have led to serious disruptions for organizations, employees, and contractors across the United States, and the federal government is no exception." Federal Defendants' Motion to Dismiss at 1.

**PLAINTIFFS' REPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS** - 12

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Even if FPASA authorized the President to impose requirements to the small percentage of remaining dissenters on the internal operations of federal contractor employees in the name of economy and efficiency in procurement of contracts, which it does not, FPASA is not a "blank check for the president to fill in at his will," *American Federation of Labor v. Kahn,* 618 F.2d 784, 793 (D.C. Cir. 1979).  There must be a "demonstrable relationship" between FPASA's purpose of ensuring efficiency in the contracting process and the mandate. *Liberty Mutual v. Friedman*, 639 F.2d 164, 170–71 (4th Cir. 1981). Neither EO 14202 nor any subsequent agency actions "identify any instance in which absenteeism attributable to COVID-19 among contractor employees resulted in delayed procurement or increased costs." *Nelson*, 2021 WL 6108948, at *12.

For these reasons, a sister District Court in this circuit permanently enjoined EO 14042, expressly rejecting the same FPASA-authorization theory proffered by the Federal Defendants here.  As Judge Liburdi explained:

> As long as the federal government could articulate *some* connection—no matter how tenuous—between the enacted policy and the broad goals of achieving economy and efficiency in federal procurement, the policy would be consistent with the statute…But in reality, the President's authority under the Act is not so broad.

*Brnovich v. Biden*, CV-21-01568-PHX-MTL, 2022 WL 252396, at *17 (D. Ariz. Jan. 27, 2022).  Defendant President Biden has not appealed that decision. Similarly, in *Kentucky v. Biden*, --- F.4th ----, 2022 WL 43178, *13 (6th Cir. Jan. 5, 2022), the Sixth

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Circuit denied the federal government's motion for a stay pending appeal of the preliminary injunction of the Contractor Mandate, finding that the Federal Defendants were unlikely to succeed on the merits because the Procurement Act does not confer authority on the President to "impos[e] ... a medical mandate upon the federal-contractor workforce." In so ruling, the Sixth Circuit joined the Eleventh Circuit (*Georgia v. Biden*, 21-14269) in maintaining a District Court's preliminary nationwide injunction on the mandate, also founded on the conclusion that the Procurement Act does not authorize the President "to direct the type of actions by agencies that are contained in EO 14042." *Id.* at 19. In The Contractor Mandate goes "far beyond addressing administrative and management issues in order to promote efficiency and economy in procurement and contracting, and instead, in application, works as a regulation of public health." *Id.* at 20. "EO 14042's directives and resulting impact radiate too far beyond the purposes of the Procurement Act and the authority it grants to the President." *Id.* at 23.

In *Missouri v. Biden*, No.4:21-CV-1300 DDN, --F.Supp.3d--, 2021 WL 5998204 *5 (E.D. Mo. Dec. 22, 2021) the District Court ruled that Plaintiffs were likely to succeed on their Procurement Act claims because, *inter alia*, "if the statement in EO 14,042 establishes a sufficient nexus, then the President would be able to mandate virtually any public health measure that would result in a healthier contractor workforce…. such an interpretation of the President's powers under the [Procurement Act] is not consistent with the structure and purposes of the statute." On the same

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

reasoning, EO 14202 was enjoined: "it strains credulity that Congress intended the FPASA, a procurement statute, to be the basis for promulgating a public health measure such as mandatory vaccination. If a vaccination mandate has a close enough nexus to economy and efficiency in federal procurement, then the statute could be used to enact virtually any measure at the president's whim under the guise of economy and efficiency." *Kentucky v. Biden*, 2021 WL 5587446, at *6–7. Indeed, where more children die from drowning than COVID, should employees be terminated if they fail to provide swim lessons? The same is true for automobile accidents, is a seatbelt ticket appropriate grounds for termination? An unhealthy diet or lack of exercise?

And, in *Feds for Medical Freedom et al v. Biden*, S.D. Tex., No. 3:21-cv-00356, Judge Brown specifically ordered the government is "enjoined from implementing or enforcing Executive Order 14043 until this case is resolved on the merits." In that case, the Court found a likelihood of success that vaccination is not workplace conduct, relying upon the recent Supreme Court decision *Nat'l Fed'n Indep. Bus. v. OSHA*, 595 U.S. ——, 142 S.Ct. 661, —— L.Ed.2d —— (2022). Feds at *5. "[T]he Supreme Court has expressly held that a COVID-19 vaccine mandate is not an employment regulation. And that means the President was without statutory authority to issue the federal-worker mandate. *Feds* at *6. That Court also rejected the Federal Defendants' bare assertion that the President can so regulate under Art. II of the Constitution. *Id.*

The Federal Defendants are of course aware of this authority; in addition, seeking

PLAINTIFFS' REPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS - 15

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1   to preserve party and judicial resources, Plaintiffs have brought these cases to the

2   attention of the Contractor Defendants and offered, on multiple occasions, to stipulate

3   to a stay of these proceedings while those cases are on appeal if the Contractor

4   Defendants will agree to not take adverse employment action against Plaintiffs

5   meanwhile. The Contractor Defendants have refused. Their refusal further demonstrates

6   that Plaintiffs have standing – they are still threatened with imminent adverse

7   employment action despite the nation-wide injunctions.

