Vanessa R. Waldref
United States Attorney
Eastern District of Washington
John T. Drake
Molly M.S. Smith
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID G. DONOVAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States of America, JENNIFER GRANHOLM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF ENERGY, BRIAN VANCE in his official capacity as Manager of the UNITED STATES DEPARTMENT OF ENERGY Hanford Site, <br><br> Defendants. | No. 4:21-cv-05148-TOR <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Plaintiffs have not meaningfully addressed the persistent procedural

deficiencies in their Second Amended Complaint (SAC).  The Court should exercise

its discretion to dismiss the SAC with prejudice.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## A.  Update on Other COVID-19 Vaccine Litigation

Several of Plaintiffs' assertions regarding developments in other COVID-19 vaccine cases warrant an update to this Court.  First, contrary to Plaintiffs' assertions, the federal defendants in *Brnovich v. Biden* have in fact appealed the permanent injunction against enforcement of the Contractor Order, EO 14042, previously entered in the District of Arizona.  *Brnovich v. Biden*, No. 2:21-cv-1568-MTL, ECF No. 179 (D. Ariz. Apr. 8, 2022) (notice of appeal), *appeal docketed*, No. 22-15518 (9th Cir. Apr. 11, 2022).  To the extent Plaintiffs imply that Federal Defendants here have waived or otherwise abandoned arguments based on appellate activity in another case in this circuit, Plaintiffs' arguments are unpersuasive and factually incorrect.

Second, as Plaintiffs correctly note, the Fifth Circuit recently ordered the preliminary injunction which had enjoined enforcement of the Employee Order on a nationwide basis be vacated.[1]  *Feds for Medical Freedom v. Biden*, --- F.4th ---, 2022 WL 1043909, at *1 (5th Cir. Apr. 7, 2022).  The Fifth Circuit concluded that the district court lacked subject-matter jurisdiction to consider those federal employees' challenges to the Employee Order because their claims were subject to the Civil Service Reform Act of 1978 (CSRA), which requires that review of certain federal employment claims be adjudicated exclusively through the Merit Systems Protection

---

[1] The injunction remains in effect while issuance of the Fifth Circuit's mandate is pending.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 2

Board (MSPB) and the Federal Circuit.  *Id.* at \*2–\*6; *see also Rydie v. Biden*, No. 21-2359, 2022 WL 1153249, at \*3–\*8 (4th Cir. Apr. 19, 2022) (unpublished) (holding the same).  Although Federal Defendants have not previously raised a CSRA argument in these proceedings, the Fifth Circuit's reasoning is persuasive and compelling.  And importantly, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("[C]hallenges to subject-matter jurisdiction may be raised by the defendant at any point in the litigation, and courts must consider them *sua sponte*." (internal quotation marks and citation omitted)).  *Feds for Medical Freedom* thus provides an additional compelling reason to dismiss the Federal Employee Plaintiffs' claims here for lack of jurisdiction.

Finally, Plaintiffs make several references to the Supreme Court's recent grant of a partial stay of a Fifth Circuit decision in *Austin v. U.S. Navy Seals 1-26*, 595 U.S. ___, 142 S. Ct. 1301 (2022).  *Navy Seals* concerns a Department of Defense directive requiring COVID-19 vaccination for military personnel, which is different from the two Executive Orders being challenged in this case.  *See U.S. Navy Seals v. Biden*, 27 F.4th 336, 339–40 (5th Cir. 2022).  Accordingly, any application that *Navy Seals* has here is by analogy only.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.  The Vast Majority of Plaintiffs Lack Standing

Plaintiffs' response seeks to avoid addressing their constitutional standing problems by conflating them with the concept of administrative exhaustion.  That some Plaintiffs "have begun the EEOC complaint process," ECF No. 81 at 4, is nonresponsive to their standing issues for two reasons:  First, Plaintiffs' exhaustion of EEO remedies is irrelevant because Plaintiffs no longer assert Title VII claims in the SAC.  ECF No. 74.  Second, even if they were asserting Title VII claims, exhaustion of EEO administrative remedies is a statutory requirement, not a satisfaction of Article III's constitutional standing requirements.  *See* 42 U.S.C. § 2000e-5 (Title VII enforcement provisions).  For similar reasons, Plaintiffs' arguments about RFRA exhaustion are not compelling.  Regardless of what procedural exhaustion requirements must be met to assert certain statutory claims, Plaintiffs lack *constitutional* standing to sue.  As previously argued, nearly all of the 314 Plaintiffs in this case have claims that are either unripe, lack a sufficient constitutional injury, arise from self-inflicted injuries, or are insufficiently pled to establish standing.[2]  ECF No. 79 at 8–16.

