UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID G. DONOVAN et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States of America, JENNIFER GRANHOLM, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF ENERGY, BRIAN VANCE in his official capacity as Manager of the UNITED STATES DEPARTMENT OF ENERGY Hanford Site,<br><br>    Defendants. | NO. 4:21-CV-5148-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 79). This matter was submitted for consideration with telephonic oral argument on May 11, 2022. Nathan J. Arnold and Simon Peter Serrano appeared on behalf of Plaintiffs. Molly M.S. Smith and John T. Drake appeared on behalf of Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

The Court has reviewed the record and files herein, considered the parties' oral arguments, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 79) is **GRANTED**.

## BACKGROUND

This matter relates to President Biden's Executive Orders issued on September 9, 2021. A detailed factual background is discussed in the Court's Order Denying Temporary Restraining Order. ECF No. 58.

On March 4, 2022, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 74. Plaintiffs voluntarily dismissed all claims asserted against Contractor Defendants McCain, Sax, Wilkinson, Hardy, Whitmer, Ashby, and Eschenberg, as well as their claims for violation of the Americans with Disabilities Act, wrongful termination under Title VII and the Washington Law Against Discrimination, breach of contract, intentional or negligent infliction of emotional distress, and a freestanding claim under 42 U.S.C. § 1983. *Compare* ECF No. 60 *with* ECF No. 74. The remaining Federal Defendants Biden, Granholm, and Vance ("Defendants") filed the present Motion to Dismiss on March 18, 2022, arguing the SAC continues to suffer from the same procedural and jurisdictional flaws as prior pleadings, and that Plaintiffs have failed to state claims upon which relief may be granted. ECF No. 79.

//

# DISCUSSION

## I. Legal Standard

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

//

### A. Claims Asserted Against Defendants Vance and Granholm

As an initial matter, Plaintiffs continue to name Defendants Vance and Granholm in the SAC but fail to allege any facts indicating how either of these individuals could be held liable for the Executive Orders. ECF No. 74 at 4, ¶¶ 13–14. The causes of action challenge either the Executive Orders themselves or President Biden's authority to issue the Orders. Aside from a single sentence, Plaintiffs do not plead any facts related to Defendants Vance and Granholm or actions they specifically undertook to violate Plaintiffs' asserted rights. *Id.* at 71–72 at ¶ 347. Plaintiffs' allegations are insufficient to survive a motion to dismiss. Accordingly, all claims asserted against Defendants Vance and Granholm are dismissed.

### B. Standing

Defendants seek dismissal of 307 of the 314 Plaintiffs on the grounds that they lack standing. ECF No. 79 at 9. To establish standing in federal court, a plaintiff must demonstrate three elements: (1) plaintiff must have suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) there must be a causal connection between the injury and the challenged conduct that is fairly traceable to the defendant's actions; and (3) it must be "likely" as opposed to "speculative" that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Additionally, courts will

consider "whether the alleged injury is more than a mere generalized grievance, whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim falls within the zone of interests to be protected or regulated by the constitutional guarantee in question." *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010) (internal quotations and citation omitted). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561.

The vast majority of Plaintiffs fail to establish they meet the standing requirements to maintain this action. First, the vaccine requirements of the Executive Orders allow for religious and medical exemptions as required by law. Plaintiffs cannot "manufacture" their own standing by failing to pursue these exemptions. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). As such, those Plaintiffs who have not yet applied for a vaccination exemption cannot establish a causal connection between an alleged harm and Defendants' conduct. *See, e.g.*, ECF No. 74 at 12, ¶ 46; at 41, ¶ 173; at 49, ¶ 223. Plaintiffs who fail to identify their employer also cannot establish a causal connection between a harm and Defendants' action because it is not clear whose actions these Plaintiffs are challenging. *See, e.g.*, *id*. at 36, ¶ 146; at 38, ¶ 159.

Next, Plaintiffs who have been vaccinated or provided accommodations cannot allege any actual or imminent harm because they are in compliance with the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

vaccine requirements and do not face any potential adverse employment actions due to a failure to comply with the Executive Orders. *See, e.g.*, *id.* at 6–7, ¶¶ 21–23; at 8, ¶ 31; at 9, ¶ 34. Similarly, those who have failed to provide information regarding their exemption status or precise vaccination status fail to establish they face actual or imminent harm. *See, e.g., id.* at 8, ¶ 32; at 25–26, ¶¶ 99–101; at 27, ¶ 109; at 28, ¶ 114; at 29, ¶ 121; at 32, ¶ 130. Without knowing whether these Plaintiffs are in compliance with the vaccination or exemption requirements, it is impossible to know whether they could face an adverse employment action.