8       2.    *The EOs are unlawfully promulgated due to failure to publish.*

9   When the President issued the EOs, he failed to ensure that proper notice and

10  comment channels were used and violated the sixty-day publication requirement for

11  procurement polices under 41 U.S.C. § 1707(a)(1). When a "procurement policy,

12  regulation, procedure, or form" relates to the "expenditure of appropriated funds" and

13  either has "a significant effect beyond the internal operating procedures of" the issuing

14  agency or "a significant cost or administrative impact on contractors or offerors," it

15  must go through the sixty-day notice and comment period. 41 U.S.C. § 1707(a)–(b).

16  Nor does the "urgent and compelling circumstances" exception under § 1707(d) apply.

17  The government first tried to publish the EOs on September 28, 2021 but failed to

18  complete notice and comment expeditiously. *See* 86 Fed. Reg. at 53961. The

19  government then republished on November 16, 202, restarting the sixty-day notice and

20  comment period. 86 Fed. Reg, 64418-25. Delay caused by the government's own

PLAINTIFFS' REPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 16

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    mistakes cannot create the circumstances justifying good cause. *See Nat. Res. Def.*

2    *Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 114 (2d Cir. 2018).

3        3.    *The Contractor Mandate (EO 14202) violates the Tenth Amendment.*

4        As held in *Louisiana v. Biden,* No. 21-cv-3867, 2021 WL 5986815, at *7 (W.D.

5    La. Dec. 16, 2021), there is a "palpable conflict" between the Contractor Mandate and

6    the Tenth Amendment. The Tenth Amendment reserves to the States powers not

7    delegated to the United States by the Constitution. Congress cannot invoke the

8    Commerce Clause to compel vaccination because "[a] person's choice to remain

9    unvaccinated and forgo regular testing is noneconomic inactivity. . . . The Commerce

10    Clause power may be expansive, but it does not grant Congress the power to regulate

11    noneconomic inactivity traditionally with the States' police power." *BST Holdings,*

12    *L.L.C. v. Occupational Safety & Health Admin.*, 17 F.4th 604, 617 (5th Cir. 2021);

13    *United States v. Lopez*, 514 U.S. 549, 584 (Thomas, J., concurring) ("[W]e always have

14    rejected readings of the Commerce Clause . . . that would permit Congress to exercise

15    a police power.") Because vaccination requirements are matters traditionally reserved

16    to the States, President Biden's EOs violate the Tenth Amendment.

17        4.    *The EOs offend separation of powers.*

18        Were FPASA read as broadly as the Federal Defendants urge, it would contain

19    no limiting principle and thus would violate the nondelegation doctrine. When Congress

20    vests decision-making authority in an agency, "Congress must 'lay down by legislative

**PLAINTIFFS' REPONSE TO FEDERAL**
**DEFENDANTS' MOTION TO DISMISS** - 17

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1   act an intelligible principle to which the person or body authorized to [act] is directed

2   to conform.'" *Whitman*, 531 U.S. at 472.

3       5.    *The EOs are arbitrary and capricious under the APA.*

4

5       The Sixth Circuit Court of Appeals held that EO 14202 gave rise to claims under

6   5 U.S.C. § 702. *Kentucky v. Biden*, --- F.4th ----, 2022 WL 43178 *11 (6th Cir. Jan. 5,

7   2022), (denying motion for a stay of preliminary injunction of EO 14202). A court must

8   "hold unlawful and set aside agency action" that is "arbitrary [or] capricious." 5 U.S.C.

9   § 706(2)(A). This standard "requires that agency action be reasonable and reasonably

10  explained." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021); *and see*

11  *Sackett v. E.P.A.,* 566 U.S. 120, 130 (2012) ("The APA's presumption of judicial review

12

13  is a repudiation of the principle that efficiency of regulation conquers all."). The EOs

14  are final agency action subject to APA review, because (1) they "mark the

15  consummation of the agency's decision-making process" and (2) have "legal

16

17  consequences" and determine "rights and obligations." *Louisiana v. Biden*, 543 F. Supp.