---

[2] Plaintiffs also mischaracterize Federal Defendants' motion as admitting that seven PNNL employees have been terminated or placed on indefinite leave without pay.  ECF No. 81 at 3.  This is not a correct characterization of Federal Defendants'

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs attempt to flip the procedural burden by arguing that it is Federal Defendants who have not affirmatively identified to the Court those Plaintiffs who have not suffered a constitutional injury to their religious liberty.  ECF No. 81 at 7. Aside from disregarding Federal Defendants' extensive briefing of Plaintiffs' standing deficiencies identified by individual paragraph number in the SAC, Plaintiffs misstate the burden of proof:  it is *Plaintiffs* who bear the burden of pleading facts to establish standing.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013).  Plaintiffs have alleged that they face an injury in the form of "imminent and wrongful termination" from their employment with the federal government or a federal contractor based on their refusal to receive the COVID-19 vaccine.  ECF No. 74 at ¶ 8.  But the policies they challenge provide exemptions to this requirement. Plaintiffs' failure to plead facts that indicate they have standing to challenge this policy despite the availability of exemptions is fatal to their SAC, regardless of other statutory exhaustion requirements.

argument, which accepts Plaintiffs' factual allegations as true for the purposes of the present motion, nor is it a correct recitation of the specific allegations Federal Defendants cited from Plaintiffs' SAC.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 5

1
2

### C.  The Court Should Not Reach Plaintiffs' Merits Arguments in Light of Their Procedural Deficiencies

3

4

Plaintiffs reassert their substantive arguments in support of the merits of their

5

legal challenges to the two Executive Orders.  ECF No. 81 at 9–21.  But Plaintiffs are

6

once again putting the cart before the horse.  Plaintiffs have not addressed the

7

significant procedural flaws in their SAC, namely that they have not asserted their

8

9

claims via cognizable causes of action, that they have named improper defendants for

10

their claims, and that they have failed to plead sufficient facts to support the

11

individualized claims being raised by 314 unique Plaintiffs.  *See* ECF No. 79 at 16–

12

13

29.  Plaintiffs are, in many instances, asking for Federal Defendants to defend against,

14

and the Court to ultimately enter judgment on, causes of action that do not exist.  And,

15

even where Plaintiffs have identified cognizable causes of action, they have named

16

17

legally improper defendants for those claims and fail to plead specific, non-conclusory

18

factual allegations in support of those claims.  The Court need not consider Plaintiffs'

19

substantive arguments in light of these fundamental procedural defects.

20

### D.  Plaintiffs' Response Demonstrates They Should Not Be Granted Leave to Amend

21

22

Plaintiffs should not be afforded another opportunity to amend.  Plaintiffs are

23

24

apparently determined to obtain a judicial decision on their policy grievances, but they

25

have repeatedly failed to conform their pleadings to the basic requirements of the

26

Federal Rules of Civil Procedure and Article III's justiciability requirements.  Despite

27

28

multiple rounds of briefing now, in which Federal Defendants have repeatedly raised

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT - 6

1  the same procedural arguments, as well as the Court's identification of several

2  procedural defects during the TRO stage of the case, Plaintiffs continually fail to offer

3

4  meaningful responses to these procedural deficiencies.  Although leave to amend a

5  complaint generally should be freely given, here, a Third Amended Complaint would

6  be futile considering Plaintiffs' ongoing failure to comply with even simple

7

8  procedural and jurisdictional requirements.  The Court should dismiss the SAC with

9  prejudice.

10
        DATED this 21st day of April, 2022.
11

12                                          Vanessa R. Waldref
                                            United States Attorney
13

14                                          *s/ Molly M.S. Smith*
                                            John T. Drake
15                                          Molly M.S. Smith
                                            Assistant United States Attorneys
16                                          Attorneys for Federal Defendants

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 7

1

2

3

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

5

6

7

8

9

10

11

12

13

14

| NAME & ADDRESS | Method of Delivery |
| --- | --- |
| Nathan J. Arnold, WSBA No. 45356<br>Arnold & Jacobowitz PLLC<br>2701 First Avenue, Suite 200<br>Seattle, WA 98121<br>nathan@CAJlawyers.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |
| Simon Peter Serrano, WSBA No. 54769<br>Silent Majority Foundation<br>5426 N. Rd. 68, Ste. D, Box 105<br>Pasco, WA 99301<br>pete@silentmajorityfoundation.org | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

15

16

*s/Molly M.S. Smith*
Molly M.S. Smith, AUSA

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED
COMPLAINT - 8