Finally, Plaintiffs who have not yet completed the exemption request process do not have claims that are presently ripe for adjudication. *See, e.g.*, *id.* at 42, ¶ 181; at 46, ¶ 207; at 47, ¶ 209; at 49, ¶ 228. As the Court discussed in its Order Denying Temporary Restraining Order, the constitutional component of the ripeness doctrine requires a definite and concrete harm. ECF No. 58 at 11. Because it is not yet clear whether these Plaintiffs will face any adverse employment action, it is impossible for the Court to assess Defendants' liability.

For these reasons, the majority of Plaintiffs have failed to state a claim upon which relief may be granted. With the exception of the seven Plaintiffs identified in Defendants' Motion to Dismiss (ECF No. 79 at 9), the remaining 307 Plaintiffs are dismissed.

//

### C. Procurement Act

Defendants move for dismissal of Plaintiffs' claim for violation of the Procurement Act on the grounds that they lack a privately enforceable cause of action. ECF No. 79 at 16. The issue as to whether the Executive Order 14042, which applies to federal contractors, complies with the Procurement Act is unsettled among district courts and courts of appeal. Currently, Executive Order 14042 is under a nation-wide injunction, pending review by the 11th Circuit. *Georgia v. Biden*, --- F. Supp. 3d ---, 2021 WL 5779939 (D. Ga.), *appeal docketed*, No. 21-14269 (11th Cir. December 10, 2021). However, the Ninth Circuit has not addressed the issue, and therefore, there is no binding authority directly on point. Therefore, the Court maintains the Executive Order 14042 satisfies the requirements of the Procurement Act, as discussed in the Court's Order Denying Temporary Restraining Oder. ECF No. 58 at 15–16. Further, Plaintiffs have failed to advance any new factual allegations or arguments to support their claim beyond their reliance on nonbinding authority. ECF Nos. 74 at 76–79, ¶¶ 369–383; 81 at 9–16. Thus, Plaintiffs fail to state a claim for violation of the Procurement Act.

### D. Office of Federal Procurement Policy Act

Defendants move for dismissal of Plaintiffs' claim for violation of the Office of Federal Procurement Policy Act ("OFPPA") on the grounds that Plaintiffs fail to identify a source of authority for their asserted private cause of action and because

the OFPPA does not apply to President Biden. ECF No. 79 at 23–24. Plaintiffs cite to 17 U.S.C. § 1707(a) for the proposition that the Executive Orders fail to comply with the statute's publication requirements. ECF No. 74 at 79–80, ¶¶ 384–393. However, as Defendants note, the notice and publication requirements do not apply to the President; they apply only to executive agencies. 17 U.S.C. § 133. Plaintiffs do not respond to Defendants' argument that the statute is inapplicable, and the Court is unaware of any other source of authority that would allow Plaintiffs to bring a claim under the cited statute. Therefore, Plaintiffs have failed to state a claim for a violation of the OFPPA.

E.  **Structural Constitutional Allegations**

Defendants seek dismissal of the claims asserted in Causes of Action 6–9 and 13, which appear to allege a variety of constitutional violations. ECF No. 79 at 24–25. However, a closer examination of the claims reveals only broad recitations of various constitutional principles muddled with repetitive allegations that the Executive Orders were promulgated in excess of President Biden's authority. ECF No. 74 at 81–86, ¶¶ 394–426; at 92–94, ¶¶ 455–457.

The purpose of the "short, plain statement" pleading standard is to put defendants on notice of the claims alleged against them and the grounds upon which those claims rest. *Twombly*, 550 U.S. at 555. Defendants describe Plaintiffs' claims as "incomprehensible," and understandably so. ECF No. 79 at

25. The Court is equally unable to ascertain the claims Plaintiffs are attempting to assert against Defendants and finds it would be unreasonable to attempt to draw any inferences from Plaintiffs' pleadings given the multitude of constitutional principles and sparse factual allegations. Accordingly, the Court finds Plaintiffs' Causes of Action 6–9 and 13 fail to state claims upon which relief may be granted.

### F.  Administrative Procedure Act

Defendants seek dismissal of Plaintiffs' claims for violations of the Administrative Procedure Act alleged in Causes of Action 10–12, arguing they are not asserted against a proper defendant. ECF No. 79 at 25. While agency directors, such as Defendant Granholm, may be proper defendants for agency actions that violate the Administrative Procedure Act, the challenged Executive Orders were issued by the President, and he is not subject to the requirements of the Administrative Procedure Act. *Franklin v. Massachusetts*, 505 U.S. 788, 800 (1992). Accordingly, Plaintiffs' claims for violations of the Administrative Procedure Act fail as a matter of law.