18  3d 388, 408 (W.D. La. 2021) (citing *U.S. Army Corps of Engineers v. Hawkes Co.*, 136

19  S. Ct. 1807, 18132016)). Plaintiffs lack any adequate alternative remedy to challenge

20  this final agency action because alternatives to judicial review would impose

21

22  "prohibitive costs, risk, and delay." *Hawkes Co. v. U.S. Army Corps of Engineers*, 782

23  F.3d 994, 1001 (8th Cir. 2015).

24

25

PLAINTIFFS' REPONSE TO FEDERAL
DEFENDANTS' MOTION TO DISMISS - 18

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    6.    *The EOs violate Plaintiffs' Free Exercise rights under RFRA.*

2    The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*, "was

3    designed to provide very broad protection for religious liberty." *Hobby Lobby*, 573 U.S.

4    682, 706 (2014). As noted by Judge Steve Merryday in his order Granting Preliminary

5    Injunction: "Specifically, *Hobby Lobby* confirms that 'RFRA did more than merely re-

6    store the balancing test used in the *Sherbert* line of cases; it provided even broader

7    protection for religious liberty than was available under those decisions.'" *Austin v. U.S.*

8    *Navy SEALs 1–26, citing: Hobby Lobby*, at 695 n.3; *Holt v. Hobbs*, 574 U.S. 352, 859–

9    60 (2015) (finding that RFRA "provide[s] greater protection for religious exercise than

10   is available under the First Amendment.") "Government shall not substantially burden

11   a person's exercise of religion even [by] a rule of general applicability," unless the

12   Government "demonstrates that application of the burden to the person (1) is in

13   furtherance of a compelling governmental interest; and (2) is the least restrictive means

14   of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a), (b).

15   Because RFRA "provides greater religious protections than the First Amendment, any

16   claim under this Act also favors judicial review." *Navy SEALs 1–26*, --F. Supp. 3d---,

17   2022 WL 34443, at \*7. The burden of proof is on the Government. And the Government

18   cannot bear its burden to show that the temporary accommodations afforded some

19   Plaintiffs could simply be made permanent.

20   The Executive Orders cannot survive this statutory strict scrutiny. "And, how

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

could they? Very few scenarios paint a bleaker picture than giving up your livelihood in order to follow your religious beliefs." *Air Force Officer v. Austin,* No. 5:22-CV-00009-TES, 2022 WL 468799, at *9 (M.D. Ga. Feb. 15, 2022). The government burdens religion when it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Rev. Bd. Of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981); *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). Under the motion to dismiss standard, the Federal Government cannot meet its burden, where natural immunity has been disregarded and, given the inefficacy of the vaccines against current variants, masking and testing may be at least as effective and less restrictive than a vaccine that cannot be taken off at the end of the workday like a mask.

7.    *The EO Offend Equal Protection*

The Equal Protection Clause prohibits the government from drawing "arbitrary distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objection." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 446, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Arbitrary lines have been drawn between those with natural immunity with religious objections and those who are vaccinated. And, based on the latest science, those with natural immunity may be better protected. Strict scrutiny applies when those lines are drawn against a suspect class *or* when a fundamental right is at stake and is the codified test under RFRA.

8.    *Plaintiffs' Bivens claims are properly pled.*

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    Plaintiffs agree that 42 USC 1983 does not allow claims against the Government

2   itself, but Plaintiffs properly pled claims against the Federal Defendants in their

3
    personal capacities for their official acts. *Bivens v. Six Unknown Named Agents of*
4
    *Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The President has absolute
5
6   immunity from *Bivens* liability, but Mrs. Granholm and Mr. Vance do not.

7                          **IV.    CONCLUSION**

8
        For the reasons set forth above, Plaintiffs respectfully request that this Court
9
10  DENY Federal Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint

11  and allow this case to proceed to the same merits decided in Arizona and elsewhere.

12
        **DATED** this 8th day of April 2022.
13

14                          **ARNOLD & JACOBOWITZ PLLC**

15                          /s/ Nathan J. Arnold
                            Nathan J. Arnold, WSBA No. 45356
16                          2701 First Ave., Ste. 200
                            Seattle, WA 98121
17                          (206) 799-4221
18                          Nathan@CAJLawyers.com

19                          **SILENT MAJORITY FOUNDATION**

20                          /s/ Simon P. Serrano
21                          Simon Peter Serrano, WSBA No. 54769
                            Silent Majority Foundation
22                          5426 N. Rd. 68, Ste. D, Box 105
                            Pasco, WA 99301
23                          (530)906-9666
24                          pete@silentmajorityfoundation.org
                            *Counsel for Plaintiff*
25

1
2

# CERTIFICATE OF SERVICE

3

4

5

        I hereby certify that on April 8, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court District of Washington by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

6

7

        I further certify that some of the participants in the case are not CM/ECF users. I have I served a copy of the foregoing upon all Defendants via legal messenger.

8

        DATED this 8th day of April 2021.

9

10

        /s/ Nathan J. Arnold
        Nathan J. Arnold, WSBA No. 45356

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)