### G.  Equal Protection

Defendants move to dismiss Plaintiffs' claim for violations of the Equal Protection Clause alleged in Cause of Action 2 because Plaintiffs have failed to state a claim upon which relief may be granted. ECF No. 79 at 26. Plaintiffs allege "some DOE Hanford contractors" enjoy natural COVID-19 immunity and

that they are entitled to "equal protection under the law." ECF No. 74 at 74, ¶¶ 357–363. First, it is unclear to which Plaintiffs this claim applies. Second, Plaintiffs do not allege they belong to a recognized suspect or quasi-suspect class, nor do they identify with any specificity how they were treated differently than others who are similarly situated. Thus, Plaintiffs have failed to state an Equal Protection claim upon which relief may be granted.

### H. Substantive Due Process

Defendants seeks dismissal of Plaintiffs' substantive due process claims alleged in Causes of Action 1 and 2. ECF No. 79 at 27. Plaintiffs appear to allege they have a protected liberty interest in their "religious practice" and "bodily integrity." ECF No. 74 at 75, ¶¶ 365–66. Aside from a broad statement that Plaintiffs' rights and "sincere beliefs and medical concerns" have been "challenged and disparaged" by Defendants, Plaintiffs do not allege what actions Defendants have taken to violate these alleged rights. The Executive Orders do not force anyone to receive a vaccine; they merely create employment requirements for certain federal employees and contractors. Thus, Plaintiffs' substantive due process claims are without merit. Plaintiffs' § 1983 claim is also without merit because they have not established any constitutional violations. Plaintiffs have failed to state substantive due process claims in Causes of Action 1 and 2 upon which relief may be granted.

**I.    Free Exercise; Religious Freedom Restoration Act**

Defendants seek dismissal of Plaintiffs' claims for violations of the Free Exercise Clause and Religious Freedom Restoration Act ("RFRA") on the grounds that they are unripe and insufficiently pleaded. ECF No. 79 at 28. With regard to Plaintiffs' Free Exercise claim, it is unclear whether they are asserting a facial or as-applied challenge to the Executive Orders. In any event, this Court has consistently held the Executive Orders are facially neutral and generally applicable. *See* ECF No. 58 at 17–18. Plaintiffs have failed to allege any facts indicating their sincerely held religious beliefs have been adversely affected by the Executive Orders. Consequently, Plaintiffs have failed to state a claim for a Free Exercise claim.

To assert a claim for violation of the RFRA, Plaintiffs must establish a prima facie case by presenting evidence that the activities they claim are burdened by Defendants' action are an exercise of religion, and that Defendants' action substantially burdened their exercise of religion. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008). Plaintiffs' allegations do not identify the religious activities they were engaged in, or how those activities were substantially burdened by the Executive Orders.

Moreover, the Executive Orders permit exemptions for sincerely held religious beliefs. Even those Plaintiffs who submitted exemption requests but were

denied have failed to allege sufficient facts to establish an RFRA prima facie case; each of these Plaintiffs merely allege they applied for a religious exemption but were denied. ECF No. 74 at 15, ¶ 53; at 17, ¶ 65; at 18, ¶ 67; at 21, ¶ 78; at 32, ¶ 130; at 53–54, ¶ 251. Such allegations are akin to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 662. Plaintiffs have failed to state a cognizable claim for violations of the RFRA.

### J. Amendment

Although Plaintiffs do not explicitly seek leave to amend, Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a). In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, Plaintiffs have now amended their Complaint twice. Prior to filing each Amended Complaint, Plaintiffs had before them the Court's Order Denying Temporary Restraining Order and two motions to dismiss filed by the Contractor

and Federal Defendants. ECF Nos. 58, 68, 69. Neither Amended Complaint adequately addressed all of the factual and procedural deficiencies outlined in the Court's Order and Defendants' motions.

Plaintiffs commenced this action in November 2021 and have had ample time and opportunity to meet the minimum pleading requirements. At this juncture, Plaintiffs' continued failures to address the shortcomings in their various pleadings demonstrates a third opportunity to amend would be futile.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The operative Second Amended Complaint is accepted as filed and appears at ECF No. 74.

2. Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 79) is **GRANTED**.

3. All claims asserted against Defendants Biden, Granholm, and Vance are **DISMISSED with prejudice**.

4. Plaintiffs' voluntary dismissal of claims for violation of the Americans with Disabilities Act, wrongful termination under Title VII and the Washington Law Against Discrimination, breach of contract, intentional or negligent infliction of emotional distress, and a freestanding claim under 42 U.S.C. § 1983 is **GRANTED**.

5. Plaintiffs' voluntary dismissal of the claims asserted against Contractor Defendants McCain, Sax, Wilkinson, Hardy, Whitmer, Ashby, and Eschenberg is **GRANTED.**

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and close the file.

DATED May 12, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 15